# EXHIBIT B

| | |
|---|---|
| From: | Mead, Lowell |
| Sent: | Tuesday, January 19, 2021 5:05 PM |
| To: | Ashley N. Moore; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com; 'Yen, Bruce' |
| Cc: | PARC_Facebook; z/FB-PARC |
| Subject: | RE: PARC v. Facebook 2:20-cv-10753 (CDCA) |

Ashley,

Thanks for meeting and conferring with the defendants today. On behalf of the defendants, this is to memorialize our call. If you have any different understanding or recollection, or any clarification to add, please let us know. We understand from the call that you would be inclined to agree to a reasonable extension as the parties work through the issues we've raised; please let us know if PARC is amenable to a further extension of 30 days for each defendant to respond to each complaint in view of the issues under discussion.

Regarding section 101 issues, PARC confirmed that it performed a Rule 11 analysis regarding section 101 prior to filing suit and believes there is support for a position that the asserted patents are patent-eligible in view of case law such as *DDR Holdings* and *Enfish*. PARC stated generally as follows for each asserted patent.

'871, '439, '599, and '584 patents: PARC stated its view that each patent solves an Internet-specific problem with an Internet-specific solution. For the '439 patent, PARC stated that the context graph is a computer-based data repository. For the '599 patent, PARC noted that the Examiner had addressed section 101 during prosecution. For the '584 patent, PARC stated that "timeline clutter" is a problem that is solved.

'190, '781, and '475 patents: PARC stated its view that each patent solves a computer-specific problem with a computer-specific solution. For the '781 patent, PARC stated that the patent relates to a computer-specific problem regarding finding previously unviewed content.

'362 patent: PARC stated its view that the claimed invention improves the computer itself and that tagging electronic data is a computer-specific problem with a computer-specific solution.

With respect to any alleged inventive concept at step 2 of the *Alice* inquiry, PARC asserted that in its view at least the '439, '190, '584, and '475 patents include inventive concepts, and indicated that it would follow up regarding the other patents. For the '439 patent, PARC stated that the context graph is inventive. For the '190 patent, PARC said that the content tags and how they are used constitutes an inventive concept. For the '475 patent, PARC said that k-means and wavefront clustering constitutes an inventive concept; more specifically, PARC said that it is still investigating whether it invented k-means and wavefront clustering, and that it believes that the way that k-means and wavefront clustering are used to cluster multi-modal and proximal information is inventive.

PARC stated that it presently does not intend to amend its complaint prior to a decision by the Court on a Rule 12 motion.

With respect to claim construction, PARC stated that it would consider whether there are any claim terms and proposed claim constructions that it believes would affect the section 101 inquiry or a rule 12 motion.

1

The defendants asked for more detailed information regarding the specific problems and solutions that PARC contends are patent-eligible, as well as any inventive concepts that PARC believes are recited in the asserted claims, to enable a fulsome meet and confer on these issues consistent with the Court's guidance and to avoid any unnecessary rounds of motion briefing if PARC intends to amend its complaint in support of its position on validity under section 101.  PARC indicated that it would take under consideration this request.

The defendants asked whether PARC planned to rely upon any dependent claims with respect to section 101.  PARC indicated that it would consider this issue.

With respect to allegations of willfulness and indirect infringement, PARC indicated that it would consider its position as to whether it has basis at this time to amend its complaint to specifically address post-suit willfulness and indirect infringement.

The defendants requested that PARC set forth in written correspondence its detailed positions on all of these points, so that there is a clear statement of record by PARC that the Court and defendants can rely upon in order to best narrow and define the issues in dispute consistent with the Court's standing orders.

PARC indicated that it would consult further with its client on the issues under discussion by the end of this week, with the timing affected by other pressing intervening work this week.  In view of the timing, PARC indicated that it would consider a request by defendants for a further extension of time to respond to the respective complaints so that the parties can fully confer and narrow the issues in dispute prior to bringing any motions.

Best,

Lowell

**Lowell D. Mead**
Cooley LLP
Mobile: (650) 520-0788
Office direct: (650) 843-5734

---

**From:** Mead, Lowell <lmead@cooley.com>
**Sent:** Monday, January 18, 2021 2:29 PM
**To:** Ashley N. Moore <amoore@McKoolSmith.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; bruceyen@pauhastings.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Ashley,

Thanks.  Counsel for Facebook, Twitter, and Snap are all available at 1pm CT on Tuesday, so all parties can join the same call.  We can use the following dial-in.  I will also circulate a calendar invite.

+16699006833,91573054990#

Best,

Lowell

**Lowell D. Mead**
Cooley LLP
Mobile: (650) 520-0788

Office direct: (650) 843-5734

---

**From:** Ashley N. Moore <amoore@McKoolSmith.com>
**Sent:** Monday, January 18, 2021 10:01 AM
**To:** Gibbs, Tracy <tgibbs@cooley.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; bruceyen@pauhastings.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

**[External]**

Tracy,

PARC is available to meet and confer between noon and 2pm CST tomorrow. Please let us know if that works for y'all. Thanks!

**Ashley N. Moore** I Principal
**McKool Smith** I 214.978.6337 I amoore@mckoolsmith.com

---

**From:** Gibbs, Tracy <tgibbs@cooley.com>
**Sent:** Thursday, January 14, 2021 3:04 PM
**To:** Ashley N. Moore <amoore@McKoolSmith.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; bruceyen@pauhastings.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Yes, please use our email distribution list which was cc'd on our original email to you. (zFBPARC@cooley.com)
Thank you.

---

**From:** Ashley N. Moore <amoore@McKoolSmith.com>
**Sent:** Wednesday, January 13, 2021 7:14 PM
**To:** Gibbs, Tracy <tgibbs@cooley.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; bruceyen@pauhastings.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>
**Subject:** PARC v. Facebook 2:20-cv-10753 (CDCA)

**[External]**

All,

We are in receipt of your January 12th letter. We are considering its contents and will get back to you with dates to meet and confer.

In the meantime, please copy our email distribution list (cc'd above) on all future correspondence. Do you have an email distribution list you would like us to use as well?

3

Have a great evening.

**Ashley N. Moore** | Principal
**McKool Smith** | 214.978.6337 | amoore@mckoolsmith.com

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK-PRODUCT PRIVILEGE and is CONFIDENTIAL. If you received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.