# EXHIBIT E

| | |
|---|---|
| **From:** | Yen, Bruce |
| **To:** | Ashley N. Moore; Wu, Jenny C; Mead, Lowell; Keefe, Heidi; Groombridge, Nicholas; Chaikovsky, Yar R.; Ekwan Rhow; Grace Kang; Baughman, J. Steven; Raymond, Megan; Manno, Tanya S; Milea, Michael F |
| **Cc:** | PARC_Facebook; PARC_Snap; PARC_Twitter; z/FB-PARC; PH-Parc-Snap |
| **Subject:** | RE: PARC v. Facebook 2:20-cv-10753 (CDCA) |
| **Date:** | Wednesday, February 10, 2021 7:01:11 AM |

Hi Ashley,

Thank you for your email of February 8, 2021. To begin, we disagree with any suggestion that PARC is "hear[ing] [Snap's] positions for the first time." This statement suggests that PARC may be waiting to amend its complaint until after Snap has filed a Rule 12(b)(6) motion, which was the specific scenario Snap stated that it wished to avoid due to the unnecessary burden and exceptional expense this would cause, and in conflict with J. Birotte's standing order that seeks to avoid unnecessary briefing. We stated our positions to PARC on the invalidity of the asserted patents against Snap under 35 U.S.C. § 101 in writing in our January 12, 2021 letter ahead of our meet and confer on January 19, 2021. Nonetheless, in an effort to further accommodate PARC's request for still more detail while protecting Snap's attorney work product, we provide the following:

- The "tailoring content" line of cases (*see e.g.*, *Intellectual Ventures I v. Capital One Bank (USA), N.A.*, 792 F.3d 1363, 1369 (Fed. Cir. 2015)) are exemplary of our concerns with the patentability of the '599 patent claims. Moreover, the claims do not recite any particular way to achieve the results-oriented claims, and are not an internet-specific solution to an internet-specific problem necessarily rooted in that technology, nor do they recite an inventive concept. In view of the specification, Snap does not believe any terms require construction for purposes of a § 101 analysis at the Rule 12 stage.

- The "organizing/managing information" line of cases (*see e.g.*, *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016)) are exemplary of our concerns with the patentability of the '439 patent claims. Moreover, the claims do not recite any particular way to achieve the results-oriented claims, and are not an internet-specific solution to an internet-specific problem necessarily rooted in that technology, nor do they recite an inventive concept. In view of the specification, Snap does not believe any terms require construction for purposes of a § 101 analysis at the Rule 12 stage.

- Likewise, the "organizing/managing information" line of cases (*see e.g.*, *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016)) are exemplary of our concerns with the patentability of the '362 patent. Moreover, the claims do not recite any particular way to achieve the results-oriented claims, and are not an improvement to a computer, or a computer-specific solution to a computer-specific problem necessarily rooted in that technology. Nor do they recite an inventive concept. In view of the specification, Snap does not believe any terms require construction for purposes of a § 101 analysis at the Rule 12 stage.

Obviously, the cases mentioned above are not limiting as to what we may rely upon, but merely intended to provide PARC more detail as to patentability concerns with respect to each of the patents PARC has asserted against Snap. We look forward to hearing PARC's more detailed positions

on why it believes the asserted patents against Snap are patent eligible.  In particular, given your representations on our January 19, 2021 meet and confer, please identify with more detail: (1) the alleged internet-specific problem and internet-specific solution for the '599 and '439 patents; (2) the alleged computer-specific problem and computer-specific solution for the '362 patent; and (3) the alleged improvement to the computer itself that is recited by the '362 patent's claims.

Please let us know your availability for a call to discuss PARC's positions.

