# EXHIBIT C

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE BOARD OF PATENT APPEALS AND INTERFERENCES

| | | | |
|---|---|---|---|
| Application No.: | 12/326,457 | Examiner: | Bai D. Vu |
| Atty. Docket No.: | PARC-20080172-US-NP | Art Unit: | 2165 |
| Filed: | 02 December 2008 | Conf. No.: | 3430 |
| Appellant: | Bellotti, Ducheneaut, Durfee, Golle, Huang, Mosko, Partridge, Yee, and Braynard | | |
| For: | *Context and Activity-Driven Content Delivery and Interaction* | | |

## APPEAL BRIEF

Sir:

In response to the Notice of Appeal filed 09 October 2012, Appellant submits this Appeal Brief to appeal the rejection of claims 1-5, 7-17, 19-25, 27, and 28 under 35 U.S.C. § 103(a) in a Final Office Action mailed 27 July 2012. This Appeal Brief demonstrates that such rejections cannot be sustained because not each and every element as set forth in the claim is found, either expressly or inherently described, in the cited references.

i

# **TABLE OF CONTENTS**

THE REAL PARTY IN INTEREST ...................................................................1

RELATED APPEALS AND INTERFERENCES ..............................................2

STATUS OF CLAIMS .......................................................................................3

STATUS OF AMENDMENTS ..........................................................................4

SUMMARY OF THE CLAIMED SUBJECT MATTER ....................................5

      Independent Claim 1: A Method for Delivering Context-Based Content to a First User ........................................................................................5

      Dependent Claim 2: A Method for Delivering Context-Based Content to a First User ...........................................................................................6

      Dependent Claim 3: A Method for Delivering Context-Based Content to a First User ...........................................................................................7

      Dependent Claim 4: A Method for Delivering Context-Based Content to a First User ...........................................................................................7

      Dependent Claim 5: A Method for Delivering Context-Based Content to a First User ...........................................................................................7

      Dependent Claim 7: A Method for Delivering Context-Based Content to a First User ...........................................................................................8

      Dependent Claim 8: A Method for Delivering Context-Based Content to a First User ...........................................................................................8

      Dependent Claim 9: A Method for Delivering Context-Based Content to a First User ...........................................................................................8

      Dependent Claim 10: A Method for Delivering Context-Based Content to a First User ........................................................................................8

      Dependent Claim 11: A Method for Delivering Context-Based Content to a First User ........................................................................................9

      Dependent Claim 12: A Method for Delivering Context-Based Content to a First User ........................................................................................9

App. No.: 12/326,457
YD Amendment D PARC-20080172 (Appeal Brief)

Independent Claim 13 and Dependent Claims 14-17 and 19-20: A
Computer-Readable Storage Medium Storing Instructions that when
Executed by a Computer Cause the Computer to Perform a Method for
Delivering Context-Based Content to a First User ......................................9

Independent Claim 21 and Dependent Claims 22-25 and 27-28: An
Apparatus for Delivering Context-Based Content to a First User.............10

GROUNDS FOR REJECTION PRESENTED FOR REVIEW...........................11

ARGUMENTS ...................................................................................................12

Rejections under 35 U.S.C. § 103(a) ........................................................12

Overview of Brandenberg and Herz.........................................................13

Rejections of Independent Claims 1, 13, and 21 .....................................14

Conclusion ................................................................................................18

APPENDICES ...................................................................................................19

Appendix A: Claims Appendix ................................................................19

Appendix B: Evidence...............................................................................28

Appendix C: Related Proceedings............................................................29

App. No.: 12/326,457
YD Amendment D PARC-20080172 (Appeal Brief)

## <u>THE REAL PARTY IN INTEREST</u>

The real party in interest in this appeal is Palo Alto Research Center Incorporated, the assignee of this application.

1

# <u>RELATED APPEALS AND INTERFERENCES</u>

Appellant is not aware of any appeals or interferences that will affect directly, will be affected directly by, or will otherwise have bearing on the decision in this appeal.

