Alan P. Block (SBN 143783)
ablock@mckoolsmith.com
MCKOOL SMITH HENNIGAN, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

David Sochia (TX SBN 00797470)
(Pro Hac Vice)
dsochia@McKoolSmith.com
Ashley N. Moore (TX SBN 24074748)
(Pro Hac Vice)
amoore@McKoolSmith.com
Alexandra F. Easley (TX SBN 24099022)
(Pro Hac Vice)
aeasley@McKoolSmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 500
Dallas, Texas 75201
Telephone (214) 978-4000
Facsimile: (214) 978-4044

James E. Quigley (TX SBN 24075810)
(Pro Hac Vice)
jquigley@McKoolSmith.com
McKool Smith, P.C.
300 W. 6th Street, Suite 700
Austin,, Texas 7870
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Attorneys for Plaintiff
PALO ALTO RESEARCH CENTER INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PALO ALTO RESEARCH CENTER INC., <br><br> Plaintiff. <br><br> v. <br><br> SNAP INC., <br><br> Defendant. | Case No. 2:20-cv-10755 AB(MRWx) <br><br> **PARC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS OPPOSITION TO SNAP INC.'S MOTION TO DISMISS** <br><br> DATE: MARCH 19, 2021 <br> TIME: 10:00AM <br> COURTROOM: 7B <br> JUDGE: Hon. André Birotte Jr. <br><br> *[Filed concurrently: PARC's Opp. to Snap Inc.'s Motion to Dismiss.]* |

Pursuant to Federal Rule of Evidence 201, Plaintiff Palo Alto Research Center Inc. ("PARC") hereby requests that the Court take judicial notice of the file histories of U.S. Patent Nos. 8,489,599 ("the '599 patent"), 9,208,439 (the "'439 patent"), and 8,966,362 (the "'362 patent"), including true and correct copies of the entire file histories (Exs. A-C) and the below excerpts attached as Exhibits 1-9—all obtained from the United States Patent and Trademark Office's ("USPTO") Public Patent Application Information Retrieval website (https://portal.uspto.gov/pair/PublicPair):

- Exhibit 1: A true and correct copy of the patentee's May 26, 2011 Amendment to the Claims and Remarks/Arguments from the '599 File History;
- Exhibit 2: A true and correct copy of the patentee's May 23, 2012 Amendment to the Claims and Remarks/Arguments from the '599 File History;
- Exhibit 3: A true and correct copy of the patentee's December 10, 2012 Appeal Brief from the '599 File History;
- Exhibit 4: A true and correct copy of the USPTO's March 15, 2013 Notice of Allowance from the '599 File History;
- Exhibit 5: A true and correct copy of the patentee's July 7, 2015 Amendment to the Claims, Specification, and Remarks from the '439 File History;
- Exhibit 6: A true and correct copy of the USPTO's August 5, 2015 Notice of Allowance from the '439 File History;
- Exhibit 7: A true and correct copy of the patentee's June 17, 2010 Amendment to the Claims and Remarks/Arguments from the '362 File History;
- Exhibit 8: A true and correct copy of the patentee's October 26, 2010 Amendment to the Claims and Remarks/Arguments from the '362 File History; and

McKool Smith, P.C.

1

- Exhibit 9: A true and correct copy of the patentee's August 22, 2014 Amendment to the Claims and Remarks/Arguments from the '362 File History.

When ruling on a 12(b)(6) motion, a court may look beyond the pleadings "at documents incorporated by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). Under the incorporation by reference doctrine, a court may consider a document when plaintiff's complaint necessarily relies on it and its authenticity is uncontested. *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *see also In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). This includes documents that are not attached to or explicitly referenced by plaintiff's complaint. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1114 (C.D. Cal. 2003). Under Federal Rule of Evidence 201, judicial notice is proper when a fact is not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 966 (C.D. Cal. 2005); Fed. R. Evid. 201.

On a Rule 12(b)(6) motion, the Court may take judicial notice of matters of public record. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986). Patents are "matters of public record." *U.S. Rubber Recycling, Inc. v. ECORE Int'l*, No. CV0909516SJOOPX, 2011 WL 13043495, at *2 (C.D. Cal. Aug. 8, 2011), *aff'd sub nom. U.S. Rubber Recycling, Inc. v. ECORE Int'l, Inc.*, 503 F. App'x 951 (Fed. Cir. 2013). A patent's file history is similarly a public record. *Id. See also* 37 C.F.R. § 1.11(d) (2010) ("All papers or copies thereof relating to a reexamination proceeding which have been entered of record in the patent or reexamination file are open to inspection by the general public...."). The Federal Circuit has previously "take[n] judicial notice" of a reexamined patent's file history. *See Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 n.3 (Fed.Cir.1990) (taking judicial notice of an agency action because it was an "adjudicative fact" of public record and

not subject to reasonable dispute); *accord In re Shell Oil Co.*, 992 F.2d 1204, 1207 n.3 (Fed.Cir.1993).

The file histories of the '599, '439, and '362 patents are public records of which the Court may take judicial notice. Furthermore, the '599, '439, and '362 patents' file histories are relevant to Plaintiff's Complaint because all of Plaintiff's causes of action related to these patents include the allegation that the patents are "valid and enforceable." *See* Dkt. 1 ¶¶ 27, 56, 84. Lastly, the patents' file histories are not in dispute. Even though defendant may disagree with the patentee's assertions and USPTO's conclusions, the events recorded are "adjudicative facts" and not subject to reasonable dispute. *See Standard Haven,* 897 F.2d at 514 n. 3; *Oroamerica Inc. v. D & W Jewelry Co.*, 10 F. App'x 516, 517 n.4 (9th Cir. 2001) (Granting judicial notice of file history).

McKool Smith, P.C.

| | | |
|---|---|---|
| 1 | DATED: February 26, 2021 | Respectfully submitted, |
| 2 | | MCKOOL SMITH, P.C. |
| 3 | | BY  /s/ *David Sochia* |
| 4 | | David Sochia |

Alan P. Block (SBN 143783)
ablock@mckoolsmith.com
McKool Smith Hennigan, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

David Sochia (TX SBN 00797470)
(Pro Hac Vice)
dsochia@McKoolSmith.com
Ashley N. Moore (TX SBN 24074748)
(Pro Hac Vice)
amoore@McKoolSmith.com
Alexandra F. Easley (TX SBN 24099022)
(Pro Hac Vice)
aeasley@McKoolSmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 500
Dallas, Texas 75201
Telephone (214) 978-4000
Facsimile: (214) 978-4044

James E. Quigley (TX SBN 24075810)
(Pro Hac Vice)
jquigley@McKoolSmith.com
McKool Smith, P.C.
300 W. 6th Street, Suite 700
Austin,, Texas 7870
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

ATTORNEYS FOR PLAINTIFF
PALO ALTO RESEARCH CENTER INC.