YAR R. CHAIKOVSKY (SB# 175421)
yarchaikovsky@paulhastings.com
PHILIP OU (SB# 259896)
philipou@paulhastings.com
DAVID OKANO (SB# 278485)
davidokano@paulhastings.com
BRUCE YEN (SB# 277920)
bruceyen@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:  1(650) 320-1800
Facsimile:  1(650) 320-1900

STEVEN A. MARENBERG (SB# 101033)
stevenmarenberg@paulhastings.com
PAUL HASTINGS LLP
1999 Avenue of the Stars, Suite 2700
Los Angeles, California  90067
Telephone:  1(310) 620-5710
Facsimile: 1(310) 620-5270

Attorneys for Defendant
SNAP INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| PALO ALTO RESEARCH CENTER INC., | CASE NO. 2:20-cv-10755-AB-MRW |
|---|---|
| Plaintiff, | **DEFENDANT SNAP INC.'S ANSWER TO PLAINTIFF PALO ALTO RESEARCH CENTER INC.'S COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| vs. | |
| SNAP INC., | |
| Defendant. | |

1    Defendant Snap Inc. ("Snap" or "Defendant") hereby answers the Complaint
2   filed by Palo Alto Research Center Inc. ("PARC" or "Plaintiff") as follows.  The
3   paragraph numbers in this Answer track the paragraph numbers in PARC's
4   Complaint.  Many of the headings in PARC's Complaint are argumentative and
5   allege legal conclusions. Snap reproduces those headings only to improve the
6   readability of this Answer and does not agree with content of those headings.  Any
7   allegation not specifically admitted herein is denied.

8                              **SUMMARY OF THE ACTION**

9        1.     Snap admits that PARC's Complaint purports to allege infringement of
10  certain patents.  Snap denies the remaining allegations of this paragraph of the
11  Complaint.

12       2.     Snap is without knowledge or information sufficient to form a belief as
13  to the truth of the allegations of this paragraph of the Complaint and therefore
14  denies them.

15       3.     Snap admits that the quoted language in this paragraph appear in a post
16  on the Snap.com webpage.  Snap admits that it provides filters, stories and
17  shopping features.  Snap admits that it serves millions of users.  Snap is without
18  knowledge or information sufficient to form a belief as to the truth of the remaining
19  allegations of this paragraph of the Complaint and therefore denies them.

20       4.     Snap denies that it uses the PARC Patents.  Snap is without knowledge
21  or information sufficient to form a belief as to the truth of the remaining allegations
22  of this paragraph of the Complaint and therefore denies them.

23                                **THE PARTIES**

24  **I.    PARC**

25       5.     Snap is without knowledge or information sufficient to form a belief as
26  to the truth of the allegations of this paragraph of the Complaint and therefore
27  denies them.

28       6.     Snap is without knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph of the Complaint and therefore denies them.

7.     Snap is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies them.

**II.     DEFENDANT**

8.     Snap admits that it is a Delaware Corporation with its headquarters at 2772 Donald Douglas Loop North, Santa Monica, California 90405.  Snap admits that it develops and distributes the Snapchat application.  Snap is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of the Complaint and therefore denies them.

9.     Snap denies the allegations of this paragraph of the Complaint.

## JURISDICTION AND VENUE

10.     Snap admits that PARC purports to bring an action under 35 U.S.C. §§ 1, *et seq.*  Snap admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and that venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

11.     Snap admits that PARC's Complaint purports to allege infringement involving Snap technology within Snap applications.  Snap denies the manufacture, use, sale, and/or lease, offer for sale and/or lease, of infringing technology.

12.     Snap admits that PARC's Complaint purports to identify features of Snap applications as infringing the Patents-in-Suit.  Snap denies the manufacture, use, sale, and/or lease, offer for sale and/or lease, of infringing technology.

13.     Snap admits the allegations in this paragraph of the Complaint.

14.     Snap denies the allegations of this paragraph of the Complaint.

15.     Snap admits that it conducts business in its offices in the Central District of California.  Snap denies the remaining allegations of this paragraph of the Complaint.

16.     Snap admits that this Court has personal jurisdiction over Snap.  Snap admits that venue is proper in this District.  Snap admits that it conducts business in this District.  Snap denies the remaining allegations of this paragraph of the Complaint.

