YAR R. CHAIKOVSKY (SB# 175421)
yarchaikovsky@paulhastings.com
PHILIP OU (SB# 259896)
philipou@paulhastings.com
DAVID OKANO (SB# 278485)
davidokano@paulhastings.com
BRUCE YEN (SB# 277920)
bruceyen@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:  1(650) 320-1800
Facsimile:  1(650) 320-1900

STEVEN A. MARENBERG (SB# 101033)
stevenmarenberg@paulhastings.com
PAUL HASTINGS LLP
1999 Avenue of the Stars, Suite 2700
Los Angeles, California  90067
Telephone:  1(310) 620-5710
Facsimile: 1(310) 620-5270

Attorneys for Defendant
SNAP INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PALO ALTO RESEARCH CENTER INC., <br><br> Plaintiff, <br><br> vs. <br><br> SNAP INC., <br><br> Defendant. | CASE NO. 2:20-cv-10755-AB-MRW <br><br> **DEFENDANT SNAP INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY PENDING INTER PARTES REVIEW** <br><br> DATE:  July 2, 2021 <br> TIME:  10:00AM <br> COURTROOM:  7B <br> JUDGE:  Hon. André Birotte Jr. |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 1

II. LEGAL STANDARD ......................................................................................... 2

III. L.R. 7-3 STATEMENT OF COMPLIANCE ................................................. 3

IV. PROCEDURAL HISTORY ............................................................................. 3

V. ARGUMENT ....................................................................................................... 4

    A. Stage Of Proceedings ................................................................................ 4

    B. Simplification Of Issues ............................................................................ 6

    C. No Undue Prejudice .................................................................................. 7

    D. The Totality Of Circumstances Weighs In Favor Of A Stay .............. 10

VI. CONCLUSION ................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Allergan Inc. v. Cayman Chem. Co.*,
 No. SACV 07-01316 JVS (RNBx), 2009 WL 8591844
 (C.D. Cal. Apr. 9, 2009) .................................................................................. 1

*American Vehicular Sciences, LLC v. Toyota Motor Corp.*,
 No. 6:12-cv-00404-JDL, 2014 WL 12605523
 (E.D. Tex. Feb. 19, 2014) ............................................................................... 9

*Biomet Biologics, LLC v. Bio Rich Med., Inc.*,
 No. CV 10-1582 DOC (PJWx), 2011 WL 4448972
 (C.D. Cal. Sept. 26, 2011) .............................................................................. 4

*DataQuill Ltd. v. TCL Commc'n Tech. Holdings Ltd.*,
 No. 19-CV-03394-AB (PLAx), 2020 WL 3884436
 (C.D. Cal. Apr. 24, 2020) ............................................................................... 6

*Guthy–Renker Fitness L.L.C. v. Icon Health & Fitness Inc.*,
 No. CV 97–7681 LGB (EX), 1998 WL 670240
 (C.D. Cal. July 17, 1998) ................................................................................ 1

*Guy A. Shaked Investments, Ltd. v. Trade Box, LLC*,
 No. 19-cv-10593-AB (MAAx), Dkt. No. 56
 (C.D. Cal. Nov. 18, 2020) .............................................................................. 6

*Ho Keung Tse v. Apple Inc.*,
 No. C 06–06573 SBA, 2007 WL 2904279
 (N.D. Cal. Oct. 4, 2007) ................................................................................. 2

*Intellectual Ventures II LLC v. BITCO Gen. Insur. Corp.*,
 No. 6:15-cv-00059-JRG, 2016 WL 4394485
 (E.D. Tex. May 12, 2016) ............................................................................... 9

*Lund Motion Prods., Inc. v. T-Max Hangzhou Tech. Co.*,
 No. SACV 17-001914-CJC-JPR, 2019 WL 116784
 (C.D. Cal. Jan. 2, 2019) .................................................................................. 2

*Realtime Data LLC v. Hewlett Packard Enterprise Co.*,
 No. 6:16-cv-00086-RWS (JDLx), 2017 WL 3712916
 (E.D. Tex. Feb. 3, 2017) ................................................................................. 9

*Rivers v. Walt Disney Co.*,
 980 F. Supp. 1358 (C.D. Cal. 1997) ............................................................... 1

