# EXHIBIT A

YAR R. CHAIKOVSKY (SB# 175421)
yarchaikovsky@paulhastings.com
PHILIP OU (SB# 259896)
philipou@paulhastings.com
DAVID OKANO (SB# 278485)
davidokano@paulhastings.com
BRUCE YEN (SB# 277920)
bruceyen@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:  1(650) 320-1800
Facsimile:  1(650) 320-1900

STEVEN A. MARENBERG (SB# 101033)
stevenmarenberg@paulhastings.com
PAUL HASTINGS LLP
1999 Avenue of the Stars, Suite 2700
Los Angeles, California  90067
Telephone:  1(310) 620-5710
Facsimile: 1(310) 620-5270

Attorneys for Defendant
SNAP INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PALO ALTO RESEARCH CENTER INC., <br><br> Plaintiff, <br><br> vs. <br><br> SNAP INC., <br><br> Defendant. | CASE NO. 2:20-cv-10755-AB-MRWx <br><br> **DEFENDANT SNAP, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF PALO ALTO RESEARCH CENTER, INC.'S INTERROGATORIES (NOS. 1-19), SET ONE** |

PROPOUNDING PARTY:     PLAINTIFF PALO ALTO RESEARCH CENTER
INC.

RESPONDING PARTY:     SNAP INC.

SET NO.:     ONE

1   Pursuant to Federal Rules of Procedure 26 and 33, Defendant Snap Inc.

2   ("Defendant" or "Snap") hereby answers, objects, and otherwise responds to

3   Plaintiff's First Set of Interrogatories as follows:

4   **DEFENDANT'S PRELIMINARY STATEMENT**

5   1.   Defendant has not completed its investigation relating to this action,

6   has not completed discovery in this action, and has not completed preparation for

7   trial.  As discovery proceeds, facts, information, evidence, documents and things

8   may be discovered, which are not set forth in these responses, but which may have

9   been responsive to these Interrogatories.  The following responses are based on

10   Defendant's knowledge, information and belief at this time, and are complete as to

11   Defendant's best knowledge at this time.  Furthermore, these responses are

12   prepared on Defendant's good faith interpretation and understanding of the

13   Interrogatories, and are subject to correction for unintended errors or omissions, if

14   any.

15   2.   Defendant reserves the right to refer to, conduct discovery with

16   reference to, or to offer into evidence at the time of trial, any and all facts, evidence,

17   documents and things developed during the course of discovery and trial

18   preparation, notwithstanding the reference to facts, evidence, documents and things

19   in these responses.  In addition, Defendant assumes no obligation to voluntarily

20   supplement or amend these responses to reflect information, evidence, documents

21   or things discovered following service of these responses.  Nevertheless, these

22   responses are given without prejudice to subsequent revision or supplementation,

23   including objections, based upon any information, evidence and documentation,

24   which hereinafter may be discovered.

25   **GENERAL OBJECTIONS**

26   3.   The following general objections apply to each interrogatory and,

27   accordingly, Defendant incorporates each of these general objections into the

28   specific responses set forth below.  The assertion of the same or additional

objections in any particular response to an interrogatory does not waive other general objections set forth herein.

4.     The following responses are made solely for the purpose of this action and are subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections and grounds which would or could require or permit the exclusion of any statement from evidence, all of which are reserved and may be interposed at the time of trial.

5.     In addition to any specific objections that may be made on an individual basis in the responses set forth below, Defendant objects generally to PARC's Interrogatories to the extent they seek to impose upon Defendant a greater obligation than required by law.

6.     In addition to any specific objections that may be made on an individual basis in the responses set forth below, Defendant objects generally to PARC's Interrogatories to the extent they seek information protected by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege.

7.     In addition to any specific objections that may be made on an individual basis in the responses set forth below, Defendant objects generally to PARC's Interrogatories to the extent they request Defendant to provide or analyze information that is not within the possession, custody, or control of Defendant.

8.     In addition to any specific objections that may be made on an individual basis in the responses set forth below, Defendant objects generally to PARC's Interrogatories to the extent they are duplicative or cumulative of other discovery or seeks information that is publicly available or can be obtained from another source that is more convenient, and less expensive, or that is already in the possession of PARC.

9.     In addition to any specific objections that may be made on an individual basis in the responses set forth below, Defendant objects generally to

PARC's Interrogatories to the extent that a response would violate Defendant's obligations to maintain third-party confidential or proprietary information. Subject to its objections, Defendant will not reveal the contents of third-party information without permission to do so.

10.     In addition to any specific objections that may be made on an individual basis in the responses set forth below, Defendant objects generally to PARC's Interrogatories to the extent that most of the interrogatories are overbroad, unduly burdensome, vague, and ambiguous as to time. Defendant objects to interrogatories where no time period is stated as severely overbroad and unduly burdensome to the point of being harassing.

11.     In addition to any specific objections that may be made on an individual basis in the responses set forth below, Defendant objects in particular to PARC's Interrogatories as compound and having multiple subparts.

12.     Defendant objects to the definition of "Snap," "Snapchat," "Defendant," "You" and "Your" referring to "any and all past and present [individuals or entities]" as inaccurate, overbroad and unduly burdensome as the definition encompasses third-party entities that are independent of Defendant—entities over which Defendant has no control.

13.     "Accused Features" is non-specifically defined as "the functionality identified and discussed in PARC's Complaint and/or Infringement Contentions, Including any supplements or amendments thereto."  Defendant objects to the definition of "Accused Features" as encompassing "Infringement Contentions" which were not served until nearly two weeks after the time of service of PARC's first set of interrogatories to Defendant.  Defendant further objects to the definition of "Accused Features" as particularly vague and ambiguous, overbroad and which renders responses to PARC's interrogatories unduly burdensome.  Defendant objects to the definition of "Accused Features" as having no reasonably certain or definite meaning and which changes with any amendment or supplement to

PARC's Complaint and/or Infringement Contentions.  Defendant objects to PARC's definition to the extent it encompasses elements not specifically accused of infringement.  Defendant further objects to the definition of "Accused Features" based upon the insufficiency of PARC's infringement contentions, which themselves are vague, ambiguous, and overbroad, and which fail to identify any accused features or functionalities with sufficient specificity for Defendant to have certainty as to the meaning and scope of "Accused Features."  Defendant objects to the definition of "Accused Features" to the extent that it imposes on Defendant the burden of determining what functionality is intended by PARC to be identified and discussed in PARC's complaint and/or infringement contentions.  Accordingly, Defendant provides its responses herein based upon its understanding of "Accused Features" to the best it can decipher from PARC's Complaint and Infringement Contentions.