Thank you,

Bruce

---

**From:** Ashley N. Moore <amoore@McKoolSmith.com>
**Sent:** Monday, February 8, 2021 9:19 AM
**To:** Yen, Bruce <bruceyen@paulhastings.com>; Wu, Jenny C <jcwu@paulweiss.com>; Mead, Lowell <lmead@cooley.com>; Keefe, Heidi <hkeefe@cooley.com>; Groombridge, Nicholas <ngroombridge@paulweiss.com>; Chaikovsky, Yar R. <yarchaikovsky@paulhastings.com>; Ekwan Rhow <erhow@birdmarella.com>; Grace Kang <gkang@birdmarella.com>; Baughman, J. Steven <sbaughman@paulweiss.com>; Raymond, Megan <mraymond@paulweiss.com>; Manno, Tanya S <tmanno@paulweiss.com>; Milea, Michael F <mmilea@paulweiss.com>
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; PARC_Snap <PARC_Snap@McKoolSmith.com>; PARC_Twitter <PARC_Twitter@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>; PH-Parc-Snap <PH-Parc-Snap@paulhastings.com>
**Subject:** [EXT] RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Bruce,

As I explained to Jenny a moment ago, I have a few questions before we set a schedule for additional meet and confers. First, is Snap going to explain its views of patent eligibility for the 599, 439, and 362 patents in writing sometime early this week (e.g., today)? As you can imagine, we cannot hear your positions for the first time on a call later in the week and be expected to respond on the fly. Nor is it appropriate to squeeze our analysis into the weekend since your response is due next Tuesday.

To be clear, PARC cannot agree to further extensions, especially when they continue to be based on your failure to provide PARC with (1) the actual basis of your forthcoming motion and (2) adequate time to consider and respond to that information.

**Ashley N. Moore** I Principal
**McKool Smith** I 214.978.6337 I amoore@mckoolsmith.com

---

**From:** Yen, Bruce <bruceyen@paulhastings.com>
**Sent:** Friday, February 5, 2021 10:32 PM
**To:** Wu, Jenny C <jcwu@paulweiss.com>; Ashley N. Moore <amoore@McKoolSmith.com>; Mead, Lowell <lmead@cooley.com>; Keefe, Heidi <hkeefe@cooley.com>; Groombridge, Nicholas

<ngroombridge@paulweiss.com>; Chaikovsky, Yar R. <yarchaikovsky@paulhastings.com>; Ekwan Rhow <erhow@birdmarella.com>; Grace Kang <gkang@birdmarella.com>; Baughman, J. Steven <sbaughman@paulweiss.com>; Raymond, Megan <mraymond@paulweiss.com>; Manno, Tanya S <tmanno@paulweiss.com>; Milea, Michael F <mmilea@paulweiss.com>
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; PARC_Snap <PARC_Snap@McKoolSmith.com>; PARC_Twitter <PARC_Twitter@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>; PH-Parc-Snap <PH-Parc-Snap@paulhastings.com>
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Ashley,

As we mentioned in our earlier correspondence, Snap intends to move to dismiss as to the '599, '439, and '362 patents for failure to claim eligible subject matter. We can explain Snap's views with respect to these patents and of course would also want to have PARC's positions ahead of the deadline for the response to the Complaint. We would also seek PARC's availability to meet and confer on these patents next week.

Thank you,

Bruce

---

**From:** Wu, Jenny C <jcwu@paulweiss.com>
**Sent:** Friday, February 5, 2021 1:48 PM
**To:** Ashley Moore <amoore@McKoolSmith.com>; Mead, Lowell <lmead@cooley.com>; Keefe, Heidi <hkeefe@cooley.com>; Groombridge, Nicholas <ngroombridge@paulweiss.com>; Chaikovsky, Yar R. <yarchaikovsky@paulhastings.com>; Ekwan Rhow <erhow@birdmarella.com>; Grace Kang <gkang@birdmarella.com>; Baughman, J. Steven <sbaughman@paulweiss.com>; Raymond, Megan <mraymond@paulweiss.com>; Manno, Tanya S <tmanno@paulweiss.com>; Milea, Michael F <mmilea@paulweiss.com>
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; PARC_Snap <PARC_Snap@McKoolSmith.com>; PARC_Twitter@McKoolSmith.com; z/FB-PARC <zFBPARC@cooley.com>; PH-Parc-Snap <PH-Parc-Snap@paulhastings.com>
**Subject:** [EXT] RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Ashley,