2

**STATUS OF CLAIMS**

The status of the claims is as follows:

Claims pending:      1-5, 7-17, 19-25, 27, and 28

Claims rejected:     1-5, 7-17, 19-25, 27, and 28

Claims objected to:  None

Claims cancelled:    6, 18, and 26

Claims appealed:     1-5, 7-17, 19-25, 27, and 28

3

## **STATUS OF AMENDMENTS**

All amendments have been entered.  A copy of the rejected claims is attached as Appendix A.

## SUMMARY OF THE CLAIMED SUBJECT MATTER

The claims in the instant application are directed toward a method, a computer-readable storage medium, and an apparatus for delivering context-based content to a user.

As described in the instant application, current mobile devices do not take into account the activities that the user is involved in while providing content to the user.[1]

The claimed invention addresses this problem by providing a content management system that is capable of organizing and delivering packages of audio and visual content to a user in response to a number of environmental factors associated with the user.[2]  Moreover, the content package includes a set of rules for presenting the package.  The rules include at least one trigger condition (which triggers the delivery of the content), a pre-defined expected user response (which defines how a user is expected to respond to the content), and an action to be performed in response to the user's response.[3]

In summary, the context-based content-delivery process and set of rules for presenting a content package are described in paragraphs [0047]-[0049], [0055]-[0056], and Tables 1-2 of the instant application.

## Independent Claim 1: A Method for Delivering Context-Based Content to a First User

The claimed method ("the method") delivers content to a user based on the user's context, receives the user's response, and performs an action based on the user's response.  The method is described in paragraphs [0047]-[0048] of the

---

[1] See instant application at par. [0004].
[2] See instant application at par. [0026].
[3] See instant application at pars. [0055]-[0056], and Table 1.

5

instant application.  A corresponding computer system is described in paragraphs [0092]-[0096] of the instant application.

The method involves receiving a content package that includes at least one content piece, and receiving a set of rules associated with the content package. The rules include a trigger condition, which specifies a context that triggers a presentation of the content, and an expected response.  This operation is described in paragraphs [0050]-[0056] and [0091] of the instant application.

The system receives a set of contextual information with respect to the user and determines a current context.  These operations are described in paragraph [0047] of the instant application.

The system determines whether the current context satisfies the trigger condition and, if so, presents the content piece to the user.  These operations are described in paragraph [0090] of the instant application.

The system further receives a response from the user and performs an action based on whether the user's response matches the expected response. These operations are described in paragraphs [0056] and [0062] of the instant application.

## Dependent Claim 2: A Method for Delivering Context-Based Content to a First User

Dependent claim 2 depends upon independent claim 1.  In the claimed method, the system creates a content package, which involves recording the content piece, creating an entry (which includes one or more trigger conditions), and associating the trigger conditions with a user-defined context.  The system further continuously compares previously defined trigger conditions with the ongoing context of the user, and retrieves and presents the content piece in response to a trigger condition being met.   This operation is described in paragraphs [0050]-[0056] of the instant application.

6

**Dependent Claim 3: A Method for Delivering Context-Based Content to a First User**

Dependent claim 3 depends upon dependent claim 2.  In the claimed method, the system creates a sharable content piece, which involves recording the content piece and creating a content package, which allows a recipient of the content package to insert, modify, and/or remove content or trigger conditions from the content package.  This operation is described in paragraphs [0090]-[0094] of the instant application.

**Dependent Claim 4: A Method for Delivering Context-Based Content to a First User**

Dependent claim 4 depends upon independent claim 1.  In the claimed method, the system defines a context by creating one or more context entries in a context manager, and associating a respective context entry with a set of contextual information.  This operation is described in paragraphs [0040]-[0041] of the instant application.

**Dependent Claim 5: A Method for Delivering Context-Based Content to a First User**

Dependent claim 5 depends upon dependent claim 4.  In the claimed method, the system updates entries in a content database and updates the context entries in a context manager responsive to actions performed by the user.  This variation is described in paragraphs [0078]-[0079] of the instant application.