17.     Snap denies the allegations of this paragraph of the Complaint.

18.     Snap is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of the Complaint and therefore denies them.

## FACTUAL BACKGROUND

### I.     PARC'S HISTORY OF INNOVATION

19.     Snap is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of the Complaint and therefore denies them.

20.     Snap is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of the Complaint and therefore denies them.

21.     Snap is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of the Complaint and therefore denies them.

### II.     SNAP HAS LONG BENEFITED FROM ITS USE OF PARC'S PATENTED TECHNOLOGIES

22.     Snap admits that its 10-Q filing for the quarterly period ended September 30, 2020 states "We generate substantially all of our revenues by offering various advertising products on Snapchat, which include Snap Ads and Sponsored Creative Tools, and measurement services, referred to as advertising revenue."  Snap admits that it posted a press release that states "Revenue increased 52% to $679 million in Q3 2020, compared to the prior year."  Snap admits that its 10-K statement for fiscal year ending December 31, 2018 states that "For the years

ended December 31, 2018, 2017, and 2016, advertising revenue accounted for 99%, 97%, and 96% of total revenue, respectively." Snap is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of the Complaint and therefore denies them.

23.    Snap denies infringement. Snap admits that it posted a press release stating that "DAUs were 249 million in Q3 2020, an increase of 39 million or 18% year-over-year." Snap is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of the Complaint and therefore denies them.

24.    Snap is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies them.

25.    Snap denies the allegations of this paragraph of the Complaint.

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 8,489,599

26.    Snap restates its previous responses to the allegations in paragraphs 1-25 of PARC's Complaint.

27.    Snap denies the allegations of this paragraph of the Complaint.

28.    Snap is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies them.

29.    Snap admits that what appears to be a true and correct copy of the '599 patent was attached to the Complaint as Exhibit A.

## The '599 Patent

30.    To the extent that PARC directly quotes from the '599 patent, Snap admits that those quotations show language that exists in the patent. Snap denies the remaining allegations of this paragraph of the Complaint.

31.    To the extent that PARC directly quotes from the '599 patent, Snap

1  admits that those quotations show language that exists in the patent.  Snap denies

2  the remaining allegations of this paragraph of the Complaint.

3    32.    To the extent that PARC directly quotes from the '599 patent, Snap

4  admits that those quotations show language that exists in the patent.  Snap denies

5  the remaining allegations of this paragraph of the Complaint.

6    33.    To the extent that PARC directly quotes from the '599 patent, Snap

7  admits that those quotations show language that exists in the patent.  Snap denies

8  the remaining allegations of this paragraph of the Complaint.

9    34.    To the extent that PARC directly quotes from the '599 patent, Snap

10  admits that those quotations show language that exists in the patent.  Snap denies

11  the remaining allegations of this paragraph of the Complaint.

12    35.    To the extent that PARC directly quotes from the '599 patent, Snap

13  admits that those quotations show language that exists in the patent.  Snap denies

14  the remaining allegations of this paragraph of the Complaint.

15    36.    To the extent that PARC directly quotes from the '599 patent, Snap

16  admits that those quotations show language that exists in the patent.  Snap denies

17  the remaining allegations of this paragraph of the Complaint.

18    37.    To the extent that PARC directly quotes from the '599 patent, Snap

19  admits that those quotations show language that exists in the patent.  Snap denies

20  the remaining allegations of this paragraph of the Complaint.

21  **'599 Patent Allegations**

22    38.    Snap admits that it provides webpages describing the use of "Instant

23  Create" or "Advanced Create" to create an ad campaign.  Snap admits that it

24  provides webpages describing identification of an audience.  Snap is without

25  knowledge or information sufficient to form a belief as to the truth of the remaining

26  allegations of this paragraph of the Complaint and therefore denies them.

27    39.    Snap denies the allegations of this paragraph of the Complaint.

28    40.    Snap denies the allegations of this paragraph of the Complaint.

41.     Snap denies the allegations of this paragraph of the Complaint.

42.     Snap denies the allegations of this paragraph of the Complaint.

43.     Snap denies the allegations of this paragraph of the Complaint.

44.     Snap denies the allegations of this paragraph of the Complaint.

45.     Snap denies the allegations of this paragraph of the Complaint.

46.     The allegations in this paragraph state a legal conclusion for which no response is required.  To the extent a response is required, Snap admits that it learned of the '599 patent after being served with PARC's Complaint.  Snap denies the remaining allegations of this paragraph of the Complaint.