*SCA Hygiene Prods. Aktiebolag ("AB") v. Tarzana Enterprises, LLC*,
   No. CV 17-04395-AB (JPRx), 2017 WL 5952166
   (C.D. Cal. Sept. 27, 2017) .................................................................................. 4

*Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*,
   No. SACV 12-21-JST (JPRx), 2012 WL 7170593
   (C.D. Cal. Dec. 19, 2012) ............................................................................... 2, 3

*Signal IP v. American Honda Motor Co., Inc.*,
   No. 14-cv-02454-JAK (JEMx), 2016 WL 4870346
   (C.D. Cal. Mar. 4, 2016) .................................................................................. 9

*Sleep No. Corp. v. Sizewise Rentals, LLC*,
   No. EDCV 18-00356-AB (SPx), 2019 WL 1091335
   (C.D. Cal. Feb. 12, 2019) ............................................................................. 2, 3

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
   No. 2:16-CV-638-JRG, 2017 WL 9885168
   (E.D. Tex. June 13, 2017) ............................................................................. 10

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
   943 F. Supp. 2d 1028 (C.D. Cal. 2013) ......................................................... 1, 2

*Virginia Innovation Scis., Inc. v. Samsung Elecs. Co.*,
   983 F. Supp. 2d 713 (E.D. Va. 2014) .............................................................. 10

*Weserve Drone LLC v. SZ DJI Technology Co. Ltd.*,
   No. CV 19-04382-AB (AFMx), 2020 WL 4373365
   (C.D. Cal. Mar. 17, 2020) ........................................................................ 6, 7, 8

*Wi-LAN Inc. v. Huizhou TCL Mobile Communications Co. Ltd.*,
   No. SACV 19-870-JVS (ADSx), 2020 WL 1269837
   (C.D. Cal. Feb. 7, 2020) ............................................................................. 7, 8

*Wonderland Nursery Goods Co. v. Baby Trend, Inc.*,
   No. EDCV 14-01153-VAP, 2015 WL 1809309
   (C.D. Cal. Apr. 20, 2015) ................................................................................ 3

**Statutes**

35 U.S.C.
 § 315(b).................................................................................................................4
 § 315(e).................................................................................................................3

## I. INTRODUCTION

Defendant Snap Inc. ("Snap" or "Defendant") moves to stay this action pending *inter partes* review of all of Plaintiff Palo Alto Research Center Inc.'s ("PARC" or "Plaintiff") remaining patents against Snap. Of the three patents PARC initially asserted against Snap, two remain: U.S. Patent Nos. 8,489,599 (the "'599 Patent") and 9,208,439 (the "'439 Patent").[1] On May 21, 2021, Snap filed a petition for inter partes review ("IPR") of claims 1-20 of the '439 Patent. (*See* Petition for IPR of '439 Patent, attached as Exhibit A). On May 21, 2021, Snap filed a petition for IPR of claims 1-25 of the '599 Patent. (*See* Petition for IPR of '599 Patent, attached as Exhibit B). An institution decision is expected to issue in approximately six months from the filing date (December 2021). *See* 35 U.S.C. § 314(b).

Upon the PTAB's finding of a "reasonable likelihood that [Snap] would prevail" in its invalidity challenge and consequent institution of the *inter partes* review, the PTAB's final decision must issue within a year of institution, or approximately December 2022. 35 U.S.C. § 316(a). Notably, between Oct. 1, 2020 to Mar. 31, 2021, 60% of petitions considered by the PTAB were instituted; in 82% of IPR petitions reaching FWD, at least some claims of instituted patents were invalidated, and in 67%, *all* claims of an instituted patent were invalidated. *See* Exhibit C at 6, 11, available at https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2021_q2_roundup_.pdf. Based upon this recent data, upon institution of IPRs for *two* patents, there is a near 97% probability that at least some of the claims will be invalidated and an 89% probability that *all* claims of at least one patent will be invalidated. In sum, the narrowing of issues through eliminating

---

[1] On March 16, 2021, this Court held that the third asserted patent, U.S. Patent No. 8,966,362, was invalid under 35 U.S.C. § 101. Order on Snap's Mot. to Dismiss, Dkt. 36, at 30.

certain asserted claims or even one or both asserted patents entirely, is not only possible, but highly likely.