14.    Defendant objects to "Accused Products" as vague and ambiguous, overbroad and unduly burdensome.  In particular, although Defendant cites to various snapchat.com webpages as documentation in support of its infringement contentions, the website "www.snapchat.com" itself does not appear to be identified as meeting any particular claim limitation in any of PARC's infringement contentions and itself does not appear to be relevant to any specific infringement contention.  Further, PARC's Complaint and Infringement Contentions does not identify or make reference to any mobile application aside from the Snapchat app.  Accordingly, Defendant objects to "Snapchat's mobile applications" as vague and ambiguous, and overbroad to the extent it encompasses any "mobile application" aside from the Snapchat app.

15.    Defendant objects to the definition of "Asserted Claims" to the extent it encompasses any additional claims identified by PARC in any amended or supplemented version(s) of its Infringement Contentions to the extent such amendments or supplements are not made pursuant to Court sanction.  Defendant

objects to the definition of "Asserted Claims" which is defined based on PARC's "Infringement Contentions," which were not served until nearly two weeks after the time of service of PARC's first set of interrogatories to Defendant.

16.     Defendant objects to the definition of "Including" as vague and ambiguous as being defined based upon "Including."

17.     Defendant objects to the definition of "Infringement Contentions" to the extent it encompasses additional claims identified by PARC in any amended or supplemented version(s) of its Infringement Contentions to the extent such amendments or supplements are not made pursuant to Court sanction.

18.     Defendant objects to the definition of "PARC Patent" as vague and ambiguous, overbroad and unduly burdensome to the extent whether any patent assigned to, or previously assigned to PARC is not reasonably ascertainable by Defendant, and separately unduly burdensome to the extent the use of "PARC Patent" foists a responsibility upon Defendant to ascertain all such patents.

19.     Defendant objects to the definitions of "Identification," "Identify," "Identity," "Identifying," "Document," and "Communication" as exceeding the requirements of the Federal Rules of Civil Procedure and the local rules of this Court.

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES

**INTERROGATORY NO. 1:**

Separately for each version of each Accused Feature, list in order and describe the series of events, and the source code module(s) that effect those events, that will result in the implementation of that Accused Feature. To aid in answering this interrogatory, we request that as part of Your answer for each such event, please (1) identify the specific source code module(s) causing or governing the event; (2) describe when and how each module invokes other modules in the sequence of

events; (3) identify specifically where each listed module is located in your source code production; (4) identify the person(s) who programmed the module; and (5) list any non-source-code Documents (e.g., flowcharts, wikis, slides, pictures, videos, etc.) that reflect the foregoing sequence or linkage between each listed module. For purposes of this interrogatory, the term "module" is used generally and would include a source code file or part thereof, as well as a programming routine or subroutine.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

*See* General Objections, including objections to the definition of "Accused Feature." Defendant further objects to this Interrogatory as compound and having multiple subparts. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case with respect to its request for a list and description of "the series of events . . . that will result in the implementation of that Accused Feature", as well as the enumerated list of information to be provided in relation to such events. Defendant further objects to this Interrogatory in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Products and Accused Features referenced in this Interrogatory.

Defendant objects to this Interrogatory on the grounds that it seeks privileged and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this Interrogatory to the extent that the information sought is a matter of public record and therefore equally accessible to PARC.

Defendant objects to this Interrogatory for its scope being based upon Infringement Contentions that were served nearly two weeks after these Interrogatories were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2). Defendant further objects to this Interrogatory based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow

Defendant to ascertain the scope of accused infringement and on that basis renders the Interrogatory vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant also objects to this Interrogatory as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features.

Subject to and without waiving these objections, Defendant responds as follows: to the extent Defendant is able to understand the scope of PARC's infringement contentions, Defendant will search its records and produce any responsive, non-objectionable, non-privileged documents, to the extent they exist and can be located after a reasonable search and inquiry that contain information responsive to this Interrogatory under Fed. R. Civ. P. 33(d).  The process by which Snapchat presents advertisements is set forth in detail in the code which implements it.  Pursuant to Fed. R. Civ. P. 33(d) PARC can derive the answer to this Interrogatory through review of the code with the same amount of burden. Defendant will provide its source code responsive to this Interrogatory based on Defendant's understanding of PARC's complaint and infringement contentions pursuant to this district's Rules and according to the schedule entered in this action.

Discovery and investigation of the facts relating to this Interrogatory are ongoing.  Defendant expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 2:**

Separately for each Accused Feature, Identify any internal or alternate names for the feature, the date of first public implementation of each such Accused Feature, the Bates numbers of any Documents supporting Your answer, and the Person(s) most knowledgeable about the date and circumstances surrounding the public implementation of each such Accused Feature. Your answer should use the format of the following table:

| Product Name | Internal Name(s) | Date of First Public Implementation | Bates #s of Supporting Document(s) | Most Knowledgeable Person(s) |
|---|---|---|---|---|
|  |  |  |  |  |

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

*See* General Objections, including objections to the definition of "Accused Feature." Defendant further objects to this Interrogatory as compound and having multiple subparts. Defendant objects to this Interrogatory as vague and ambiguous and overly broad, unduly burdensome, and not proportional to the needs of the case with respect to seeking "any internal or alternate names for the feature," and "the Person(s) most knowledgeable about the date and circumstances surrounding the public implementation of each such Accused Feature." Defendant further objects to this Interrogatory in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Products and Accused Features referenced in this Interrogatory.

Defendant objects to this Interrogatory as unduly burdensome, oppressive and premature to the extent it calls for expert testimony. Defendant objects to this Interrogatory on the grounds that it seeks privileged and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this

Interrogatory to the extent that the information sought is a matter of public record and therefore equally accessible to PARC.

Defendant objects to this Interrogatory for its scope being based upon Infringement Contentions that were served nearly two weeks after these Interrogatories were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2). Defendant further objects to this Interrogatory based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Interrogatory vague and ambiguous. PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete. PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product. Defendant also objects to this Interrogatory as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features.

Subject to and without waiving these objections, Defendant responds as follows: Advertising, generally, was publically introduced on Snapchat on or around October 2014. *See* https://newsroom.snap.com/en-GB/advertising-on-snapchat. Currently, advertising on Snapchat may be referred to as Snap Ads or Snapchat Ads.

Discovery and investigation of the facts relating to this Interrogatory are ongoing. Defendant expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 3:**

From May 1, 2006 to present, separately identify all of Your

instrumentalities (e.g., Your Accused Products, Your Accused Features, website-

related code, applications, firmware, software, servers, features, and/or devices) that

implement (1) targeted advertising; and/or (2) one or more Accused Features.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

*See* General Objections, including objections to the definition of "Accused

Features" and "Accused Products."  Defendant further objects to this Interrogatory

as compound and having multiple subparts.  Defendant objects to this Interrogatory

as vague and ambiguous and overly broad, unduly burdensome, and not

proportional to the needs of the case with respect to seeking an identification of

Defendant's "instrumentalities" that "implement (1) targeted advertising; and/or (2)

one or more Accused Features," "targeted advertising," and "one or more Accused

Features."  Defendant objects to this Interrogatory in particular due to the absence

of specificity in PARC's infringement contentions as to what exactly is accused of

infringement.