Twitter would like to have a further meet-and-confer call to see if there is any way to narrow the issues in dispute prior to Twitter filing its motion to dismiss. In particular, Twitter would like to discuss the eligibility of the '871, '781 and '362 patents. We would be happy to explain Twitter's views with respect to these patents and would like to allow sufficient time for PARC to provide a response prior to the deadline for the motion. Please let us know PARC's availability on Wednesday or Thursday of next week.

Best,

Jenny

**Jenny C. Wu** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3751 (Direct Phone) | 212 492 0751 (Direct Fax)
jcwu@paulweiss.com | www.paulweiss.com

---

**From:** Ashley Moore <amoore@McKoolSmith.com>
**Sent:** Thursday, February 4, 2021 6:44 PM
**To:** Mead, Lowell <lmead@cooley.com>; Keefe, Heidi <hkeefe@cooley.com>; Groombridge, Nicholas <ngroombridge@paulweiss.com>; yarchaikovsky@paulhastings.com; Ekwan Rhow <erhow@birdmarella.com>; Grace Kang <gkang@birdmarella.com>; Baughman, J. Steven <sbaughman@paulweiss.com>; Raymond, Megan <mraymond@paulweiss.com>; Wu, Jenny C <jcwu@paulweiss.com>; Manno, Tanya S <tmanno@paulweiss.com>; Milea, Michael F <mmilea@paulweiss.com>
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; PARC_Snap <PARC_Snap@McKoolSmith.com>; PARC_Twitter@McKoolSmith.com; z/FB-PARC <zFBPARC@cooley.com>; PH-PARC-Snap@paulhastings.com
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Thanks Lowell.

Without any further information from Facebook/Snap/Twitter regarding the details of your arguments, I'm not sure what else we would have to offer in another call that would prove fruitful. Have a good evening.

**Ashley N. Moore** I Principal
**McKool Smith** I 214.978.6337 I amoore@mckoolsmith.com

---

**From:** Mead, Lowell <lmead@cooley.com>
**Sent:** Wednesday, February 3, 2021 4:01 PM
**To:** Ashley N. Moore <amoore@McKoolSmith.com>; Keefe, Heidi <hkeefe@cooley.com>; ngroombridge@paulweiss.com; yarchaikovsky@paulhastings.com; erhow@birdmarella.com; gkang@birdmarella.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; mmilea@paulweiss.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; PARC_Snap <PARC_Snap@McKoolSmith.com>; PARC_Twitter <PARC_Twitter@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>; PH-PARC-Snap@paulhastings.com
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Ashley,

Following up regarding Defendants' planned motions to dismiss – with respect to section 101, Facebook is currently planning to move on the '599 and '439 patents on the grounds that those

patents do not claim eligible subject matter as discussed previously.  I understand that Twitter and Snap will follow up separately with what they intend to file on with respect to the patents asserted against each of them.  If there are any additional points PARC would like to raise or discuss regarding those patents beyond the points raised and discussed previously, please let us know.  We are also generally available for a call in the coming days, so if you believe it would be fruitful to discuss further in a teleconference, please propose some times that work for PARC.

Best regards,

Lowell

**Lowell D. Mead**
Cooley LLP
Mobile: (650) 520-0788
Office direct: (650) 843-5734

---

**From:** Ashley N. Moore <amoore@McKoolSmith.com>
**Sent:** Friday, January 22, 2021 8:27 AM
**To:** Mead, Lowell <lmead@cooley.com>; Keefe, Heidi <hkeefe@cooley.com>; ngroombridge@paulweiss.com; yarchaikovsky@paulhastings.com; erhow@birdmarella.com; gkang@birdmarella.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; mmilea@paulweiss.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; PARC_Snap <PARC_Snap@McKoolSmith.com>; PARC_Twitter <PARC_Twitter@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>; PH-PARC-Snap@paulhastings.com
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

**[External]**

Lowell and counsel for each Defendant,

Please see the attached correspondence. In addition, Twitter counsel please let me know if you have an email distribution list you'd like me to use. I apologize if I've missed it.