YD Amendment D PARC-20080172 (Appeal Brief)

**Dependent Claim 7: A Method for Delivering Context-Based Content to a First User**

Dependent claim 7 depends upon independent claim 1.  In the claimed method, the context is defined as a combination of a high-level abstraction, which corresponds to one or more low-level contextual information values.  The low-level contextual information values correspond to one or more measureable parameters.  This variation is described in paragraph [0054] of the instant application.

**Dependent Claim 8: A Method for Delivering Context-Based Content to a First User**

Dependent claim 8 depends upon independent claim 1.  In the claimed method, a respective rule is defined with one or more high-level abstractions. This variation is described in paragraph [0054] of the instant application.

**Dependent Claim 9: A Method for Delivering Context-Based Content to a First User**

Dependent claim 9 depends upon dependent claim 8.  In the claimed method, the system allows the user to share the rules with a second user, who can redefine the shared rules based on his low-level contextual parameters.  This variation is described in paragraphs [0081]-[0082] of the instant application.

**Dependent Claim 10: A Method for Delivering Context-Based Content to a First User**

Dependent claim 10 depends upon independent claim 1.  In the claimed method, while presenting the content piece, the system shares the content piece with a remote device.  This variation is described in paragraph [0044] of the instant application.

8

**Dependent Claim 11: A Method for Delivering Context-Based Content to a First User**

Dependent claim 11 depends upon independent claim 1.  In the claimed method, the contextual information includes one or more of: a time, a date, a location, a proximity to a system-detectable tag, a device orientation, a velocity, a direction, a distance, a vibration measurement, an altitude, a temperature, a pressure, a humidity level, a sound, a luminous intensity, a camera image, and a video stream.  These variations are described in paragraphs [0037]-[0038] of the instant application.

**Dependent Claim 12: A Method for Delivering Context-Based Content to a First User**

Dependent claim 12 depends upon independent claim 1.  In the claimed method, the content piece includes one or more of: an audio clip, an image, a video stream, a language lesson, an e-mail, a weather report, a calendar reminder, a news feed, a rich site summary (RSS) feed, and an Internet blog.  These variations are described in paragraph [0037] of the instant application.

**Independent Claim 13 and Dependent Claims 14-17 and 19-20: A Computer-Readable Storage Medium Storing Instructions that when Executed by a Computer Cause the Computer to Perform a Method for Delivering Context-Based Content to a First User**

Much of the subject matter taught in independent claim 1 and dependent claims 2-5 and 11-12 also appears in independent claim 13 and dependent claims 14-17 and 19-20, respectively, as applied to a computer-readable storage medium.  Aside from the computer-readable storage medium, which is described in paragraphs [0023] and [0094], and FIG. 5 of the instant application, the remaining

subject matter of claims 1, 2-5, and 11-12, as summarized above, is sufficient to establish patentability.  Appellant, therefore, does not repeat the above description.

### Independent Claim 21 and Dependent Claims 22-25 and 27-28: An Apparatus for Delivering Context-Based Content to a First User

Much of the subject matter taught in independent claim 1 and dependent claims 2-5 and 11-12 also appears in independent claim 21 and dependent claims 22-25 and 27-28, respectively, as applied to a computer system.  Aside from the computer system, which is described in paragraphs [0092]-[0096] and FIG. 5 of the instant application, the remaining subject matter of claims 1, 2-5, and 11-12, as summarized above, is sufficient to establish patentability.  Appellant, therefore, does not repeat the above description.

10

## <u>GROUNDS FOR REJECTION PRESENTED FOR REVIEW</u>

In the Office Action mailed on **27 July 2012**, Examiner reviewed claims 1-5, 7-17, 19-25, and 27-28.  Examiner rejected claims 5 and 17 under 35 U.S.C. § 112.  Examiner rejected claims 1-5, 10-17, 19-25, and 27-28 under 35 U.S.C. § 103(a) as being unpatentable over Brandenberg, et al. (US Pub. No. 2003/0063072, hereinafter "Brandenberg"), and further in view of Herz, et al. (US Pub. No. 2009/0254971, hereinafter "Herz").  Examiner rejected claims 7-9 under 35 U.S.C. § 103(a) as being unpatentable over Brandenberg, in view of Herz, and further in view of Schultz, et al. (US Pub. No. 2009/0265764, hereinafter "Schultz").