47.     Snap denies the allegations of this paragraph of the Complaint.

48.     Snap denies the allegations of this paragraph of the Complaint.

49.     Snap denies the allegations of this paragraph of the Complaint.

50.     Snap denies the allegations of this paragraph of the Complaint.

51.     Snap denies the allegations of this paragraph of the Complaint.

52.     Snap denies the allegations of this paragraph of the Complaint.

53.     Snap denies the allegations of this paragraph of the Complaint.

54.     Snap denies the allegations of this paragraph of the Complaint.

## SECOND CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. PATENT No. 9,208,439

55.     Snap restates its previous responses to the allegations in paragraphs 1-54 of PARC's Complaint.

56.     Snap denies the allegations of this paragraph of the Complaint.

57.     Snap is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and therefore denies them.

58.     Snap admits that what appears to be a true and correct copy of the '439 patent was attached to the Complaint as Exhibit B.

**The '439 Patent**

59.     To the extent that PARC directly quotes from the '439 patent, Snap admits that those quotations show language that exists in the patent.  Snap denies the remaining allegations of this paragraph of the Complaint.

60.     To the extent that PARC directly quotes from the '439 patent, Snap admits that those quotations show language that exists in the patent.  Snap denies the remaining allegations of this paragraph of the Complaint.

61.     To the extent that PARC directly quotes from the '439 patent, Snap admits that those quotations show language that exists in the patent.  Snap denies the remaining allegations of this paragraph of the Complaint.

62.     To the extent that PARC directly quotes from the '439 patent, Snap admits that those quotations show language that exists in the patent.  Snap denies the remaining allegations of this paragraph of the Complaint.

63.     To the extent that PARC directly quotes from the '439 patent, Snap admits that those quotations show language that exists in the patent.  Snap denies the remaining allegations of this paragraph of the Complaint.

64.     To the extent that PARC directly quotes from the '439 patent, Snap admits that those quotations show language that exists in the patent.  Snap denies the remaining allegations of this paragraph of the Complaint.

**'439 Patent Allegations**

65.     Snap admits that it provides webpages describing the use of "Instant Create" or "Advanced Create" to create an ad campaign.  Snap admits that it provides webpages describing identification of an audience.  Snap is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of the Complaint and therefore denies them.

66.     Snap denies the allegations of this paragraph of the Complaint.

67.     Snap denies the allegations of this paragraph of the Complaint.

68.     Snap denies the allegations of this paragraph of the Complaint.

69.     Snap denies the allegations of this paragraph of the Complaint.

70.     Snap denies the allegations of this paragraph of the Complaint.

71.     The allegations in this paragraph state a legal conclusion for which no response is required.  To the extent a response is required, Snap admits that it learned of the '439 patent after being served with PARC's Complaint.  Snap denies the remaining allegations of this paragraph of the Complaint.

72.     Snap denies the allegations of this paragraph of the Complaint.

73.     Snap denies the allegations of this paragraph of the Complaint.

74.     Snap denies the allegations of this paragraph of the Complaint.

75.     Snap denies the allegations of this paragraph of the Complaint.

76.     Snap denies the allegations of this paragraph of the Complaint.

77.     Snap denies the allegations of this paragraph of the Complaint.

78.     Snap denies the allegations of this paragraph of the Complaint.

79.     Snap denies the allegations of this paragraph of the Complaint.

## THIRD CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 8,966,362

80.     Snap restates its previous responses to the allegations in paragraphs 1-79 of PARC's Complaint.

81.     No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

82.     No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

83.     No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

84.     No response to this paragraph is required as to PARC's allegations

with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

85.     No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

86.     No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

87.     No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

88.     No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

89.     No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

90.     No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

91.     No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

92.     No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

93.     No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court

1  to be invalid under 35 U.S.C. § 101.

2       94.    No response to this paragraph is required as to PARC's allegations

3  with respect to the '362 patent because the '362 patent has been held by this Court

4  to be invalid under 35 U.S.C. § 101.

5       95.    No response to this paragraph is required as to PARC's allegations

6  with respect to the '362 patent because the '362 patent has been held by this Court

7  to be invalid under 35 U.S.C. § 101.

8       96.    No response to this paragraph is required as to PARC's allegations

9  with respect to the '362 patent because the '362 patent has been held by this Court

10  to be invalid under 35 U.S.C. § 101.

11       97.    No response to this paragraph is required as to PARC's allegations

12  with respect to the '362 patent because the '362 patent has been held by this Court

13  to be invalid under 35 U.S.C. § 101.