Moreover, this case is currently in its nascent stages. Snap notified PARC of its intent to file IPRs and requested a meet and confer on a stay on May 19, 2021, two days prior to the Court's scheduling conference.[2] The IPRs were filed two days later. Discovery has only just begun as Plaintiff served infringement contentions identifying its asserted patent claims and theories of infringement only three weeks ago, on May 11, 2021. As referenced above, if and when the PTAB institutes on one or both of the '599 and '439 patents, there is a high likelihood that claims will be invalidated, which will simplify or even potentially dispose of the entire case against Snap. Granting a stay pending the PTAB's review of the asserted patents at this point in the case will potentially avoid a significant and unnecessary expenditure of party and judicial resources. And where, as here, the parties are not competitors, there is little prejudice to Plaintiff beyond what limited prejudice is inherent to a stay.

Congress intended IPR proceedings to provide a "timely, cost effective alternative to litigation" and permitted "coordination between district court infringement litigation and *inter partes* review to reduce duplication of efforts and costs." 77 Fed. Reg. 48,680, at 48,680 and 48,721 (Aug. 14, 2012). Snap's request for a stay falls squarely within Congress' stated purpose for IPR proceedings. Given the early stages of litigation, high potential to simplify the case, and lack of undue prejudice or disadvantage to the plaintiff, a stay pending resolution of the IPRs should be granted.

## II. LEGAL STANDARD

"A district court has the inherent power to stay its proceedings. This power

---

[2] PARC did not make itself available to meet and confer until a week later on May 26, 2021, delaying the parties satisfying the Court's meet and confer requirements prior to Snap filing this motion.

to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings." *Guthy–Renker Fitness L.L.C. v. Icon Health & Fitness Inc.*, No. CV 97–7681 LGB (EX), 1998 WL 670240, at *2 (C.D. Cal. July 17, 1998) (quoting *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)).

In deciding whether to grant a stay pending *inter partes* review proceedings, courts in this District have considered three factors that were originally used to consider requests for stays pending U.S. Patent and Trademark Office reexamination proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013). While these factors are important, ultimately "the totality of the circumstances governs." *Allergan Inc. v. Cayman Chem. Co.*, No. SACV 07-01316 JVS (RNBx), 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009).

### III.   L.R. 7-3 STATEMENT OF COMPLIANCE

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 26, 2021.

### IV.   PROCEDURAL HISTORY

PARC filed this action on November 25, 2020. Dkt. 1. Snap filed a motion to dismiss on February 17, 2021. Dkt. 31. On March 16, this Court held one of PARC's three asserted patents to be invalid under 35 U.S.C. § 101, finding factual

1  disputes precluded disposition on the pleadings as to PARC's two remaining
2  asserted patents. Dkt. 36. Snap filed its answer on March 30. Dkt. 37.
3        On April 30 the Parties held a Rule 26(f) conference and on May 7 filed a
4  joint Rule 26(f) discovery plan. Dkt. 39. On May 11, PARC served its
5  infringement contentions. On May 19, 2021, the Court issued a scheduling order,
6  setting trial for May 31, 2022. Two days later, on May 21, Snap filed two petitions
7  for *inter partes* review, seeking review of PARC's two remaining asserted patents.
8  *Snap Inc. v. Palo Alto Research Center Inc.*, IPR2021-00986 (PTAB); *Snap Inc. v.*
9  *Palo Alto Research Center Inc.*, IPR2021-00987 (PTAB).
10       Prior to filing the IPRs, on May 19 Snap contacted PARC's counsel to meet
11 and confer regarding this anticipated motion to stay. The parties met and conferred
12 on May 26 to discuss the merits of the motion. On May 27, 2021, PARC's counsel
13 indicated that PARC would oppose this instant motion.
14 **V.  ARGUMENT**
15     **A.  Stage Of Proceedings**
16       When analyzing whether the stage of proceedings favors a stay, this Court
17 considers "whether discovery is complete and whether a trial date has been set."
18 *See Universal Elecs.*, 943 F. Supp. 2d at 1030-31. The Parties only filed their Rule
19 26(f) joint report on May 7, 2021, and a case schedule recently issued on May 19,
20 2021. Dkt. 44. Trial is scheduled to occur in approximately 12 months, on May
21 31, 2022. *Id.* at 3. Discovery has only just begun: Plaintiff served its first set of
22 discovery requests April 30, 2021—and did so prematurely: PARC's requests for
23 production and interrogatories sought documents and information with respect to—
24 and making express reference to—its infringement contentions, but PARC's
25 infringement contentions were not served until nearly two weeks later on May 11,
26 2021. *See id.* at 3. No depositions have been scheduled or taken place. A stay is
27 particularly appropriate here, where the case is "in the initial stages of litigation or
28 in which there has been little discovery." *Ho Keung Tse v. Apple Inc.*, No. C 06–