Defendant objects to this Interrogatory on the grounds that it seeks privileged

and confidential commercial, financial, and/or proprietary business information.

Defendant further objects to this Interrogatory to the extent that the information

sought is a matter of public record and therefore equally accessible to PARC.

Defendant objects to this Interrogatory for its scope being based upon

Infringement Contentions that were served nearly two weeks after these

Interrogatories were served, and so prematurely seek a response to discovery

requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2).

Defendant further objects to this Interrogatory based on the inadequacy of

Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow

Defendant to ascertain the scope of accused infringement and on that basis renders

the Interrogatory vague and ambiguous.  PARC's May 11, 2021 Infringement

Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant also objects to this Interrogatory as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations.

Subject to and without waiving these objections, Defendant responds as follows:  Defendant is willing to meet and confer to discuss the relevance and scope of this Interrogatory.

**INTERROGATORY NO. 4:**

From November 24, 2014 to the present on a quarterly basis, Identify and describe Your (1) gross revenue, net revenue, gross profit, net profit, (and any internal allocations of revenue or profit as applicable) derived by You in connection with each Accused Feature, (2) the method by which such amounts were computed, (3) the features or functionalities associated with each Identified revenue stream, and (4) the Identification and content of all Documents or databases containing this information. Your answer should include an Identification of all Documents or Communications related to Your answer (by Bates range) and include an Identification of the Person(s) most knowledgeable about Your answer.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

*See* General Objections, including objections to the definition of "Accused Feature."  Defendant further objects to this Interrogatory as compound and having multiple subparts. Defendant further objects to the interrogatory in that it assumes the existence of "revenue" or "profit" derived "in connection with each Accused Feature," and premature at least because PARC has not set forth a basis or opinion for any such "revenue" or "profit" derived therefrom.  Defendant objects to this Interrogatory as vague and ambiguous and overly broad, unduly burdensome, and

- 11 -

not proportional to the needs of the case with respect to seeking "gross revenue, net revenue, gross profit, net profit, (and any internal allocations of revenue or profit as applicable) derived by You in connection with each Accused Feature," "the method by which such amounts were computed," "the features or functionalities associated with each Identified revenue stream" and "Identification and content of all Documents or databases containing this information."  Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case with respect to seeking a person most knowledgeable about Defendant's answer.  Defendant further objects to this Interrogatory in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Products and Accused Features referenced in this Interrogatory.

Defendant objects to this Interrogatory as unduly burdensome, oppressive and premature to the extent it calls for expert testimony.  Defendant objects to this Interrogatory on the grounds that it seeks privileged and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Interrogatory to the extent that the information sought is a matter of public record and therefore equally accessible to PARC.

Defendant objects to this Interrogatory for its scope being based upon Infringement Contentions that were served nearly two weeks after these Interrogatories were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2). Defendant further objects to this Interrogatory based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Interrogatory vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement

contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant also objects to this Interrogatory as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features.

Subject to and without waiving these objections, Defendant responds as follows:  to the extent Defendant is able to understand the scope of PARC's infringement contentions Defendant will search its records and produce responsive, non-objectionable, non-privileged documents that it identifies that contain information responsive to this Interrogatory under Fed. R. Civ. P. 33(d).  *See also* Snap 10-K Reports, 2017-to-current, available at investor.snap.com/financials/sec-filings/default.aspx.

Discovery and investigation of the facts relating to this Interrogatory are ongoing.  Defendant expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 5:**

Identify and describe the projected future amount of revenue, both gross and net, that You estimate will be derived by You from use of the Accused Features for the next five (5) years, and the method by which such totals were computed and the Identification of Documents that reflect this information. Your answer should include an Identification of all Documents or Communications related to Your answer (by Bates range) and include an Identification of the Person(s) most knowledgeable about Your answer.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

*See* General Objections, including objections to the definition of "Accused Features."  Defendant further objects to this Interrogatory as compound and having multiple subparts.  Defendant objects to this Interrogatory as vague and ambiguous

and overly broad, unduly burdensome, and not proportional to the needs of the case, with respect to seeking an identification and description of "projected future amount of revenue," "from use of the Accused Features," and identification of a person(s) most knowledgeable about Defendant's answer. Defendant objects to this Interrogatory on the grounds that it seeks privileged and confidential commercial, financial, and/or proprietary business information.  Defendant objects to this Interrogatory for its scope being based upon Infringement Contentions that were served nearly two weeks after these Interrogatories were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2).  Defendant further objects to this Interrogatory based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Interrogatory vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant also objects to this Interrogatory as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations.

Subject to and without waiving these objections, Defendant responds as follows:  Defendant is willing to meet and confer to discuss the relevance and scope of this Interrogatory.

**<u>INTERROGATORY NO. 6:</u>**

From May 1, 2006 to the present, Identify and describe with specificity on a quarterly basis Your (1) costs of goods sold (Including fixed and variable costs and expenses), and (2) any allocations of costs and expenses, gross profit margins, operating expenses, operating profit margins, incremental profit margins, associated

1   with the use, sale, installation, manufacturing, marketing, maintenance, licensing,

2   and servicing (Including training and consulting) of the Accused Products and

3   Accused Features. This includes the method by which such costs, expenses, and

4   profit margins were computed and the Identification and content of all Documents

5   or databases containing this information. Your answer should include an

6   Identification of all Documents or Communications related to Your answer (by

7   Bates range) and include an Identification of the Person(s) most knowledgeable

8   about Your answer.

9   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

10      *See* General Objections, including objections to the definition of "Accused

11   Products" and "Accused Features."  Defendant further objects to this Interrogatory

12   as compound and having multiple subparts.  Defendant objects to this Interrogatory

13   as vague and ambiguous and overly broad, unduly burdensome, and not

14   proportional to the needs of the case with respect to seeking information from May

15   1, 2006 which appears to include time periods not relevant to the case, given that

16   Snap did not exist in 2006, and that any damages period would be limited in time

17   by at least the filing dates of the Patents-in-Suit; the filing dates of both the Patents-

18   in-suit post-date May 1, 2006.  Defendant further objects to this interrogatory as

19   premature to the extent that it calls for information that is the subject of expert

20   testimony before the parties have engaged in expert discovery and/or exchanged

21   expert witness reports that will be served pursuant to the deadlines set forth by the

22   Court.  Defendant further objects to this Interrogatory in particular due to the

23   absence of specificity in PARC's infringement contentions as to what exactly is

24   accused of infringement, and which would determine the scope of the Accused

25   Products and Accused Features referenced in this Interrogatory.

26      Defendant objects to this Interrogatory as unduly burdensome, oppressive

27   and premature to the extent it calls for expert testimony.  Defendant objects to this

28   Interrogatory on the grounds that it seeks privileged and confidential commercial,

financial, and/or proprietary business information.  Defendant further objects to this Interrogatory to the extent that the information sought is a matter of public record and therefore equally accessible to PARC.