Have a good weekend.

**Ashley N. Moore** I Principal
**McKool Smith** I 214.978.6337 I amoore@mckoolsmith.com

---

**From:** Mead, Lowell <lmead@cooley.com>
**Sent:** Friday, January 22, 2021 9:35 AM
**To:** Ashley N. Moore <amoore@McKoolSmith.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com; Yen, Bruce <bruceyen@paulhastings.com>

Cc: PARC_Facebook <PARC_Facebook@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>
Subject: RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Ashley,

Following up on these items below – thanks.

Best,

Lowell

**Lowell D. Mead**
Cooley LLP
Mobile: (650) 520-0788
Office direct: (650) 843-5734

From: Mead, Lowell
Sent: Tuesday, January 19, 2021 5:05 PM
To: Ashley N. Moore <amoore@McKoolSmith.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com; 'Yen, Bruce' <bruceyen@paulhastings.com>
Cc: PARC_Facebook <PARC_Facebook@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>
Subject: RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Ashley,

Thanks for meeting and conferring with the defendants today. On behalf of the defendants, this is to memorialize our call. If you have any different understanding or recollection, or any clarification to add, please let us know. We understand from the call that you would be inclined to agree to a reasonable extension as the parties work through the issues we've raised; please let us know if PARC is amenable to a further extension of 30 days for each defendant to respond to each complaint in view of the issues under discussion.

Regarding section 101 issues, PARC confirmed that it performed a Rule 11 analysis regarding section 101 prior to filing suit and believes there is support for a position that the asserted patents are patent-eligible in view of case law such as *DDR Holdings* and *Enfish*. PARC stated generally as follows for each asserted patent.

'871, '439, '599, and '584 patents: PARC stated its view that each patent solves an Internet-specific problem with an Internet-specific solution. For the '439 patent, PARC stated that the context graph is a computer-based data repository. For the '599 patent, PARC noted that the Examiner had addressed section 101 during prosecution. For the '584 patent, PARC stated that "timeline clutter" is a problem that is solved.

'190, '781, and '475 patents: PARC stated its view that each patent solves a computer-specific

problem with a computer-specific solution.  For the '781 patent, PARC stated that the patent relates to a computer-specific problem regarding finding previously unviewed content.

'362 patent: PARC stated its view that the claimed invention improves the computer itself and that tagging electronic data is a computer-specific problem with a computer-specific solution.

With respect to any alleged inventive concept at step 2 of the *Alice* inquiry, PARC asserted that in its view at least the '439, '190, '584, and '475 patents include inventive concepts, and indicated that it would follow up regarding the other patents.  For the '439 patent, PARC stated that the context graph is inventive.  For the '190 patent, PARC said that the content tags and how they are used constitutes an inventive concept.  For the '475 patent, PARC said that k-means and wavefront clustering constitutes an inventive concept; more specifically, PARC said that it is still investigating whether it invented k-means and wavefront clustering, and that it believes that the way that k-means and wavefront clustering are used to cluster multi-modal and proximal information is inventive.

PARC stated that it presently does not intend to amend its complaint prior to a decision by the Court on a Rule 12 motion.

With respect to claim construction, PARC stated that it would consider whether there are any claim terms and proposed claim constructions that it believes would affect the section 101 inquiry or a rule 12 motion.

The defendants asked for more detailed information regarding the specific problems and solutions that PARC contends are patent-eligible, as well as any inventive concepts that PARC believes are recited in the asserted claims, to enable a fulsome meet and confer on these issues consistent with the Court's guidance and to avoid any unnecessary rounds of motion briefing if PARC intends to amend its complaint in support of its position on validity under section 101.  PARC indicated that it would take under consideration this request.