For the purposes of this appeal, and without admission as to the appropriateness of the other grounds raised by the Examiner, Appellant will address the Examiner's reliance on Brandenberg and Herz for disclosing "determining whether a received response matches the expected response, and performing an action based on the outcome of the determination."  More specifically, Appellant will demonstrate that Herz fails to disclose a content package including a set of rules, which include an expected response.

11

## ARGUMENTS

### Rejections under 35 U.S.C. § 103(a)

In response to the rejection under 35 U.S.C. § 103(a) in the Final Office Action mailed on 27 July 2012 (hereinafter "0727 OA"), Appellant submits that the rejections cannot be sustained because:

When establishing a prima facie case of obviousness when rejecting claims under 35 U.S.C. § 103(a), Examiner's cited art must render obvious the claimed invention as a whole:

> To reach a proper determination under 35 U.S.C. 103, the examiner must step backward in time and into the shoes worn by the hypothetical "person of ordinary skill in the art" when the invention was unknown and just before it was made.  In view of all factual information, the examiner must then make a determination whether the claimed invention "**as a whole**" would have been obvious at that time to that person.[4]

Examiner has failed to establish a prima facie case of obviousness because there is at least one fundamental distinction between the cited references, Brandenberg and Herz, and the claimed invention.  Specifically, there is nothing in Brandenberg and Herz, either expressly or inherently, that discloses determining whether a received response matches an expected response, and performing an action based on the outcome of the determination.

---

4 See Manual of Patent Examining Procedure (MPEP) § 2142.

YD Amendment D PARC-20080172 (Appeal Brief)

## Overview of Brandenberg and Herz

In the interest of clarifying the arguments against the rejection of the claimed invention using Brandenberg and Herz, we provide an overview of the system disclosed in Brandenberg and Herz.  In addition to providing the overview, we briefly identify the limitations of the claimed invention that are missing from the Brandenberg and Herz systems.

Generally, the Brandenberg system provides a software scheduling agent that resides on a network or client device, such as a location-aware wireless appliance.[5]  Moreover, in the Brandenberg system, an electronic content wrapper is associated with each item of a piece of digital content, and holds information in the form of data and metadata related to the digital content.[6]  More specifically, the wrappers provide information that can be used to identify the content and to control the routing and presentation of the content.[7]  The wrappers include a header, sensitivities, and content-association keys.[8]  Hence, the Brandenberg wrappers are merely used to identify a piece of content, which is not the same as determining whether a received response matches an expected response, and performing an action based on the outcome of the determination.

Herz, on the other hand, discloses a secure data interchange system that enables information about bilateral and multilateral interactions between multiple persistent parties to be exchanged.  Specifically, the Herz system is concerned with allowing such data to be exchanged and leveraged within an environment that uses a combination of techniques to control access to information, release of information, and matching of information back to parties.[9]  More specifically, the Herz system mines user reactions and responses to on-line media by user profile

---

[5] See Brandenberg at the Abstract.
[6] See Brandenberg at the Abstract.
[7] See Brandenberg at pars. [0309]-[0321].
[8] See Brandenberg at pars. [0322].
[9] See Herz at the Abstract.

13

characteristics.[10]  Hence, the Herz system is merely concerned with facilitating data to be exchanged between multiple persistent parties, which does not involve determining whether a received response matches an expected response, and performing an action based on the outcome of the determination.

**Rejections of Independent Claims 1, 13, and 21**

The Examiner rejected independent claims 1, 13, and 21 under 35 U.S.C. § 103(a) as being unpatentable over Brandenburg, in view of Herz.  Appellant respectfully disagrees with the rejection.  The rejection of independent claims 1, 13, and 21 is improper because there is at least one fundamental distinction between the cited references, Brandenburg and Herz, and the claimed invention. Specifically, there is nothing in Brandenburg and Herz, either expressly or inherently, that discloses determining whether a received response matches the expected response, and performing an action based on the outcome of the determination.