14       98.    No response to this paragraph is required as to PARC's allegations

15  with respect to the '362 patent because the '362 patent has been held by this Court

16  to be invalid under 35 U.S.C. § 101.

17       99.    No response to this paragraph is required as to PARC's allegations

18  with respect to the '362 patent because the '362 patent has been held by this Court

19  to be invalid under 35 U.S.C. § 101.

20       100.    No response to this paragraph is required as to PARC's allegations

21  with respect to the '362 patent because the '362 patent has been held by this Court

22  to be invalid under 35 U.S.C. § 101.

23       101.    No response to this paragraph is required as to PARC's allegations

24  with respect to the '362 patent because the '362 patent has been held by this Court

25  to be invalid under 35 U.S.C. § 101.

26       102.    No response to this paragraph is required as to PARC's allegations

27  with respect to the '362 patent because the '362 patent has been held by this Court

28  to be invalid under 35 U.S.C. § 101.

103.   No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

104.   No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

105.   No response to this paragraph is required as to PARC's allegations with respect to the '362 patent because the '362 patent has been held by this Court to be invalid under 35 U.S.C. § 101.

## PRAYER FOR RELIEF

106.   Snap denies that PARC is entitled to any relief in this case and prays the Court that PARC take nothing.

## AFFIRMATIVE DEFENSES

107.   For further answer by way of affirmative defenses, each of which pertains to each claim of infringement in the Complaint, Snap respectfully states as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

108.   PARC has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

109.   Snap has not and is not infringing, contributing to the infringement of, or inducing the infringement of any valid, enforceable claim of any of the Patents-in-Suit.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

110.   The claims of the Patents-in-Suit are invalid for failure to satisfy one

or more requirements of Title 35, United States Code, including, without limitation, the provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

111.   PARC is estopped from construing any claim of the Patents-in-Suit to be infringed or have been infringed, either literally or under the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by Snap in view of the prior art and because of admissions and statements PARC made to the U.S. Patent and Trademark Office ("USPTO") during prosecution of the applications leading to the issuance of the Patents-In-Suit.

## FIFTH AFFIRMATIVE DEFENSE

### (Causation)

112.   PARC's alleged damages or injuries, if any, were not caused by any acts or omissions of Snap.

## SIXTH AFFIRMATIVE DEFENSE

### (Absence of Damages)

113.   PARC has not suffered and will not suffer any injury or damages by way of the acts and conduct of Snap as alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

114.   PARC's claims for recovery are barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and 288.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

115.   PARC has failed to mitigate any injury or damages it may have suffered.

Case No. 2:20-cv-10755-AB-MRW                    - 12 -                    SNAP'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINTH AFFIRMATIVE DEFENSE**

**(No Willful Infringement)**

116.   PARC is not entitled to enhanced or increased damages for willful infringement because Snap has not engaged in any conduct that meets the applicable standard for willful infringement.

**TENTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

117.   PARC is not entitled to injunctive relief because Snap has not infringed and is not infringing any valid and enforceable claim of the Patents-in-Suit and because any purported injury to PARC is not immediate and irreparable. To the extent that PARC proves that it would be entitled to relief, PARC would have an adequate remedy at law. Moreover, the public interest and balance of hardships weigh against an injunction under the circumstances of this case.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unavailability of Equitable Remedies)**

118.   PARC is not entitled to any other equitable relief because it has an adequate remedy at law.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

119.   PARC's claims are barred, in whole or in part, to the extent that PARC is estopped from asserting any of its claims against Snap.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mark)**

120.   PARC's prayer for damages should be barred, in whole or in part, to the extent that PARC has failed to mark its products pursuant to 35 U.S.C. § 287.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Inequitable Conduct as to Inventorship)**

121.   PARC's claims are barred, in whole or in part due to unenforceability

of the Patents-in-Suit based upon inequitable conduct before the United States Patent and Trademark Office, for at least the reasons stated with particularity in Snap's Counterclaims, which are incorporated by reference herein.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure to Join Necessary Parties)

122.   PARC's claims are barred, in whole or in part due to its failure to join all necessary parties that own the Patent-in-Suit for at least the reasons stated with particularity in Snap's Counterclaims, which are incorporated by reference herein.

## OTHER AFFIRMATIVE DEFENSES

123.   Snap reserves the right to assert additional affirmative defenses as additional facts are learned or present themselves during the course of discovery or otherwise during these proceedings.