06573 SBA, 2007 WL 2904279, at *2 (N.D. Cal. Oct. 4, 2007).

"The Court's expenditure of resources is [also] an important factor in evaluating the stage of the proceedings." *Lund Motion Prods., Inc. v. T-Max Hangzhou Tech. Co.*, No. SACV 17-01914-CJC-JPR, 2019 WL 116784, at *2 (C.D. Cal. Jan. 2, 2019) (*quoting Universal Elecs.*, 943 F. Supp. 2d at 1031). Stay is appropriate where, "considering the general time line of patent litigation, there is more work ahead of the parties and the Court than behind the parties and the Court." *Semiconductor Energy Laboratory Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012). Here, although the Court has decided on a motion to dismiss, the vast majority of work—including nearly the whole of fact discovery, claim construction, expert discovery, pre-trial and trial—still lies ahead for the parties and the Court. *See DivX LLC v. Netflix Inc.*, No. 19-cv-1602 PSG (DFMx), 2020 WL 3026034, at *2 (C.D. Cal. May 11, 2020) (stage of proceedings favored stay, despite the Court having ruled on a § 101 Rule 12 motion (*see id.* at Dkt. No. 59) where claim construction had only just begun, and a Markman hearing set for more than three months later); *BlackBerry Ltd. v. Facebook, Inc. et al.*, No. 2:18-cv-01844 GW (KSx), Dkt. No. 652 at *2-3, FN 1 (C.D. Cal. Feb. 13, 2020) (granting stay as to certain asserted patents despite having ruled on an earlier § 101 Rule 12 motion); *Univ. Elecs. Inc. v. Roku, Inc.*, No. 18-cv-01580 JVS (ADSx), 2019 WL 6974173, at *2 (C.D. Cal. Nov. 4, 2019) (finding stage of litigation favored stay where despite having ruled on a § 101 Rule 12 motion and having held the Markman hearing, fact discovery was not yet complete and expert discovery had not begun, and "there is still much work left to be done"). Indeed, PARC has only just served its initial infringement contentions, identifying how it believes each asserted claim is infringed by Snap. Notably, PARC's infringement contentions are based purely on public information and speculation, and do not include any investment by PARC in analyzing Snap's source code, which is due to be provided on June 15, 2021.

Dkt. 44 at 3.

Courts in this District also consider "the status of claim construction proceedings a significant turning point in evaluating this [first] factor." *Sleep No. Corp. v. Sizewise Rentals, LLC*, No. EDCV 18-00356-AB (SPx), 2019 WL 1091335, at *2 (C.D. Cal. Feb. 12, 2019) (*citing Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP, 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015)). Claim construction exchanges have not yet occurred in this case, and a claim construction hearing is not expected until September 24, 2021, and associated order until October 8, 2021.

Given the early stage of the case, with relatively minimal expenditure of resources to date and the bulk of tasks yet to occur, the circumstances here weigh strongly in favor of a stay.

### B. Simplification Of Issues

All of the claims of the remaining Asserted Patents are subject to the IPR petitions, and thus the petitions have the potential to fully resolve—or otherwise significantly simplify—all of Plaintiff's infringement claims. *See Semiconductor Energy*, 2012 WL 7170593, at *2 ("[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the [PTAB] and clarifying the scope of the claims.") (internal quotation marks omitted) (alterations omitted). And, as discussed above, upon institution, the likelihood of invalidation of one or more claims in the collective IPR proceedings is nearly 97%, and an 89% chance that all challenged claims of at least one of the patents are invalidated.