Defendant objects to this Interrogatory for its scope being based upon Infringement Contentions that were served nearly two weeks after these Interrogatories were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2). Defendant further objects to this Interrogatory based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Interrogatory vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant also objects to this Interrogatory as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Products and Accused Features.

Subject to and without waiving these objections, Defendant responds as follows:  to the extent Defendant is able to understand the scope of PARC's infringement contentions Defendant will search its records and produce responsive, non-objectionable, non-privileged documents that it identifies that contain information responsive to this Interrogatory under Fed. R. Civ. P. 33(d).  *See also* Snap 10-K Reports, 2017-to-current, available at investor.snap.com/financials/sec-filings/default.aspx.

Discovery and investigation of the facts relating to this Interrogatory are ongoing.  Defendant expressly reserves the right to supplement and/or amend its

response to this Interrogatory at an appropriate time and as its investigation
continues in accordance with Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 7:**

Identify and describe all future plans for the Accused Features (Including
future versions of same that are currently planned but not yet released), Including
future plans for development; any planned or contemplated improvements,
additions, new features, new functionality, updates, revisions, and alterations; Your
decision to continue to use, sell, or offer the Accused Features for sale, or make
them available to the public; and Your decision to make any changes to the
Accused Features (Including future versions of same that are currently planned but
not yet released), Including any changes made or planned after You learned of the
Patents-in-Suit, and any changes made or planned at least in part as a result of this
case or the Patents-in-Suit. Your answer should include an Identification of all
Documents or Communications related to Your answer (by Bates range) and
include an identification of the Person(s) most knowledgeable about Your answer.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

*See* General Objections, including objections to the definition of "Accused
Features."  Defendant further objects to this Interrogatory as compound and having
multiple subparts.  Defendant objects to this Interrogatory as vague and ambiguous
and overly broad, unduly burdensome, and not proportional to the needs of the case,
with respect to seeking "all future plans," "future versions," "future plans for
development," "any planned or contemplating improvements, additions new
features, new functionality, updates revisions and the alterations," Defendant's
"decision to continue to use sell, or offer the Accused Features for sale,"
Defendant's decision to make any changes to the Accused Features," and
identification of a person(s) knowledgeable about Defendant's answer.

Defendant objects to this Interrogatory as unduly burdensome, oppressive
and premature to the extent it calls for expert testimony.  Defendant objects to this

interrogatory to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant objects to this Interrogatory on the grounds that it seeks privileged and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Interrogatory to the extent that the information sought is a matter of public record and therefore equally accessible to PARC.

Defendant objects to this Interrogatory for its scope being based upon Infringement Contentions that were served nearly two weeks after these Interrogatories were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2). Defendant further objects to this Interrogatory based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Interrogatory vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant also objects to this Interrogatory as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations.

Subject to and without waiving these objections, Defendant responds as follows:  Defendant is willing to meet and confer to discuss the scope of this Interrogatory.

**<u>INTERROGATORY NO. 8:</u>**

For each Asserted Claim that You contend is not infringed by any of the Patents-in- Suit, set forth in detail (on an element-by-element basis) the factual and legal contention of non-infringement, Including, but not limited to any claim

1   limitations not met and any information You may rely upon to negate any assertion

2   of intent to infringe (e.g., for induced or willful Infringement). Your full description

3   should include, for each Asserted Claim and each of the Accused Features that You

4   contend You do not infringe, an Identification of the claim element(s) and

5   limitation(s) that allegedly are not included in the Accused Feature, and an

6   explanation in detail of why each such element is not included (both literally and

7   under the doctrine of equivalents).  Your answer should also include an

8   Identification of the Person(s) most knowledgeable about Your answer and an

9   Identification of Documents that relate to, support, or refute Your answer.

10   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

11      *See* General Objections, including objections to the definition of "Asserted

12   Claim" and "Accused Features."  Defendant further objects to this Interrogatory as

13   compound and having multiple subparts.  Defendant objects to this Interrogatory as

14   vague and ambiguous and overly broad, unduly burdensome, and not proportional

15   to the needs of the case, with respect to seeking "any information You may rely

16   upon to negate any assertion of intent to infringe," as well as "an explanation in

17   detail of why each such element is not included (both literally and under the

18   doctrine of equivalents)" particularly in the absence of any specific allegations for a

19   basis of any intent to infringe, and PARC's May 11, 2021 infringement contentions

20   that fail to disclose its infringement theory with specificity as to what exactly is

21   accused of infringement, and without any specific identification of any theory under

22   the doctrine of equivalents. Defendant further objects to this Interrogatory as vague

23   and ambiguous, and overly broad, unduly burdensome, and not proportional to the

24   needs of the case, as to requiring an identification of "the Person(s) most

25   knowledgeable about Your answer."

26      Defendant objects to this Interrogatory as unduly burdensome, oppressive

27   and premature to the extent it calls for expert testimony.  Defendant objects to this

28   interrogatory to the extent it calls for a legal conclusion or information protected by

the attorney-client privilege and/or attorney work product doctrine.  Defendant objects to this Interrogatory on the grounds that it seeks privileged and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Interrogatory to the extent that the information sought is a matter of public record and therefore equally accessible to PARC.

Defendant objects to this Interrogatory for its scope being based upon Infringement Contentions that were served nearly two weeks after these Interrogatories were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2).  Defendant further objects to this Interrogatory based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Interrogatory vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant also objects to this Interrogatory as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations.

Subject to and without waiving these objections, Defendant responds as follows:  even to the extent Defendant is able to understand the scope of PARC's infringement contentions this Interrogatory is premature as a contention interrogatory.  To the extent this Interrogatory seeks information that is the subject of expert testimony, such information will be provided on the timeframes established by the Court in this action.  Discovery and investigation of the facts relating to this Interrogatory are ongoing.  Defendant expressly reserves the right to

supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 9:**

For each Asserted Claim or Asserted Patent that You contend is invalid (e.g., under 35 U.S.C. § 102, 103, 112, etc.) or ineligible (e.g., under 35 U.S.C. § 101), set forth in detail (on an element-by-element basis) the factual and legal contention of invalidity or ineligibility. Your full description should include, for each Asserted Claim and each Asserted Patent You contend is invalid or ineligible, an explanation of why each element and limitation, and the combination elements and limitations, is invalid or ineligible. Your answer should also include an Identification of the Person(s) most knowledgeable about Your answer and an Identification of Documents that relate to, support, or refute Your answer.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

*See* General Objections, including objections to the definition of "Asserted Claim" and "Asserted Patent." Defendant further objects to this Interrogatory as compound and having multiple subparts. Defendant further objects to this Interrogatory as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case as to requiring an identification of "the Person(s) most knowledgeable about Your answer."