The defendants asked whether PARC planned to rely upon any dependent claims with respect to section 101.  PARC indicated that it would consider this issue.

With respect to allegations of willfulness and indirect infringement, PARC indicated that it would consider its position as to whether it has basis at this time to amend its complaint to specifically address post-suit willfulness and indirect infringement.

The defendants requested that PARC set forth in written correspondence its detailed positions on all of these points, so that there is a clear statement of record by PARC that the Court and defendants can rely upon in order to best narrow and define the issues in dispute consistent with the Court's standing orders.

PARC indicated that it would consult further with its client on the issues under discussion by the end of this week, with the timing affected by other pressing intervening work this week.  In view of the timing, PARC indicated that it would consider a request by defendants for a further extension of time

to respond to the respective complaints so that the parties can fully confer and narrow the issues in dispute prior to bringing any motions.

Best,

Lowell

**Lowell D. Mead**
Cooley LLP
Mobile: (650) 520-0788
Office direct: (650) 843-5734

---

**From:** Mead, Lowell <lmead@cooley.com>
**Sent:** Monday, January 18, 2021 2:29 PM
**To:** Ashley N. Moore <amoore@McKoolSmith.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; bruceyen@pauhastings.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Ashley,

Thanks.  Counsel for Facebook, Twitter, and Snap are all available at 1pm CT on Tuesday, so all parties can join the same call.  We can use the following dial-in.  I will also circulate a calendar invite.

+16699006833,91573054990#

Best,

Lowell

**Lowell D. Mead**
Cooley LLP
Mobile: (650) 520-0788
Office direct: (650) 843-5734

---

**From:** Ashley N. Moore <amoore@McKoolSmith.com>
**Sent:** Monday, January 18, 2021 10:01 AM
**To:** Gibbs, Tracy <tgibbs@cooley.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; bruceyen@pauhastings.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>; z/FB-PARC <zFBPARC@cooley.com>
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

**[External]**

Tracy,

PARC is available to meet and confer between noon and 2pm CST tomorrow. Please let us know if that works for y'all. Thanks!

**Ashley N. Moore** I Principal
**McKool Smith** I 214.978.6337 I amoore@mckoolsmith.com

**From:** Gibbs, Tracy <tgibbs@cooley.com>
**Sent:** Thursday, January 14, 2021 3:04 PM
**To:** Ashley N. Moore <amoore@McKoolSmith.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; bruceyen@pauhastings.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>
**Subject:** RE: PARC v. Facebook 2:20-cv-10753 (CDCA)

Yes, please use our email distribution list which was cc'd on our original email to you. (zFBPARC@cooley.com)
Thank you.

**From:** Ashley N. Moore <amoore@McKoolSmith.com>
**Sent:** Wednesday, January 13, 2021 7:14 PM
**To:** Gibbs, Tracy <tgibbs@cooley.com>; erhow@birdmarella.com; gkang@birdmarella.com; ngroombridge@paulweiss.com; sbaughman@paulweiss.com; mraymond@paulweiss.com; jcwu@paulweiss.com; tmanno@paulweiss.com; bruceyen@pauhastings.com; davidokano@paulhastings.com; philipou@paulhastings.com; yarchaikovsky@paulhastings.com; stevenmarenberg@paulhastings.com
**Cc:** PARC_Facebook <PARC_Facebook@McKoolSmith.com>
**Subject:** PARC v. Facebook 2:20-cv-10753 (CDCA)

**[External]**

All,

We are in receipt of your January 12th letter. We are considering its contents and will get back to you with dates to meet and confer.

In the meantime, please copy our email distribution list (cc'd above) on all future correspondence. Do you have an email distribution list you would like us to use as well?

Have a great evening.

**Ashley N. Moore** I Principal
**McKool Smith** I 214.978.6337 I [amoore@mckoolsmith.com](amoore@mckoolsmith.com)

NOTICE OF CONFIDENTIALITY:

The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK-PRODUCT PRIVILEGE and is CONFIDENTIAL. If you received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.