Note that because claim 1, which is directed to a method; claim 13, which is directed to a computer-readable storage medium; and claim 21, which is directed to a computer system, include a similarly rejected limitation, Appellant addresses the rejections for all of the claims in the following section.

**1. The Gap between the Prior Art and the Claimed Invention is so Great as to Render the Claims Nonobvious to One Reasonably Skilled in the Art**

When establishing a prima facie case of obviousness when rejecting claims under 35 U.S.C. § 103, Examiner's cited prior art must cover the claimed subject matter.  Where the prior art does not cover the claimed subject matter,

---

[10] See Herz at par. [1411].

14

Examiner is required to explain the differences.  Appellant respectfully notes that Examiner has failed to establish a prima facie case of obviousness because Examiner has failed to explain fundamental differences between the cited Brandenburg and Herz references and independent claims 1, 13, and 21 in the instant application.  Specifically, Examiner has failed to explain how the Brandenburg and Herz systems determine whether a received response matches the expected response, and perform an action based on the outcome of the determination.

In the 0727 OA, Examiner stated that Brandenberg discloses that the rules associated with the content include an expected response.  More specifically, Examiner cited pars. [0014]-[0015] of Brandenberg, stating that user profile characteristics disclosed in Brandenberg is referred to as an expected response.[11] Applicant respectfully disagrees with Examiner's interpretation, because the cited text of Brandenberg is merely concerned with allowing the user to rate the digital content as a way to provide the user with certain level of controls.[12]  Note that receiving a user's rating is not the same as receiving a response and comparing it with an expected response because it is not possible for the Brandenberg system to "**expect**" a certain rating from the user.

In the 0727 OA, Examiner further stated that Herz discloses receiving a user response and determining whether the received response matches the expected response by citing par. [1411] of Herz.[13]  Appellant respectfully points out that the cited text of Herz merely discloses a system for mining user reactions and responses to on-line media by user profile characteristics.  More specifically, Herz discloses using a clustering technique to cluster collected comments from the user and user profiles in order to present this information to a vendor, which allows the vendor to observe statistical correlations between the user profile

---

[11] See 0727 OA at page 4.
[12] See Brandenberg at par. [0016].
[13] See 0727 OA at page 5.

YD Amendment D PARC-20080172 (Appeal Brief)

characteristics and ratings.[14]  Similar to the Brandenberg system, the Herz system **cannot "expect"** a specific comment or rating from the user.  Hence, the Herz system at most categorizes user responses, which is not the same as comparing a user's response to an expected response from a rule for presenting the piece of content.

Thus, in summary, the rejection of claims 1, 13, and 21 under 35 U.S.C. § 103(a) using Brandenberg and Herz is improper because Examiner has failed to explain how the Brandenberg and Herz disclosures render obvious the claimed embodiments, in which the system determines whether a received response matches the expected response, and performs an action based on the outcome of the determination.

Appellant, therefore, respectfully requests the withdrawal of the rejection of these claims under 35 U.S.C. § 103(a).

## 2. The Proposed Modification or Combination of the Prior Art would Change the Principle of Operation of the Prior Art Invention Being Modified

When establishing a prima facie case of obviousness when rejecting claims under 35 U.S.C. § 103, Examiner must not change the principle of operation of a reference.  Appellant respectfully notes that Examiner has failed to establish a prima facie case of obviousness because Examiner has attributed principles of operation to the Herz cited art that are nowhere disclosed in either Brandenberg or Herz.

Specifically, Examiner stated that Herz discloses "determining whether the received response matches the expected response, and performing an action

---

[14] See Herz at par. [1411]

16

based on an outcome of the determination."[15]  As described above, the Herz system is concerned with mining users' responses (comments).  Herz at most discloses receiving user comments, clustering both the comments and users, and extracting comment cluster exemplars, which are presented to vendors and/or users.[16]

Appellant respectfully submits that clustering of users and their comments is not the same as determining whether a received response matches an expected response.  Moreover, modifying the Herz reference to perform an action based on an outcome of the determination "whether the received response matches the expected response" changes the principle operation that is intended by the Herz reference.  The Herz system is designed to present to the users and/or vendors the comment cluster exemplars, the aggregate of the user profiles associated with that cluster, and the user profile of the user who provided the exemplar comment.[17] Hence, the Hertz system does not perform certain actions (e.g., presenting content to a user that enters a response) based on a determination as to whether the user's response matches a predefined expected response.