## SNAP'S COUNTERCLAIMS AGAINST PARC

Defendant and Counter-plaintiff Snap Inc. ("Snap") hereby submits its Counterclaims against Plaintiff and Counter-Defendant Palo Alto Research Center Inc. ("PARC") and alleges as follows:

## THE PARTIES

1.     Snap is a Delaware corporation with its principal place of business at 2772 Donald Douglas Loop North, Santa Monica, CA 90405.

2.     Upon information and belief, PARC is a wholly-owned subsidiary of Xerox Corporation ("Xerox"), with a principal place of business at 3333 Coyote Hill Road, Palo Alto, California 94304.

## JURISDICTION AND VENUE

3.     This Court has exclusive, original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*  Exclusive jurisdiction for any action arising under any Act of Congress relating to patents is conferred on U.S. District Courts pursuant to 28

U.S.C. § 1338(a).

4.      This Court has personal jurisdiction over PARC because PARC has availed itself of the benefits of the Central District of California with respect to the issues in this case by bringing its lawsuit against Snap.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because PARC has waived any objection to venue by filing its lawsuit against Snap in this District.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement – '599 Patent)

6.      Snap incorporates by reference the allegations previously set forth in these Counterclaims as if fully set forth herein.

7.      This Claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.      On November 25, 2021 PARC filed a lawsuit against Snap that alleges that Snap infringes U.S. Patent Nos. 8,489,599 (the "'599 Patent"); 9,208,439 (the "'439 Patent"); and 8,966,362 (the "'362 Patent") (collectively, the "Patents-in-Suit").

9.      Snap has not and does not infringe, directly or indirectly, any valid and enforceable claim of the '599 Patent.

10.    The filing of this action by PARC creates an actual and justiciable controversy concerning the non-infringement of the '599 Patent.

11.    Snap is entitled to a declaratory judgment that Snap has not and does not infringe any claim of the '599 Patent.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Invalidity – '599 Patent)

12.    Snap incorporates by reference the allegations previously set forth in these Counterclaims as if fully set forth herein.

13.    This Claim arises under the Declaratory Judgment Act, 28 U.S.C.

§§ 2201 and 2202.

14.     PARC has filed a lawsuit alleging that Snap infringes the Patents-in-Suit.

15.     The claims of the '599 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

16.     The filing of this action by PARC creates an actual and justiciable controversy concerning the validity of the '599 Patent.

17.     Snap is entitled to a declaratory judgment that the claims of the '599 Patent are invalid.

### THIRD CAUSE OF ACTION

**(Declaratory Judgment of Unenforceability of the '599 Patent for Inequitable Conduct—Material Misrepresentation Concerning Inventorship with Intent to Deceive)**

18.     Snap incorporates by reference the allegations previously set forth in these Counterclaims as if fully set forth herein.

19.     This Claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

20.     PARC has filed a lawsuit alleging that Snap infringes the Patents-in-Suit.

21.     On information and belief, the claims of the '599 Patent are unenforceable based upon material misrepresentations and/or omissions made by the purported applicant and prosecution attorney to the United States Patent and Trademark Office regarding the inventorship of the '599 patent.

22.     On information and belief, as originally filed on December 2, 2008, U.S. Patent Application No. 12/326,457 (which resulted in the '599 patent) (the "'457 app"), identified Palo Alto Research Center Inc. as a corporate assignee and named nine total inventors, Victoria M.E. Bellotti, Nicolas B. Duchencaut, Glenn

E. Durfee, Philippe J.P. Golle, Qingfeng Huang, Marc E. Mosko, Kurt E. Partridge, Nicholas K. Yee, and Rebecca L. Braynard.

23.   On information and belief, at least Gleen E. Durfee and Qingfeng Huang were not employed by PARC at the time that the '457 app was originally filed.

24.   On information and belief, seven days after, on December 9, 2008, an agreement was executed between Victoria ME Bellotti (and no others) on one hand, and Palo Alto Research Center Inc. on the other hand, regarding the assignment of rights to the '457 app.

25.   On information and belief, thereafter on January 12, 2009, with no explanation and no amendment to the proposed claims for prosecution, applicant filed an amendment to the '457 app to remove eight of the nine inventors.

26.   On information and belief, on January 15, 2009, applicant filed an oath and declaration executed by Victoria M.E. Bellotti on December 9, 2008 attesting to be the first and sole inventor of the '457 app.