But even in the unlikely event that none of the IPR petitions are instituted, the institution decisions are expected to issue within six months of filing, and if denied, the litigation may continue at that point in time. *See Wonderland Nursery*, 2015 WL 1809309, at *3 ("It is certainly true that the USPTO may choose not to

institute an IPR, in which case no simplification of issues will result from the stay. However, if an IPR is not instituted, the stay will be relatively short and the action can continue with minimal delay."). See also *Guy A. Shaked Investments, Ltd. v. Trade Box, LLC*, No. 19-CV-10593-AB (MAAx), Dkt. No. 56, at 3 (C.D. Cal. Nov. 18, 2020) (granting stay pending IPR pre-institution); *DataQuill Ltd. v. TCL Commc'n Tech. Holdings Ltd.*, No. 19-CV-03394-AB (PLAx), 2020 WL 3884436, at *3 (C.D. Cal. Apr. 24, 2020) (same); *Weserve Drone, LLC v. SZ DJI Tech. Co. Ltd.*, No. 19-CV-04382-AB, 2020 WL 4373365, at *4 (C.D. Cal. Mar. 17, 2020) (same).

Thus, with the potential to fully resolve or otherwise significantly simplify the case, the simplification of the issues factor strongly favors a stay.

### C. No Undue Prejudice

When considering prejudice or a clear tactical disadvantage to Plaintiff, the Court considers factors "such as the timing of the requests for reexamination and a stay, the status of the reexamination proceedings, and the relationship of the parties." See *SCA Hygiene Prods. Aktiebolag ("AB") v. Tarzana Enterprises, LLC*, No. CV 17-04395-AB (JPRx), 2017 WL 5952166, at *5 (C.D. Cal. Sept. 27, 2017). The general prejudice of delaying resolution is insufficient to deny a motion to stay. *Wonderland Nursery*, at *4.

As this Court has recognized, Congress allows a 12-month window for a Defendant to submit an IPR Petition after Defendant has been served with the Complaint; here, Snap filed its petitions *six months* ahead of its statutory deadline. See *Weserve Drone, LLC*, at *4 (finding the prejudice factor "weighs strongly in favor of granting Defendant's Motion to Stay," even where IPR petition filed only four months ahead of the statutory deadline). Moreover, even as compared against PARC's efforts in this litigation, Snap has not delayed: PARC has only just provided its initial infringement contentions in which it identified the claims it believes are infringed as of May 11, 2021. See *Wi-LAN Inc. et al. v. Huizhou TCL*

*Mobile Comm. Co. Ltd. et al.*, Civ. Action No. 19-00870-JVS (ADSx), 2020 WL 1269837, at *3 (C.D. Cal. Feb. 7, 2020) (finding IPRs filed approximately six weeks after service of infringement contentions demonstrated diligence).  Finally, Snap is moving to stay within just 2 weeks after the filing of its IPRs (and would have filed sooner with an earlier hearing date but for PARC's unavailability for a week after Snap's initial request to confer).

        Courts also consider whether the parties are direct competitors and whether the defendant continues to infringe on the plaintiff's patent. *Biomet Biologics, LLC v. Bio Rich Med., Inc.*, No. CV 10-1582 DOC (PJWx), 2011 WL 4448972, at *2 (C.D. Cal. Sept. 26, 2011).  Snap and PARC are not direct competitors, and PARC's complaint reflects that PARC and Snap do not even operate in the same fields of technology:  PARC alleges that it and its parent company, Xerox, were once pioneers in printer and computer advancements, and that it has extended its "legacy" to other technologies such as artificial intelligence, air conditioning, floating oceanic sensors, fiber optic sensors, solar energy, natural language search, medical devices, and gas processing.  Complaint at §§ 6-7.  In contrast, PARC alleges that Snap is a social media company, which owns and operates the Snapchat app.  Complaint at § 8.  Snap knows of no PARC product that competes with the Snapchat app, and PARC does not allege any.  *See also* Exhibit D at 7 (PARC's Infringement Contentions Cover Pleading) (identifying no PARC products practicing the claimed inventions).  Although PARC has included boilerplate allegations of "irreparable injury for which there is no adequate remedy at law" and requests for injunctive relief in its Complaint, it has provided no factual basis that it may suffer irreparable injury based on Snap's alleged infringement of its asserted patents.  Complaint at §§ 53, 78.  Where, as here, Snap and PARC are not competitors and there is no basis for irreparable injury that could not be compensated with monetary damages, the prejudice factor weighs strongly in favor of granting a motion to stay.  *See Weserve Drone, LLC*, at *4 (finding the prejudice

factor "weighs strongly in favor of granting Defendant's Motion to Stay," where parties were not competitors and there was no basis for irreparable harm from the alleged infringement); *Wi-LAN* at *3 (finding the Plaintiff "cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement").