Defendant objects to this Interrogatory as unduly burdensome, oppressive and premature to the extent it calls for expert testimony. Defendant objects to this interrogatory to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant objects to this Interrogatory on the grounds that it seeks privileged and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this Interrogatory to the extent that the information sought is a matter of public record and therefore equally accessible to PARC.

Defendant objects to this Interrogatory for its scope as to each Asserted Claim being based upon Infringement Contentions that were served nearly two weeks after these Interrogatories were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2).  Defendant also objects to this Interrogatory as premature because claim construction proceedings have yet to begin which will determine the scope of the relevant claim limitations.

Subject to and without waiving these objections, Defendant responds as follows:  this Interrogatory is premature as a contention interrogatory.  Defendant will provide its invalidity contentions responsive to this Interrogatory pursuant to this district's Rules and according to the schedule entered in this action.  Further, to the extent this Interrogatory seeks information that is the subject of expert testimony, such information will be provided on the timeframes established by the Court in this action.

Further, the bases for the invalidity of the Patents-in-Suit under § 101 have been set forth and disclosed in the Rule 12 briefing in this action and in *Palo Alto Research Center Inc. v. Facebook*, Case No. 2:20-cv-10753 and *Palo Alto Research Center Inc. v. Twitter, Inc.*, Case No. 2:20-cv-10754.  Further, bases for the invalidity of the Patents-in-Suit have been set forth in IPR Petitions filed May 21, 2021:  Case Nos. IPR2021-00986 and IPR2021-00987.

Discovery and investigation of the facts relating to this Interrogatory are ongoing.  Defendant expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Fed. R. Civ. P. 26(e).

**<u>INTERROGATORY NO. 10:</u>**

Separately for each Asserted Claim and for each of the Accused Features, Identify and explain all facts and Documents related to any difference between each Accused Feature and each version of the Accused Feature that You contend is

- 22 -

material to PARC's infringement allegations, that You may rely upon to support any assertion or finding of non-infringement in this matter, or that You may rely upon to refute any infringement assertion by Plaintiff in this matter. Your answer should also include an Identification of the Person(s) most knowledgeable about Your answer and an Identification of Documents that relate to, support, or refute Your answer.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

*See* General Objections, including objections to the definition of "Asserted Claim" and "Accused Features."  Defendant further objects to this Interrogatory as compound and having multiple subparts.  Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case for a failure to be limited in time, particularly as to explaining "all facts . . . related to any difference between each Accused Feature and each version of the Accused Feature. . . ."  Defendant further objects to this Interrogatory as vague and ambiguous, and overly broad, unduly burdensome, and not proportional to the needs of the case as to refuting "any infringement assertion by Plaintiff in this matter."

Defendant objects to this Interrogatory as unduly burdensome, oppressive and premature to the extent it calls for expert testimony.  Defendant objects to this interrogatory to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant objects to this Interrogatory on the grounds that it seeks privileged and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Interrogatory to the extent that the information sought is a matter of public record and therefore equally accessible to PARC.

Defendant objects to this Interrogatory for its scope being based upon Infringement Contentions that were served nearly two weeks after these Interrogatories were served, and so prematurely seek a response to discovery

requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2). Defendant further objects to this Interrogatory based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Interrogatory vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant also objects to this Interrogatory as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations.

Subject to and without waiving these objections, Defendant responds as follows:  even to the extent Defendant is able to understand the scope of PARC's infringement contentions this Interrogatory is premature as a contention interrogatory.  To the extent this Interrogatory seeks information that is the subject of expert testimony, such information will be provided on the timeframes established by the Court in this action.

Notwithstanding the above, to the extent Defendant is able to understand the scope of PARC's infringement contentions Defendant will search its records and produce responsive, non-objectionable, non-privileged documents that it identifies that contain information responsive to this Interrogatory under Fed. R. Civ. P. 33(d).  Discovery and investigation of the facts relating to this Interrogatory are ongoing.  Defendant expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 11:**

Separately for each Asserted Claim of the Patents-in-Suit and each of Your Accused Features, Identify and describe all facts (Including the technical and financial details) related to any acceptable non-infringing alternative(s) or design around(s) available to You (apart from the Accused Features and Accused Products in the Infringement Contentions), of which You are aware, which You are presently investigating, or which You may rely upon for any purpose in this case (Including at trial), Including but not limited to any changes made or planned at least in part as a result of this case. Your explanation should include, without limitation, a description of each such alternative on a claim-by-claim and element-by-element basis for the Patents-in-Suit: (1) the technical and financial details and commercial features and benefits of any such available, acceptable non-infringing alternative(s); (2) the basis for any contention by You that any such alternative is non-infringing and is a technologically and commercially suitable alternative for You and Your customers (Including the specific claims and limitations of the Patents-in-Suit that the alternative would avoid infringing); (3) the manpower that is required or would be required by You to develop each such alternative; (4) the costs that would be associated with developing and implementing each such alternative; (5) when You allege any such alternative was available to You; (6) the steps and the time required to develop and implement each such alternative; (7) any positive or negative impact on performance resulting from the alternative, and Identification of the claim limitation that You contend would not be met in the alternatives or design arounds; and (8) which such alternative You contend is the best alternative. Your answer should also include an Identification of the Person(s) most knowledgeable about Your answer and an Identification of Documents that relate to, support, or refute Your answer.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

*See* General Objections, including objections to the definition of "Asserted Claim" and "Accused Features." Defendant further objects to this Interrogatory as compound and having multiple subparts. Defendant objects to this Interrogatory as vague and ambiguous and overly broad, unduly burdensome, and not proportional to the needs of the case with respect to seeking "all facts . . . related to any acceptable non-infringing alternative(s) or design around(s) available to You . . . of which You are aware, which You are presently investigating, or which You may rely upon for any purpose in this case," as well as each of the enumerated requested description information, and the request for a person most knowledgeable about this answer. Defendant objects to this Interrogatory in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement.

Defendant objects to this Interrogatory as unduly burdensome, oppressive and premature to the extent it calls for expert testimony. Defendant objects to this interrogatory to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant objects to this Interrogatory on the grounds that it seeks privileged and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this Interrogatory to the extent that the information sought is a matter of public record and therefore equally accessible to PARC.