Hence, the rejection of claims 1, 13, and 21 under 35 U.S.C. § 103(a) using Brandenberg and Herz is improper because Examiner has proposed modifications of the Brandenberg and Herz cited arts that neither Brandenberg nor Herz discloses.  Appellant, therefore, respectfully requests that the rejection of these claims under 35 U.S.C. § 103(a) be withdrawn.

---

[15] See 0727 OA at page 5.
[16] See Herz at par. [1411].
[17] See Herz at par. [1411].

17

**<u>Conclusion</u>**

In summary, Appellant has demonstrated that the rejections under 35 U.S.C. § 103(a) cannot be sustained because Brandenberg and Herz do not disclose: 1) determining whether a received user response matches an expected response; and 2) performing an action based on the outcome of the determination.

In view of the foregoing, Appellant respectfully requests the reversal of all of the rejections in the Final Office Action mailed on 27 July 2012.  Appellant further requests allowance of all the claims in the instant application.

Respectfully submitted,

By:       /Jorge Campos/
Jorge Campos
Registration No. 62,872

Date: 10 December 2012

Jorge Campos
Park, Vaughan, Fleming & Dowler LLP
2820 Fifth Street
Davis, CA 95618-7759
Tel:    (408) 402-8157
Fax:    (530) 759-1665
Email: jorge@parklegal.com

YD Amendment D PARC-20080172 (Appeal Brief)

**APPENDICES**

**Appendix A: Claims Appendix**

1      1.      (Previously Presented) A method for delivering context-based
2   content to a first user, the method comprising:
3          receiving at least one content package, wherein the content package
4   includes at least one content piece and a set of rules associated with the content
5   package, wherein the set of rules includes a trigger condition and an expected
6   response, and wherein the trigger condition specifies a context that triggers a
7   presentation of the content piece;
8          receiving a set of contextual information with respect to the first user;
9          processing the contextual information to determine a current context for
10  the first user;
11         determining whether the current context satisfies the trigger condition;
12         in response to the trigger condition being satisfied, presenting the content
13  piece to the first user;
14         receiving a response from the first user corresponding to the presented
15  content piece;
16         determining whether the received response matches the expected response;
17  and
18         performing an action based on an outcome of the determination.

1      2.      (Previously Presented) The method of claim 1, wherein the method
2   further comprises creating the content package for the first user, wherein creating
3   the content package involves:
4          recording the content piece that is provided by the first user;

19

5        creating an entry in a content database for the recorded content piece,

6    wherein the entry includes one or more trigger conditions; and

7        associating the one or more trigger conditions for the entry with a user-

8    defined context; and

9        wherein the method further comprises:

10        continuously comparing previously defined trigger conditions for

11    the entry with the ongoing context of the first user; and

12        in response to the one or more trigger conditions being are met,

13    retrieving the content piece, and presenting the retrieved content piece to

14    the first user.

1        3.    (Previously Presented) The method of claim 2, wherein the method

2    further comprises creating a shareable content piece for the first user, wherein

3    creating the sharable content piece involves:

4        recording the sharable content piece that is provided by the first user; and

5        creating a content package for the recorded sharable content piece,

6    wherein the content package includes the recorded sharable content piece, and

7    wherein the content package includes one or more trigger conditions;

8        wherein the content package allows a recipient of the content package to

9    insert, modify, and/or remove content or trigger conditions from the content

10    package.

1        4.    (Original) The method of claim 1, wherein the method further

2    comprises defining a context by:

3        creating one or more context entries in a context manager; and

4        associating a respective context entry with a set of contextual information.

1       5.      (Previously Presented) The method of claim 4, wherein the method
2   further comprises updating entries in a content database and updating the context
3   entries in the context manager responsive to actions performed by the first user.