27.   On information and belief, despite the prior representations that Victoria M.E. Bellotti was the sole inventor of the '457 app, on October 9, 2012, applicant filed a notice of appeal listing the original nine inventors listed in the initial '457 app as appellant(s), after which a notice of allowability issued.

28.   On information and belief, either the identification of Victoria M.E. Bellotti as the sole inventor or the identification of the nine inventors, Victoria M.E. Bellotti, Nicolas B. Duchencaut, Glenn E. Durfee, Philippe J.P. Golle, Qingfeng Huang, Marc E. Mosko, Kurt E. Partridge, Nicholas K. Yee, and Rebecca L. Braynard was false, misleading, and/or constitutes misinformation concerning inventorship.

29.   On information and belief, and with a reasonable opportunity for discovery, evidence is likely to show that the change in inventorship was done so with the intent to obfuscate the threshold issue of inventorship.

30.     On information and belief, to the extent Victoria M.E. Bellotti is not the sole inventor of the '599 patent, the '599 patent is not owned in whole by PARC due to the lack of assignment of rights in the '457 app by all inventors of the '457 app.

31.     The filing of this action by PARC creates an actual and justiciable controversy concerning the enforceability of the '599 Patent.

32.     Snap is entitled to a declaratory judgment that the '599 Patent is unenforceable.

## FOURTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement – '439 Patent)

33.     Snap incorporates by reference the allegations previously set forth in these Counterclaims as if fully set forth herein.

34.     This Claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

35.     On November 25, 2021 PARC filed a lawsuit against Snap that alleges that Snap infringes the Patents-in-Suit.

36.     Snap has not and does not infringe, directly or indirectly, any valid and enforceable claim of the '439 Patent.

37.     The filing of this action by PARC creates an actual and justiciable controversy concerning the non-infringement of the '439 Patent.

38.     Snap is entitled to a declaratory judgment that Snap has not and does not infringe any claim of the '439 Patent.

## FIFTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity – '439 Patent)

39.     Snap incorporates by reference the allegations previously set forth in these Counterclaims as if fully set forth herein.

40.     This Claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

41.     PARC has filed a lawsuit alleging that Snap infringes the Patents-in-Suit.

42.     The claims of the '439 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

43.     The filing of this action by PARC creates an actual and justiciable controversy concerning the validity of the '439 Patent.

44.     Snap is entitled to a declaratory judgment that the claims of the '439 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Snap prays for judgment as follows:

(A) That PARC is not entitled to the relief prayed for in its Complaint, or to any relief whatsoever, and that the Complaint be dismissed with prejudice;

(B) That the Court grant Snap declaratory judgment that the '599 Patent, and each and every asserted claim thereof, is not infringed;

(C) That the Court grant Snap declaratory judgment that the '599 Patent, and each and every asserted claim thereof, is invalid;

(D) That the Court grant Snap declaratory judgment that the '599 patent is not enforceable;

(E) That the Court grant Snap declaratory judgment that the '439 Patent, and each and every asserted claim thereof, is not infringed;

(F) That the Court grant Snap declaratory judgment that the '439 Patent, and each and every asserted claim thereof, is invalid; and

(G) For such additional relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Snap demands a jury trial on all issues triable by jury pursuant to Fed. R. Civ. P. 38.

1    DATED:  March 30, 2021          PAUL HASTINGS LLP

2

3                        By: */s/ Yar R. Chaikovsky*

4                      Yar R. Chaikovsky (SB# 175421)
                     yarchaikovsky@paulhastings.com

5                      Philip Ou (SB# 259896)
                     philipou@paulhastings.com

6                      David Okano (SB#278485)
                     davidokano@paulhastings.com

7                      Bruce Yen (SB# 277920)

8                      bruceyen@paulhastings.com

9                      PAUL HASTINGS LLP
                     1117 S. California Avenue

10                     Palo Alto, California  94304-1106

11                     Telephone:  1(650) 320-1800

12                     Facsimile:  1(650) 320-1900

13                     Steven A. Marenberg (SB# 101033)

14                     PAUL HASTINGS LLP
                     1999 Avenue of the Stars, Twenty-

15                     Seventh Floor

16                     Los Angeles, CA 90067
                     Telephone: 1(310) 620-5710

17                     Facsimile: 1(310) 620-5810

18                     *Attorneys for Defendant*
                     SNAP INC.

19

20

21

22

23

24

25

26

27

28