Finally, Snap anticipates that PARC will argue that the Court's issuance of the same scheduling order in co-pending litigations weighs against a stay. But those are separate cases against separate companies involving separate accused products or features, and which will ultimately be tried separately in their respective actions. While the simplification or elimination of issues in PARC's case against Snap may ultimately simplify some issues in PARC's co-pending cases (*e.g.*, if overlapping asserted claims are invalidated by the PTAB), the existence and status of unrelated litigation with overlapping issues is irrelevant to whether a stay ***in this case*** is appropriate. Indeed, plenty of courts have determined to stay cases pending IPRs independent of the existence of other district court litigation involving the same patents, or have even determined to stay some cases but not others involving the same patents, based on a case-by-case stay analysis. *See e.g., Signal IP v. American Honda Motor Co., Inc.*, 14-cv-02454-JAK (JEMx), 2016 WL 4870346 at *4 (C.D. Cal. Mar. 4, 2016) (Kronstadt, J.) (evaluating stays pending IPR separately for "first round defendants" and "second round defendants," despite patent overlap across first and second round defendants, denying as to first round defendants, and granting as to second round defendants); *Intellectual Ventures II LLC v. BITCO Gen. Insur. Corp., et al.,* No. 6:15-cv-00059-JRG, 2016 WL 4394485 (E.D. Tex. May 12, 2016) (evaluating and granting stay without considering effect of whether defendant in co-pending litigation involving same patent would also move to stay); *Realtime Data LLC v. Hewlett Packard Enterprise Co.*, No. 6:16-cv-00086-RWS (JDLx), 2017 WL 3712916, at *5-6 (E.D. Tex. Feb. 3, 2017) (evaluating stays pending IPR separately for two groups of defendants, granting as to one group and denying as to the other, and not considering a yet third

group of defendants, whose stay motion was separately considered); *American Vehicular Sciences, LLC v. Toyota Motor Corp. et al.*, 6:12-cv-00404-JDL, 2014 WL 12605523 (E.D. Tex. Feb. 19, 2014) (granting IPR petitioner's motion to stay as to certain "IPR patents" and setting claim construction involving the "IPR patents" as to the nonmoving parties). Not surprisingly, that a stay may negatively impact a Plaintiff's efforts to coordinate between multiple, unrelated litigations is not the type of undue prejudice courts have looked to in assessing this factor.

### D. The Totality Of Circumstances Weighs In Favor Of A Stay

A stay is warranted in this case because each of the factors weighs in favor of a stay: (1) the case is still in its nascent stages as discovery has only just begun and no claim construction proceedings have occurred; (2) all the asserted claims have been challenged and there exists a high likelihood of one or more claims being invalidated that will simplify the case; and (3) and a stay will impose no undue prejudice or disadvantage to Plaintiff.

## VI. CONCLUSION

Snap respectfully requests that its motion be granted and this case be stayed pending resolution of *Inter Partes Review* proceedings relating to U.S. Patent Nos. 8,489,599 and 9,208,439.

| | | |
|---|---|---|
| 1 | DATED: June 3, 2021 | PAUL HASTINGS LLP |

By: */s/ Yar R. Chaikovsky*
Yar R. Chaikovsky (SB# 175421)
yarchaikovsky@paulhastings.com
Philip Ou (SB# 259896)
philipou@paulhastings.com
David Okano (SB#278485)
davidokano@paulhastings.com
Bruce Yen (SB# 277920)
bruceyen@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:  1(650) 320-1800
Facsimile:  1(650) 320-1900

Steven A. Marenberg (SB# 101033)
PAUL HASTINGS LLP
1999 Avenue of the Stars, Twenty-Seventh Floor
Los Angeles, CA 90067
Telephone: 1(310) 620-5710
Facsimile: 1(310) 620-5810

*Attorneys for Defendant*
 SNAP INC.