Defendant objects to this Interrogatory for its scope being based upon Infringement Contentions that were served nearly two weeks after these Interrogatories were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2). Defendant further objects to this Interrogatory based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders

- 26 -

the Interrogatory vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant also objects to this Interrogatory as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations.

Subject to and without waiving these objections, Defendant responds as follows:  even to the extent Defendant is able to understand the scope of PARC's infringement contentions this Interrogatory is premature as a contention interrogatory.  To the extent this Interrogatory seeks information that is the subject of expert testimony, such information will be provided on the timeframes established by the Court in this action.

Notwithstanding the above, to the extent Defendant is able to understand the scope of PARC's infringement contentions Defendant will search its records and produce responsive, non-objectionable, non-privileged documents that it identifies that contain information responsive to this Interrogatory under Fed. R. Civ. P. 33(d).  Discovery and investigation of the facts relating to this Interrogatory are ongoing.  Defendant expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Fed. R. Civ. P. 26(e).

**<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:</u>**

Separately for each Accused Feature, state and explain how You monetize or otherwise realize revenue from each such feature or any other products or services that are enabled, supported, or enhanced as a result of implementation of the Accused Features.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

*See* General Objections, including objections to the definition of "Accused Feature." Defendant further objects to this Interrogatory as compound and having multiple subparts. Defendant objects to this Interrogatory as vague and ambiguous and overly broad, unduly burdensome, and not proportional to the needs of the case with respect to seeking information with respect to "any other products or services that are enabled, supported, or enhanced as a result of implementation of the Accused Features." Defendant further objects to this Interrogatory in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement.

Defendant objects to this Interrogatory as unduly burdensome, oppressive and premature to the extent it calls for expert testimony. Defendant objects to this Interrogatory on the grounds that it seeks privileged and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this Interrogatory to the extent that the information sought is a matter of public record and therefore equally accessible to PARC.

Defendant objects to this Interrogatory for its scope being based upon Infringement Contentions that were served nearly two weeks after these Interrogatories were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2). Defendant further objects to this Interrogatory based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Interrogatory vague and ambiguous. PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete. PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and

1   product.  Defendant also objects to this Interrogatory as premature because claim

2   construction proceedings have yet to begin which will determine the scope of

3   relevant claim limitations.

4        Subject to and without waiving these objections, Defendant responds as

5   follows:  to the extent Defendant is able to understand the scope of PARC's

6   infringement contentions, they appear to accuse systems relating to advertising

7   using Snapchat.  As to advertising generally, the substantial majority of advertising

8   revenues on Snapchat is generated based upon contractual agreements with

9   customers that are on a fixed fee for advertisements delivered over a period of time,

10  or fees based on the number of advertising impressions delivered. Revenue related

11  to fixed fee agreements is recognized ratably over the service period while revenue

12  related to agreements based on the number of advertising impressions delivered is

13  recognized when the advertisement is displayed.  *See* Snap 10-K Reports, 2017-to-

14  current, available at investor.snap.com/financials/sec-filings/default.aspx.  To the

15  extent Defendant is able to understand the scope of PARC's infringement

16  contentions Defendant will search its records and produce responsive, non-

17  objectionable, non-privileged documents that it identifies that contain information

18  responsive to this Interrogatory under Fed. R. Civ. P. 33(d).

19       Discovery and investigation of the facts relating to this Interrogatory are

20  ongoing.  Defendant expressly reserves the right to supplement and/or amend its

21  response to this Interrogatory at an appropriate time and as its investigation

22  continues in accordance with Fed. R. Civ. P. 26(e).

23  **INTERROGATORY NO. 12:**

24       Identify by Bates number and describe all licenses, settlement agreements,

25  covenants- not-to-sue, technology transfer agreements, or any other agreements

26  providing any rights to patents or technologies entered into by You that You

27  contend is comparable to a license that You and PARC would have agreed to for

28  the Patents-in-Suit or that relate to any of the Accused Features. For each such

license, settlement agreement, covenant-not-to-sue, technology transfer agreement, or other agreement, Your answer should include at least the following: (a) names of all parties; (b) the royalty rate; (c) the royalty base; (d) the term; (e) the technology at issue; (f) the patent numbers for any patents covered by the agreement; (g) the total amount of money paid under the agreement; (h) whether any royalty was paid as a lump-sum or as a running royalty; (i) whether it was assumed that the patents were infringed and valid; and (j) whether there were cross-licenses for any patents and, if so, the amount that each cross-license impacted items (b), (c), and (d). Your description must also include all grounds for Your contention that the license is comparable to what the Parties would have agreed to in the hypothetical negotiation in this case.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

*See* General Objections, including objections to the definition of "Accused Features."  Defendant further objects to this Interrogatory as compound and having multiple subparts.  Defendant objects to this Interrogatory as vague and ambiguous and overly broad, unduly burdensome, and not proportional to the needs of the case with respect to seeking "all licenses, settlement agreements, covenants- not-to-sue, technology transfer agreements, or any other agreements providing any rights to patents or technologies . . . that relate to any of the Accused Features," the enumerated information to be provided, and "all grounds for Your contention that the license is comparable."  Further, Defendant objects to this Interrogatory in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and therefore what would be considered a comparable license.

Defendant further objects to this Interrogatory as unduly burdensome, oppressive and premature to the extent it calls for expert testimony.  Defendant objects to this interrogatory to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product

doctrine.  Defendant objects to this Interrogatory on the grounds that it seeks privileged and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Interrogatory to the extent that the information sought is a matter of public record and therefore equally accessible to PARC.

Defendant objects to this Interrogatory for its scope being based upon Infringement Contentions that were served nearly two weeks after these Interrogatories were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2). Defendant further objects to this Interrogatory based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Interrogatory vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant also objects to this Interrogatory as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations.

Subject to and without waiving these objections, Defendant responds as follows:  To the extent Defendant is able to understand the scope of PARC's infringement contentions Defendant will search its records and produce responsive, non-objectionable, non-privileged documents that it identifies that contain information responsive to this Interrogatory under Fed. R. Civ. P. 33(d).  To the extent this Interrogatory seeks information that is the subject of expert testimony, such information will be provided on the timeframes established by the Court in this action.  Discovery and investigation of the facts relating to this Interrogatory

are ongoing.  Defendant expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 13:**

Separately Identify and describe how and when You first became aware of each of the Patents-in-Suit (or patent application that later issued as one of the Patents-in-Suit), Including the people so aware and any Documents showing or reflecting Your awareness of each such Patent-in- Suit from the time You first became aware of each such Patent-in-Suit through trial in this matter.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

*See* General Objections.  Defendant further objects to this Interrogatory as compound and having multiple subparts.  Defendant objects to this Interrogatory as vague and ambiguous, oppressive, and overly broad, unduly burdensome, and not proportional to the needs of the case with respect to seeking identification and description of "people so aware and any Documents showing or reflecting Your awareness . . . from the time You first became aware of each such Patent-in-Suit through trial in this matter."