1       6.      (Cancelled)

1       7.      (Previously Presented) The method of claim 1, wherein the context
2   is defined as a combination of at least a high-level abstraction which corresponds
3   to one or more low-level contextual information values, wherein the low-level
4   contextual information values can correspond to one or more measurable
5   parameters.

1       8.      (Previously Presented) The method of claim 1, wherein a
2   respective rule is defined with one or more high-level abstractions.
1
1       9.      (Previously Presented) The method of claim 8, further comprising
2   allowing the first user to share the rules with a second user, wherein the second
3   user can redefine the shared rules based on the second user's low-level contextual
4   parameters.

1       10.     (Previously Presented) The method of claim 1, wherein presenting
2   the content piece comprises sharing the content piece with a remote device.

1       11.     (Original) The method of claim 1, wherein the contextual
2   information includes one or more of:  time, date, location, proximity to a system-
3   detectable tag, device orientation, velocity, direction, distance, vibration, altitude,
4   temperature, pressure, humidity, sound, luminous intensity, camera image, and
5   video stream.

21

1      12.     (Previously Presented) The method of claim 1, wherein the content

2    piece includes one or more of: audio clip, image, video stream, language lesson,

3    e-mail, weather report, calendar reminder, news feed, rich site summary (RSS)

4    feed, information update from a Web 2.0 application, and Internet blog.

1      13.     (Previously Presented) A computer-readable storage medium

2    storing instructions that when executed by a computer cause the computer to

3    perform a method for delivering context-based content to a first user, the method

4    comprising:

5      receiving at least one content package, wherein the content package

6    includes at least one content piece and a set of rules associated with the content

7    package, wherein the set of rules includes a trigger condition and an expected

8    response, and wherein the trigger condition specifies a context that triggers a

9    presentation of the content piece;

10     receiving a set of contextual information with respect to the first user;

11     processing the contextual information to determine a current context for

12    the first user;

13     determining whether the current context satisfies the trigger condition;

14     in response to the trigger condition being satisfied, presenting the content

15    piece to the first user;

16     receiving a response from the first user corresponding to the presented

17    content piece;

18     determining whether the received response matches the expected response;

19    and

20     performing an action based on an outcome of the determination.

22

1      14.      (Previously Presented) The computer-readable storage medium of
2  claim 13, wherein the method further comprises creating the content package for
3  the first user, wherein creating the content package involves:
4           recording the content piece that is provided by the first user;
5           creating an entry in a content database for the recorded content piece,
6  wherein the entry includes one or more trigger conditions; and
7           associating the one or more trigger conditions for the entry with a user-
8  defined context; and
9           wherein the method further comprises:
10              continuously comparing previously defined trigger conditions for
11          the entry with the ongoing context of the first user; and
12              in response to  the one or more trigger conditions being met,
13          retrieving the content piece and presenting the retrieved content piece to
14          the first user.


1      15.      (Previously Presented) The computer-readable storage medium of
2  claim 14, wherein the method further comprises creating a shareable content piece
3  for the first user, wherein creating the sharable content piece involves:
4           recording the sharable content piece that is provided by the first user; and
5           creating a content package for the recorded sharable content piece,
6  wherein the content package includes the recorded sharable content piece, and
7  wherein the content package includes one or more trigger conditions;
8           wherein the content package allows a recipient of the content package to
9  insert, modify, and/or remove content and/or trigger conditions from the content
10  package.


1      16.      (Original) The computer-readable storage medium of claim 13,
2  wherein the method further comprises defining a context by:

23

3    creating one or more context entries in a context manager; and

4    associating a respective context entry with a set of contextual information.

1    17.  (Previously Presented) The computer-readable storage medium of

2 claim 16, wherein the method further comprises updating entries in a content

3 database and updating the context entries in the context manager responsive to

4 actions performed by the first user.

1    18.  (Cancelled)

1    19.  (Original) The computer-readable storage medium of claim 13,

2 wherein the contextual information includes one or more of:  time, date, location,

3 proximity to a system-detectable tag, device orientation, velocity, direction,

4 distance, vibration, altitude, temperature, pressure, humidity, sound, luminous

5 intensity, camera image, and video stream.