Defendant objects to this interrogatory to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Interrogatory to the extent that the information sought is a matter of public record and therefore equally accessible to PARC.

Subject to and without waiving these objections, Defendant responds as follows:  Defendant first had awareness of the Patents-in-Suit as of the service of the Complaint upon Defendant.  Discovery and investigation of the facts relating to this Interrogatory are ongoing.  Defendant expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 14:**

Identify and describe each Third Party that You, Your attorneys, or anyone acting on Your behalf has met or communicated with in any way Relating to this litigation, PARC, or the Patent-in-Suit, Including (1) the names of each such Third Party; (2) the date(s), location(s), duration(s), and modes of Communication used for each communication; and (3) the subject matter(s) and content(s) of each Communication.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

*See* General Objections.  Defendant further objects to this Interrogatory as compound and having multiple subparts.  Defendant objects to this Interrogatory as vague and ambiguous and overly broad, unduly burdensome, and not proportional to the needs of the case, with respect to seeking an identification and description of "each Third Party that [Defendant] has met or communicated in any way Relating to this litigation, PARC or the Patent-in-Suit" and which enumerates types of information, including whether the content of any such communication.  Defendant further objects to this Interrogatory in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Feature referenced in this Interrogatory.

Defendant objects to this interrogatory to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant objects to this Interrogatory on the grounds that it seeks privileged and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Interrogatory to the extent that the information sought is a matter of public record and therefore equally accessible to PARC.

1   Subject to and without waiving these objections, Defendant responds as

2   follows:  Defendant is willing to meet and confer with PARC to discuss the

3   relevance and scope of this Interrogatory.

4   **INTERROGATORY NO. 15:**

5   Separately for each of the Accused Features, describe the Accused Feature's

6   development. Your answer should include: (a) the development timeline, Including

7   a description of when development began; (b) the motivations and circumstances

8   that led to the development; (c) an Identification of all versions and/or prototypes

9   developed; (d) the date of first prototype, first manufacture, and first testing; (e) an

10  Identification of any of Your employees, Your agents, or Third Parties responsible

11  for, involved in, or related to such development, prototyping, manufacturing, and

12  testing; and (f) where the development (Including conception, design, testing, and

13  manufacturing) occurred. Your answer should also include an Identification of the

14  Person(s) most knowledgeable about Your answer and an Identification of

15  Documents that relate to or support Your answer.

16  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

17  *See* General Objections, including objections to the definition of "Accused

18  Features."  Defendant further objects to this Interrogatory as compound and having

19  multiple subparts.  Defendant objects to this Interrogatory as vague and ambiguous

20  and overly broad, unduly burdensome, and not proportional to the needs of the case,

21  with respect to seeking a description of the "Accused Feature's development" and

22  enumerated requests purporting to require description of "(a) the development

23  timeline, Including a description of when development began; (b) the motivations

24  and circumstances that led to the development; (c) an Identification of all versions

25  and/or prototypes developed; (d) the date of first prototype, first manufacture, and

26  first testing; (e) an Identification of any of Your employees, Your agents, or Third

27  Parties responsible for, involved in, or related to such development, prototyping,

28  manufacturing, and testing; and (f) where the development (Including conception,

design, testing, and manufacturing) occurred," as well as the Person(s) most knowledgeable about Defendant's answer.  Defendant further objects to this Interrogatory in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Feature referenced in this Interrogatory.

Defendant objects to this interrogatory to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant objects to this Interrogatory on the grounds that it seeks privileged and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Interrogatory to the extent that the information sought is a matter of public record and therefore equally accessible to PARC.

Defendant objects to this Interrogatory for its scope being based upon Infringement Contentions that were served nearly two weeks after these Interrogatories were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2). Defendant further objects to this Interrogatory based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Interrogatory vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant also objects to this Interrogatory as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations.

1    Subject to and without waiving these objections, Defendant responds as

2  follows:  Defendant is willing to meet and confer with PARC to discuss the

3  relevance and scope of this Interrogatory.

4  **INTERROGATORY NO. 16:**

5    Fully explain and Identify Your knowledge and sources of knowledge

6  regarding You or Your customers' use of the Accused Features. Your explanation

7  should include, but not be limited to, the efforts by You or Third Parties to track

8  such use, Including customer use studies or case studies performed or

9  commissioned by You, and Third Party studies of which You are aware. To the

10  extent that You contend that You maintain any data evidencing that the Accused

11  Features are not used in the manner accused in Plaintiff's Infringement

12  Contentions, Your answer should Identify any such data specifically. Your answer

13  should also include an Identification of the Person(s) most knowledgeable about

14  Your answer and an Identification of Documents that relate to, support, or refute

15  Your answer.

16  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

17    *See* General Objections, including objections to the definition of "Accused

18  Features."  Defendant further objects to this Interrogatory as compound and having

19  multiple subparts.  Defendant objects to this Interrogatory as vague and ambiguous

20  and overly broad, unduly burdensome, and not proportional to the needs of the case

21  with respect to seeking "Third Party studies of which You are aware," "any data

22  evidencing that the Accused Features are not used in the manner accused in

23  Plaintiff's Infringement Contentions," "manner accused in Plaintiff's Infringement

24  Contentions," and identification of the "Person(s) most knowledgeable about Your

25  answer."  Further, Defendant objects to this Interrogatory in particular due to the

26  absence of specificity in PARC's infringement contentions as to what exactly is

27  accused of infringement, and therefore what would be considered customer's use of

28  the Accused Features.

1    Defendant further objects to this Interrogatory as unduly burdensome,

2  oppressive and premature to the extent it calls for expert testimony.  Defendant

3  objects to this interrogatory to the extent it calls for information protected by the

4  attorney-client privilege and/or attorney work product doctrine.  Defendant objects

5  to this Interrogatory on the grounds that it seeks privileged and confidential

6  commercial, financial, and/or proprietary business information.  Defendant further

7  objects to this Interrogatory to the extent that the information sought is a matter of

8  public record and therefore equally accessible to PARC.

9    Defendant objects to this Interrogatory for its scope being based upon

10  Infringement Contentions that were served nearly two weeks after these

11  Interrogatories were served, and so prematurely seek a response to discovery

12  requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2).