1    20.  (Previously Presented) The computer-readable storage medium of

2 claim 13, wherein the content piece includes one or more of: audio clip, image,

3 video stream, language lesson, e-mail, weather report, calendar reminder, news

4 feed, rich site summary (RSS) feed, information update from a Web 2.0

5 application, and Internet blog.

1    21.  (Previously Presented) An apparatus for delivering context-based

2 content to a first user, comprising:

3    a processor;

4    an input mechanism configured to receive a set of contextual information

5 with respect to the first user;

6    a receiving mechanism configured to receive at least one content package,

24

7     wherein the content package includes at least one content piece and a set of rules

8     associated with the content package, wherein the set of rules includes a trigger

9     condition and an expected response, and wherein the trigger condition specifies a

10     context that triggers a presentation of the content piece;

11          a content delivery mechanism configured to present the context-based

12     content to a first user; and

13          a context manager configured to process the contextual information to

14     determine a current context for the first user, and to determine whether the current

15     context satisfies the trigger condition;

16          wherein in response to the trigger condition being satisfied, the content

17     delivery mechanism is configured to present the content piece to the first user;

18     and

19          wherein while presenting the content piece to the first user, the content

20     delivery mechanism is further configured to:

21          receive a response from the first user corresponding to the

22     presented content piece,

23          determine whether the received response matches the expected

24     response, and

25          perform an action based on an outcome of the determination.

1          22.     (Previously Presented) The apparatus of claim 21, wherein the

2     apparatus further comprises a content management mechanism configured to

3     create the content package for the first user, wherein creating the content package

4     involves:

5          recording the content piece that is provided by the first user;

6          creating an entry in a content database for the recorded content piece,

7     wherein the entry includes one or more trigger conditions;

8          associating the one or more trigger conditions for the entry with a user-
9    defined context;
10          continuously comparing previously defined trigger conditions for the entry
11    with the ongoing context of the first user; and
12          in response to the one or more trigger conditions being met, retrieving the
13    content piece and presenting the retrieved content piece to the first user.

1          23.     (Previously Presented) The apparatus of claim 22, wherein the
2    content management mechanism is further configured to create a shareable
3    content piece for the first user, wherein creating the sharable content piece
4    involves:
5          recording the sharable content piece that is provided by the first user; and
6          creating a content package for the recorded sharable content piece,
7    wherein the content package includes the recorded sharable content piece, and
8    wherein the content package includes one or more trigger conditions;
9          wherein the content package allows a recipient of the content package to
10    insert, modify, and/or remove content or trigger conditions from the content
11    package.

1          24.     (Original) The apparatus of claim 21, wherein the context manager
2    defines a context by:
3          creating one or more context entries for the context; and
4          associating a respective context entry with a set of contextual information.

1          25.     (Previously Presented) The apparatus of claim 24, wherein the
2    apparatus is further configured to update entries in the content database and
3    update the user-defined context entries in the context manager responsive to
4    actions performed by the first user.

26

1   26.  (Cancelled)

1   27.  (Original) The apparatus of claim 21, wherein the contextual

2 information includes one or more of:  time, date, location, proximity to a system-

3 detectable tag, device orientation, velocity, direction, distance, vibration, altitude,

4 temperature, pressure, humidity, sound, luminous intensity, camera image, and

5 video stream.

1   28.  (Previously Presented) The apparatus of claim 21, wherein the

2 content piece includes one or more of: audio clip, image, video stream, language

3 lesson, e-mail, weather report, calendar reminder, news feed, rich site summary

4 (RSS) feed, information update from a Web 2.0 application, and Internet blog.

27

**<u>Appendix B: Evidence</u>**

For this appeal, Appellant does not rely on any evidence submitted pursuant to §§ 1.130, 1.131, or 1.132, or other evidence entered by the Examiner.

5

28

## Appendix C: Related Proceedings

Appellant is aware of no related proceedings.

29