13  Defendant further objects to this Interrogatory based on the inadequacy of

14  Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow

15  Defendant to ascertain the scope of accused infringement and on that basis renders

16  the Interrogatory vague and ambiguous.  PARC's May 11, 2021 Infringement

17  Contentions are conclusory and lack specificity with respect to PARC's

18  infringement claims and are otherwise incomplete.  PARC's infringement

19  contentions are vague and ambiguous, and fail to address with any specificity where

20  each element of each asserted claim is found in each accused instrumentality and

21  product.  Defendant also objects to this Interrogatory as premature because claim

22  construction proceedings have yet to begin which will determine the scope of

23  relevant claim limitations.

24    Subject to and without waiving these objections, Defendant responds as

25  follows:  even to the extent Defendant is able to understand the scope of PARC's

26  infringement contentions this Interrogatory is premature, and, given the lack of

27  specificity and clarity of PARC's infringement contentions as explained above,

28  vague and ambiguous and overly broad, unduly burdensome, and not proportional

1  to the needs of the case.  To the extent this Interrogatory seeks information that is

2  the subject of expert testimony, such information will be provided on the

3  timeframes established by the Court in this action.

4  Discovery and investigation of the facts relating to this Interrogatory are

5  ongoing.  Defendant expressly reserves the right to supplement and/or amend its

6  response to this Interrogatory at an appropriate time and as its investigation

7  continues in accordance with Fed. R. Civ. P. 26(e).

8  **INTERROGATORY NO. 17:**

9  Describe Your definition of a person having ordinary skill in the art for each

10 claim of the Patents-in-Suit and explain in detail the basis for Your definition,

11 Including an Identification of all facts and Documents that relate to (Including those

12 that tend to support as well as those that may rebut) Your definition.

13 **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:**

14 *See* General Objections.  Defendant further objects to this Interrogatory as

15 compound and having multiple subparts.  Defendant objects to this Interrogatory as

16 vague and ambiguous and overly broad, unduly burdensome, and not proportional

17 to the needs of the case with respect to seeking "all facts and Documents that relate

18 to . . . Your definition."

19 Defendant further objects to this Interrogatory as unduly burdensome,

20 oppressive and premature to the extent it calls for expert testimony.  Defendant

21 objects to this interrogatory to the extent it calls for information protected by the

22 attorney-client privilege and/or attorney work product doctrine.  Defendant further

23 objects to this Interrogatory to the extent that the information sought is a matter of

24 public record and therefore equally accessible to PARC.

25 Subject to and without waiving these objections, Defendant responds as

26 follows:  A person of ordinary skill in the art at the time of the alleged invention of

27 the '439 patent would have an undergraduate degree in electrical engineering,

28 computer engineering, computer science or a related field along with at least two

years of work experience in the field of remote data collection and context-based systems/processes.  More practical experience can supplement education and vice versa.  A person of ordinary skill in the art at the time of the alleged invention of the '599 patent would have had an undergraduate degree in electrical engineering, computer engineering, computer science or a related field along with at least two years of work experience in the field of content presentation and context-based systems/processes. More education can supplement practical experience and vice versa.

Discovery and investigation of the facts relating to this Interrogatory are ongoing.  Defendant expressly reserves the right to supplement and/or amend its response to this Interrogatory at an appropriate time and as its investigation continues in accordance with Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 18:**

Separately for each Accused Feature, describe the servers, computers, and/or network equipment on which the Accused Feature is implemented. Your answer should describe the structure, function, and operation of individual servers, computers, and/or network equipment, as well as the interconnections, Communications, interactions, and coordination between and among the servers, computers, and/or network equipment. Your answer should include an identification of all Documents or Communications related to Your answer (by Bates range) and include an identification of the Person(s) most knowledgeable about Your answer.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 19:**

*See* General Objections, including objections to the definition of "Accused Features."  Defendant further objects to this Interrogatory as compound and having multiple subparts.  Defendant objects to this Interrogatory as vague and ambiguous and overly broad, unduly burdensome, and not proportional to the needs of the case, with respect to seeking a description of "structure, function, and operation of

1   individual servers, computers, and/or network equipment, as well as the

2   interconnections, Communications, interactions, and coordination between and

3   among the servers, computers, and/or network equipment," and identification of a

4   person most knowledgeable about Defendant's answer.

5        Defendant objects to this Interrogatory for its scope being based upon

6   Infringement Contentions that were served nearly two weeks after these

7   Interrogatories were served, and so prematurely seek a response to discovery

8   requests less than 30 days from the request in violation of Fed. R. Civ. P. 33(b)(2).

9   Defendant further objects to this Interrogatory based on the inadequacy of

10  Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow

11  Defendant to ascertain the scope of accused infringement and on that basis renders

12  the Interrogatory vague and ambiguous.  PARC's May 11, 2021 Infringement

13  Contentions are conclusory and lack specificity with respect to PARC's

14  infringement claims and are otherwise incomplete.  PARC's infringement

15  contentions are vague and ambiguous, and fail to address with any specificity where

16  each element of each asserted claim is found in each accused instrumentality and

17  product.  Defendant also objects to this Interrogatory as premature because claim

18  construction proceedings have yet to begin which will determine the scope of

19  relevant claim limitations.

20       Subject to and without waiving these objections, Defendant responds as

21  follows:  Defendant is willing to meet and confer with PARC to discuss the

22  relevance and scope of this Interrogatory.

23

24

25

26

27

28

1    DATED:  June 1, 2021              PAUL HASTINGS LLP

2

3                                      By:  */s/ Yar R. Chaikovsky*

4                                   Yar R. Chaikovsky (SB# 175421)
                                  yarchaikovsky@paulhastings.com

5                                   Philip Ou (SB# 259896)
                                  philipou@paulhastings.com

6                                   David Okano (SB#278485)
                                  davidokano@paulhastings.com

7                                   Bruce Yen (SB# 277920)

8                                   bruceyen@paulhastings.com

9                                   PAUL HASTINGS LLP
                                  1117 S. California Avenue

10                                   Palo Alto, California  94304-1106

11                                   Telephone:  1(650) 320-1800

12                                   Facsimile:  1(650) 320-1900

13                                   Steven A. Marenberg (SB# 101033)

14                                   PAUL HASTINGS LLP
                                  1999 Avenue of the Stars, Twenty-

15                                   Seventh Floor

16                                   Los Angeles, CA 90067
                                  Telephone: 1(310) 620-5710

17                                   Facsimile: 1(310) 620-5810

18                                   *Attorneys for Defendant*
                                  SNAP INC.

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

This is to certify that I served, via email, a true and correct copy of the following document(s):

**SNAP INC.'S RESPONSES AND OBJECTIONS TO PALO ALTO RESEARCH CENTER'S FIRST SET OF INTERROGATORIES**

on counsel of record, in accordance with the Federal Rules of Civil Procedure, on June 1, 2021 using the email distribution list provided by counsel for Palo Alto Research Center (PARC_Snap@McKoolSmith.com).

*/s/   Nikole Faasisila*
Nikole Faasisila

- 42 -