# EXHIBIT B

YAR R. CHAIKOVSKY (SB# 175421)
yarchaikovsky@paulhastings.com
PHILIP OU (SB# 259896)
philipou@paulhastings.com
DAVID OKANO (SB# 278485)
davidokano@paulhastings.com
BRUCE YEN (SB# 277920)
bruceyen@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:  1(650) 320-1800
Facsimile:  1(650) 320-1900

STEVEN A. MARENBERG (SB# 101033)
stevenmarenberg@paulhastings.com
PAUL HASTINGS LLP
1999 Avenue of the Stars, Suite 2700
Los Angeles, California  90067
Telephone:  1(310) 620-5710
Facsimile: 1(310) 620-5270

Attorneys for Defendant
SNAP INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PALO ALTO RESEARCH CENTER INC.,<br><br>                    Plaintiff,<br><br>       vs.<br><br>SNAP INC.,<br><br>                    Defendant. | CASE NO. 2:20-cv-10755-AB-MRW<br><br>**DEFENDANT SNAP INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF PALO ALTO RESEARCH CENTER'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

PROPOUNDING PARTY:   PLAINTIFF

RESPONDING PARTY:    DEFENDANT SNAP INC.

SET NO.:             ONE

Defendant Snap Inc. ("Defendant" or "Snap") hereby answers, objects, and otherwise responds to Plaintiff's First Request for Production of Documents as follows:

## **DEFENDANT'S PRELIMINARY STATEMENT**

1.      Defendant has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial.  As discovery proceeds, facts, information, evidence, documents and things may be discovered that may be responsive to Plaintiff's Request.  The following responses are based on Defendant's knowledge, information and belief at this time and are complete as to Defendant's best knowledge at this time.  Defendant assumes no obligation to voluntarily supplement or amend these responses to reflect information, evidence, documents or things discovered following service of these responses.  Furthermore, these responses were prepared based on Defendant's good faith interpretation and understanding of the individual Requests and are subject to correction for inadvertent errors or omissions, if any.  These responses are given without prejudice to subsequent revision or supplementation based upon any information, evidence and documentation that hereinafter may be discovered.  Defendant reserves the right to refer to, to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these responses.

2.      To the extent that any Request seeks documents that are also sought by or identified pursuant to any other Request, Defendant declines to produce or identify multiple copies of such documents, and states that each document produced or identified pursuant to any Request is also produced pursuant to every other Request to which it is or may be responsive.

3.  To the extent that any Request seeks documents that have already been produced, or which have been identified as exhibits to any depositions in this action, Defendant declines to produce or identify such documents.

4.  To the extent that any Request seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity, Defendant declines to produce such documents, which would include and would not be limited to:

(a)  All documents that constitute or record correspondence or other communications between counsel for Defendant or its agents or employees and Defendant or its agents or employees regarding this action;

(b)  All documents prepared for use in this litigation including notes, memoranda, draft pleadings and correspondence prepared by, at the direction of, or for review by counsel for Defendant; and

(c)  All documents that constitute or record correspondence or other communications between Defendant and counsel for Defendant regarding this action.

5.  As the parties are still negotiating the terms of a protective order and Rule 502(d) order, and the parties presently dispute the manner in which designated information will be treated (e.g., who may access Attorneys' Eyes Only information), Defendant will not produce confidential responsive documents until after the parties have reached agreement on the terms of such orders.

## DEFENDANT'S GENERAL OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

6.  The following general objections apply to each Request and, accordingly, Defendant incorporates each of these general objections into the specific responses set forth below.  The assertion of the same or additional

- 2 -

objections in any particular response does not waive other general objections set forth herein.

7.     The following responses are made solely for the purpose of this action and are subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections and grounds which would or could require or permit the exclusion of any statement from evidence, all of which are reserved and may be interposed at the time of trial.

8.     In addition to any specific objections that may be made on an individual basis in the responses set forth below, Defendant objects generally to PARC's Requests to the extent they seek to impose upon Defendant a greater obligation than required by law.

9.     In addition to any specific objections that may be made on an individual basis in the responses set forth below, Defendant objects generally to PARC's Requests to the extent they request Defendant to provide or analyze information that is not within the possession, custody, or control of Defendant

10.     Defendant objects to Plaintiff's Requests in their entirety to the extent that they seek documents that are neither relevant to any party's claim or defense and not proportional to the needs of the case.

11.     Defendant objects to Plaintiff's Request in its entirety to the extent that they call for the production of documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine, and/or any other applicable privilege or immunity.

12.     Defendant objects to Plaintiff's Request in its entirety to the extent that they are overly broad and requires Defendant to make an unreasonable and unduly burdensome investigation.

13.     Defendant objects to Plaintiff's Requests in their entirety to the extent that they seek documents, the disclosure of which would constitute an unwarranted

invasion of the affected persons' constitutional, statutory and/or common-law rights of privacy and confidentiality.

14. Defendant objects to Plaintiff's Requests in their entirety to the extent that they seek confidential commercial, financial, and/or proprietary business information.

15. Defendant objects to Plaintiff's Requests and the definitions and instructions contained therein as premature to the extent that any request seeks discovery prior to the date such information is to be exchanged pursuant to the Federal Rules of Civil Procedure, the Local Rules, or any Order of this Court.

16. Defendant objects to Plaintiff's Requests and the definitions and instructions contained therein to the extent they are vague, ambiguous, or otherwise use words and phrases that are not understandable. To the extent reasonably feasible, Defendant will interpret the terms and phrases used in these requests as those terms and phrases are reasonably understood by Defendant.

17. Defendant objects to the definition of "Snap," "Snapchat," "Defendant," "You" and "Your" referring to "any and all past and present [individuals or entities]" as inaccurate, overbroad and unduly burdensome as the definition encompasses third-party entities that are independent of Defendant—entities over which Defendant has no control.

18. "Accused Features" is non-specifically defined as "the functionality identified and discussed in PARC's Complaint and/or Infringement Contentions, Including any supplements or amendments thereto." Defendant objects to the definition of "Accused Features" as encompassing "Infringement Contentions" which were not served until nearly two weeks after the time of service of PARC's first set of Requests to Defendant. Defendant further objects to the definition of "Accused Features" as particularly vague and ambiguous, overbroad and which renders responses to PARC's Requests unduly burdensome. Defendant objects to the definition of "Accused Features" as having no reasonably certain or definite

meaning and which changes with any amendment or supplement to PARC's Complaint and/or Infringement Contentions.  Defendant objects to PARC's definition to the extent it encompasses elements not specifically accused of infringement.  Defendant further objects to the definition of "Accused Features" based upon the insufficiency of PARC's infringement contentions, which themselves are vague, ambiguous, and overbroad, and which fail to identify any accused features or functionalities with sufficient specificity for Defendant to have certainty as to the meaning and scope of "Accused Features."  Defendant objects to the definition of "Accused Features" to the extent that it imposes on Defendant the burden of determining what functionality is intended by PARC to be identified and discussed in PARC's complaint and/or infringement contentions.  Accordingly, Defendant provides its responses herein based upon its understanding of "Accused Features" to the best it can decipher from PARC's Complaint and Infringement Contentions.

19.     Defendant objects to "Accused Products" as vague and ambiguous, overbroad and unduly burdensome.  In particular, although Defendant cites to various snapchat.com webpages as documentation in support of its infringement contentions, the website "www.snapchat.com" itself does not appear to be identified as meeting any particular claim limitation in any of PARC's infringement contentions and itself does not appear to be relevant to any specific infringement contention.  Further, PARC's Complaint and Infringement Contentions does not identify or make reference to any mobile application aside from the Snapchat app.  Accordingly, Defendant objects to "Snapchat's mobile applications" as vague and ambiguous, and overbroad to the extent it encompasses any "mobile application" aside from the Snapchat app.

20.     Defendant objects to the definition of "Asserted Claims" to the extent it encompasses any additional claims identified by PARC in any amended or supplemented version(s) of its Infringement Contentions to the extent such

amendments or supplements are not made pursuant to Court sanction. Defendant objects to the definition of "Asserted Claims" which is defined based on PARC's "Infringement Contentions," which were not served until nearly two weeks after the time of service of PARC's first set of Requests to Defendant.

21.   Defendant objects to the definition of "Including" as vague and ambiguous as being defined based upon "Including."

22.   Defendant objects to the definition of "Infringement Contentions" to the extent it encompasses additional claims identified by PARC in any amended or supplemented version(s) of its Infringement Contentions to the extent such amendments or supplements are not made pursuant to Court sanction.

23.   Defendant objects to the definition of "PARC Patent" as vague and ambiguous, overbroad and unduly burdensome to the extent whether any patent assigned to, or previously assigned to PARC is not reasonably ascertainable by Defendant, and separately unduly burdensome to the extent the use of "PARC Patent" foists a responsibility upon Defendant to ascertain all such patents.

24.   Defendant objects to the definitions of "Identification," "Identify," "Identity," "Identifying," "Document," and "Communication" as exceeding the requirements of the Federal Rules of Civil Procedure and the local rules of this Court.

All General Objections are incorporated by reference into each Response as though set forth in full therein.

## **DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

## **DOCUMENT REQUEST NO. 1:**

Documents Relating to or discussing the Accused Features.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features."  Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features.

Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant objects to this Request as overly broad and unduly burdensome and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is

1  willing to meet and confer and to consider an appropriately narrowed,

2  particularized Request.

3  **DOCUMENT REQUEST NO. 2:**

4      All Documents mentioning, Concerning or referencing PARC, PARC's

5  employees (past and/or present), PARC Patents, and/or the Patents-in-Suit.

6  OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:

7      Defendant objects to this Request on the grounds that it is unduly

8  burdensome and oppressive insofar as it may require identification of all of PARC's

9  employees (past and/or present) and all PARC patents.  Defendant objects to this

10  Request as not being limited in time or scope as to referencing PARC, its

11  employees, or PARC Patents.  Defendant further objects to this Request to the

12  extent that it seeks information that is neither relevant to any party's claim or

13  defense nor proportional to the needs of the case, particularly to the extent it

14  requires the identification, collection, and production of "all documents."

15  Defendant further objects to this Request to the extent that it seeks information

16  protected by the attorney-client privilege and/or attorney work product doctrine.

17  Defendant further objects to this Request to the extent that it seeks information

18  pertaining to individuals, the disclosure of which would constitute an unwarranted

19  invasion of the affected individuals' constitutional, statutory and/or common law

20  rights to personal privacy and confidentiality.  Defendant further objects to this

21  Request to the extent that it seeks private, privileged, and confidential commercial,

22  financial, and/or proprietary business information.  Defendant further objects to this

23  Request to the extent that the information sought is a matter of public record and,

24  therefore, equally available to Plaintiff.  Defendant objects to the definition of

25  "PARC Patent" as vague and ambiguous, overbroad and unduly burdensome, and

26  not proportional to the needs of the case to the extent whether any patent assigned

27  to, or previously assigned to, PARC is not known by Defendant, and separately

28  unduly burdensome and not proportional to the needs of the case to the extent the

use of "PARC Patents" foists a responsibility upon Defendant to ascertain all such patents. Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 3:**

Documents sufficient to Identify the manner by which Your subscribers, customers, users, or target audience(s) are connected to, provided access to, interface with, or make use of the Accused Features.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features."  Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.   Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30

days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request to the extent that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, in particular with respect to how "subscribers, customers, users, or target audience(s) are connected to, provided access to, interface with, or make use of the Accused Features." Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 4:**

Documents sufficient to Identify the computers, servers, switches, routers and other related hardware involved in (i) providing Your subscribers, customers, users, or target audience(s) connection to, access to, and interface with the Accused Features and (ii) providing the routing and transport of data across the Accused Features.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4**:

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features" and "providing the routing and transport of data across the Accused Features."  Defendant further objects to this Request on the grounds that it is overly broad as to time and scope.  Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive as to identification of the specific "computers, servers, switches, routers and other related hardware."

Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.   Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).

Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense and not proportional to the

DEF. SNAP INC.'S OBJS. AND RESPS. TO PLTF. PARC'S RFP, SET ONE

1    needs of the case.  Defendant further objects to this Request to the extent that it

2    seeks information protected by the attorney-client privilege and/or attorney work

3    product doctrine.  Defendant further objects to this Request to the extent that it

4    seeks information pertaining to individuals, the disclosure of which would

5    constitute an unwarranted invasion of the affected individuals' constitutional,

6    statutory and/or common law rights to personal privacy and confidentiality.

7    Defendant further objects to this Request to the extent that it seeks private,

8    privileged, and confidential commercial, financial, and/or proprietary business

9    information.  Defendant further objects to this Request to the extent that the

10   information sought is a matter of public record and, therefore, equally available to

11   Plaintiff. Defendant further objects to this request to the extent such documents are

12   not in the control of Defendant.

13          Subject to and without in any way waiving the foregoing objections, and to

14   the extent it understands this Request, Defendant responds as follows: Defendant is

15   willing to meet and confer and to consider an appropriately narrowed,

16   particularized Request.

17   **DOCUMENT REQUEST NO. 5:**

18          Documents sufficient to describe the servers, computers, and/or network

19   equipment on which each of the Accused Features is implemented, Including

20   Documents that describe the geographic location, structure, function, and operation

21   of individual servers, computers, and/or network equipment, as well as the

22   interconnections, Communications, interactions, and coordination between and

23   among the servers, computers, and/or network equipment.

24   **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

25          Defendant objects to this Request on the grounds that it is vague and

26   ambiguous as to "Accused Features."  Defendant further objects to this Request on

27   the grounds that it is overly broad and unduly burdensome and oppressive as to

28   requesting documents "sufficient to describe the servers, computers, and/or network

equipment, Including Documents that describe the geographic location, structure, function, and operation of individual servers, computers, and/or network equipment, as well as the interconnections, Communications, interactions, and coordination between and among the servers, computers, and/or network equipment." Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).

Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business

1   information.  Defendant further objects to this Request to the extent that the

2   information sought is a matter of public record and, therefore, equally available to

3   Plaintiff. Defendant further objects to this request to the extent such documents are

4   not in the control of Defendant.

5         Subject to and without in any way waiving the foregoing objections, and to

6   the extent it understands this Request, Defendant responds as follows: Defendant is

7   willing to meet and confer and to consider an appropriately narrowed,

8   particularized Request.

9   **DOCUMENT REQUEST NO. 6:**

10        All Documents Concerning Your future plans for the Accused Features

11  Including plans for the development of the Accused Features and any planned or

12  contemplated improvements, additions, new features, new functionality, updates,

13  revisions, and alterations of the Accused Features.

14  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

15        Defendant objects to this Request on the grounds that it is vague and

16  ambiguous as to "future plans" and "Accused Features."  Defendant further objects

17  to this Request on the grounds that it is overly broad as to time and scope of future

18  plans.  Defendant further objects to this Request in particular due to the absence of

19  specificity in PARC's infringement contentions as to what exactly is accused of

20  infringement, and which would determine the scope of the Accused Features

21  referenced in this Request. Defendant objects to this Request based on the

22  inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which

23  do not allow Defendant to ascertain the scope of accused infringement and on that

24  basis renders the Request vague and ambiguous.  PARC's May 11, 2021

25  Infringement Contentions are conclusory and lack specificity with respect to

26  PARC's infringement claims and are otherwise incomplete.  PARC's infringement

27  contentions are vague and ambiguous, and fail to address with any specificity where

28  each element of each asserted claim is found in each accused instrumentality and

1  product.  Defendant further objects to this Request for its scope being based upon

2  Infringement Contentions that were served nearly two weeks after these Requests

3  were served, and so prematurely seek a response to discovery requests less than 30

4  days from the request in violation of Fed. R. Civ. P. 34(b)(A).

5        Defendant also objects to this Request as premature because claim

6  construction proceedings have yet to begin which will determine the scope of

7  relevant claim limitations, and accordingly the scope of Accused Features.

8  Defendant further objects to this Request on the grounds that it seeks information

9  that is neither relevant to any party's claim or defense nor proportional to the needs

10  of the case.  Defendant objects to this Request as unduly burdensome and not

11  proportional to the needs of the case to the extent it requires the identification,

12  collection, and production of "all documents."  Defendant further objects to this

13  Request to the extent that it seeks information protected by the attorney-client

14  privilege and/or attorney work product doctrine.  Defendant further objects to this

15  Request to the extent that the information sought is a matter of public record and,

16  therefore, equally available to Plaintiff.

17        Subject to and without in any way waiving the foregoing objections, and to

18  the extent it understands this Request, Defendant responds as follows: Defendant is

19  willing to meet and confer and to consider an appropriately narrowed,

20  particularized Request.

21  **DOCUMENT REQUEST NO. 7:**

22        Documents sufficient to Identify all Persons involved in the design,

23  development, operation, testing, and/or maintenance of the Accused Features.

24  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

25        Defendant objects to this Request on the grounds that it is vague and

26  ambiguous as to "Accused Features."  Defendant further objects to this Request in

27  particular due to the absence of specificity in PARC's infringement contentions as

28  to what exactly is accused of infringement, and which would determine the scope of

1   the Accused Features referenced in this Request. Defendant objects to this Request

2   based on the inadequacy of Plaintiff's Infringement Contentions served on May 11,

3   2021, which do not allow Defendant to ascertain the scope of accused infringement

4   and on that basis renders the Request vague and ambiguous.  PARC's May 11,

5   2021 Infringement Contentions are conclusory and lack specificity with respect to

6   PARC's infringement claims and are otherwise incomplete.  PARC's infringement

7   contentions are vague and ambiguous, and fail to address with any specificity where

8   each element of each asserted claim is found in each accused instrumentality and

9   product.  Defendant further objects to this Request for its scope being based upon

10  Infringement Contentions that were served nearly two weeks after these Requests

11  were served, and so prematurely seek a response to discovery requests less than 30

12  days from the request in violation of Fed. R. Civ. P. 34(b)(A).

13         Defendant also objects to this Request as premature because claim

14  construction proceedings have yet to begin which will determine the scope of

15  relevant claim limitations, and accordingly the scope of Accused Features.

16  Defendant further objects to this Request on the grounds that it seeks information

17  that is neither relevant to any party's claim or defense nor proportional to the needs

18  of the case.  Defendant objects to this Request on the grounds that it is overly broad

19  as to time and scope, and unduly burdensome and oppressive to identify "all

20  Persons involved in the design, development, operation, testing, and/or

21  maintenance of the Accused Features."  Defendant further objects to this Request to

22  the extent that it seeks information protected by the attorney-client privilege and/or

23  attorney work product doctrine.  Defendant further objects to this Request to the

24  extent that it seeks information pertaining to individuals, the disclosure of which

25  would constitute an unwarranted invasion of the affected individuals'

26  constitutional, statutory and/or common law rights to personal privacy and

27  confidentiality.  Defendant further objects to this Request to the extent that it seeks

28  private, privileged, and confidential commercial, financial, and/or proprietary

1 business information.  Defendant further objects to this Request to the extent that
2 the information sought is a matter of public record and, therefore, equally available
3 to Plaintiff.

4 　　　　Subject to and without in any way waiving the foregoing objections, and to
5 the extent it understands this Request, Defendant responds as follows: Defendant is
6 willing to meet and confer and to consider an appropriately narrowed,
7 particularized Request.

8 **DOCUMENT REQUEST NO. 8:**

9 　　　　Documents sufficient to Identify the product names (both internal and
10 external), the version, model, release numbers, dates of sale and discontinuance,
11 and other Identifying information for each version, model, and/ release of the
12 Accused Features.

13 **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

14 　　　　Defendant objects to this Request on the grounds that it is vague and
15 ambiguous as to "product" and "Accused Features."  Defendant further objects to
16 this Request in particular due to the absence of specificity in PARC's infringement
17 contentions as to what exactly is accused of infringement, and which would
18 determine the scope of the Accused Features referenced in this Request. Defendant
19 objects to this Request based on the inadequacy of Plaintiff's Infringement
20 Contentions served on May 11, 2021, which do not allow Defendant to ascertain
21 the scope of accused infringement and on that basis renders the Request vague and
22 ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and
23 lack specificity with respect to PARC's infringement claims and are otherwise
24 incomplete.  PARC's infringement contentions are vague and ambiguous, and fail
25 to address with any specificity where each element of each asserted claim is found
26 in each accused instrumentality and product.  Defendant further objects to this
27 Request for its scope being based upon Infringement Contentions that were served
28 nearly two weeks after these Requests were served, and so prematurely seek a

response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A). Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, at least insofar as it requests both enumerated and non-enumerated ("other Identifying information") information "for each version, model, and/ release of the Accused Features." Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 9:**

Documents sufficient to Identify the Person(s) most knowledgeable regarding the conception, creation, development, maintenance, testing, and operation of the Accused Features, Including each version, model, or release.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features." Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous. PARC's May 11,

2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.   Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).   Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features.  Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**<u>DOCUMENT REQUEST NO. 10:</u>**

Documents Relating to, Concerning, describing, or explaining the reasons Snap developed or implemented the Accused Features.

**<u>OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:</u>**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features."  Defendant further objects to this Request on the grounds that it is overly broad as to time and scope, and unduly burdensome and oppressive to provide the reasons for development or implementation of the Accused Features.  Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request.  Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant

1  further objects to this Request to the extent that it seeks information protected by

2  the attorney-client privilege and/or attorney work product doctrine.  Defendant

3  further objects to this Request to the extent that the information sought is a matter

4  of public record and, therefore, equally available to Plaintiff.

5         Subject to and without in any way waiving the foregoing objections, and to

6  the extent it understands this Request, Defendant responds as follows: Defendant is

7  willing to meet and confer and to consider an appropriately narrowed,

8  particularized Request.

9  **DOCUMENT REQUEST NO. 11:**

10        For each Accused Feature, Documents sufficient to show the facts and

11  circumstances Concerning the first operational embodiment(s), the individuals

12  involved in the design(s), the individual(s) involved in the decision to

13  use/implement the design(s), the location(s) of the design(s), and transition from

14  design to first commercial availability.

15  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

16        Defendant objects to this Request on the grounds that it is vague and

17  ambiguous as to "Accused Feature," "first operational embodiment(s)," "decision to

18  use/implement the design(s)," "the location(s) of the design(s)," and "first

19  commercial availability."  Defendant further objects to this Request in particular

20  due to the absence of specificity in PARC's infringement contentions as to what

21  exactly is accused of infringement, and which would determine the scope of the

22  Accused Features referenced in this Request. Defendant objects to this Request

23  based on the inadequacy of Plaintiff's Infringement Contentions served on May 11,

24  2021, which do not allow Defendant to ascertain the scope of accused infringement

25  and on that basis renders the Request vague and ambiguous.  PARC's May 11,

26  2021 Infringement Contentions are conclusory and lack specificity with respect to

27  PARC's infringement claims and are otherwise incomplete.  PARC's infringement

28  contentions are vague and ambiguous, and fail to address with any specificity where

each element of each asserted claim is found in each accused instrumentality and product.   Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 12:**

All Documents Identifying, describing, Concerning, or referencing the conception, benefits, development, testing, assessment, enhancement, modification,

1   adoption, and implementation of each of the Accused Features, Including but not
2   limited to:
3           a.      Correspondence or other internal Communications;
4           b.      Market studies or assessments;
5           c.      A/B Testing;
6           d.      Surveys;
7           e.      Focus group studies;
8           f.      Consumer testing;
9           g.      Web-based analytics (e.g. "Dashboard" reports);
10          h.      Feature goals and objectives;
11          i.      Proposals;
12          j.      Budgets;
13          k.      Internal reports;
14          l.      Cost estimates;
15          m.      Release schedules; or
16          n.      Other Documents.

17  **<u>OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:</u>**

18          Defendant objects to this Request on the grounds that it is vague and
19  ambiguous as to "Accused Features."  Defendant further objects to this Request in
20  particular due to the absence of specificity in PARC's infringement contentions as
21  to what exactly is accused of infringement, and which would determine the scope of
22  the Accused Features referenced in this Request. Defendant objects to this Request
23  based on the inadequacy of Plaintiff's Infringement Contentions served on May 11,
24  2021, which do not allow Defendant to ascertain the scope of accused infringement
25  and on that basis renders the Request vague and ambiguous.  PARC's May 11,
26  2021 Infringement Contentions are conclusory and lack specificity with respect to
27  PARC's infringement claims and are otherwise incomplete.  PARC's infringement
28  contentions are vague and ambiguous, and fail to address with any specificity where

each element of each asserted claim is found in each accused instrumentality and product.   Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features.  Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 13:**

The source code, executable software, and all Documentation for the Accused Features and/or included with Accused Features (Including user's

manuals, EULA, support Documentation, etc.) for each version, model, and release of each of the Accused Features.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features." Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous. PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete. PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product. Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A). Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documentation." Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work

product doctrine. Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request. Notwithstanding, pursuant to this district's Rules and according to the schedule entered in this action, to the extent Defendant is able to understand the scope of PARC's infringement contentions, Defendant will provide source code responsive to this Request, including at least the current release version.

**DOCUMENT REQUEST NO. 14:**

All Documents Identifying, describing, Concerning, or referencing the development, revision history, refinement, evolution, testing, and internal use of each source code file produced by You in this case (Including the geographic location, (e.g., city, state and country) of such development, revision, refinement, evolution, testing, and internal use, the results, date and/or reason for each such revision, refinement, evolution, test, and/or internal use of each such source code file).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "each source code file produced by You in this case." Defendant further objects to this Request on the grounds that it is overly broad as to time and scope, and unduly burdensome and oppressive as to development, revision history, refinement, evolution, testing, and internal use of each source code file. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to this Request as unduly burdensome and not proportional

to the needs of the case to the extent it requires the identification, collection, and production of "all documents."  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 15:**

All Documents mentioning written policies, procedures and guidelines Relating to Your servers, computers, mainframes, computer systems, electronic data and electronic media Including but not limited to the following:

a.      Backup tape rotation and archival disk or tape inventories, schedules, and/or logs;

b.      Electronic data retention, preservation and destruction schedules;

c.      File naming conventions and standards;

d.      Diskette, CD, DVD, and other removable media labeling standards;

e.      Email storage conventions (e.g., limitations on mailbox sizes, storage locations, schedules and logs for storage).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant objects to this Request on the grounds that it is overly broad as to time and scope, and unduly burdensome and oppressive, and not proportional to the needs of the case to provide all documents mentioning written policies, procedures and guidelines relating to servers, computers, mainframes, computer systems, electronic data and electronic media.  Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or

1    defense nor proportional to the needs of the case.  Defendant further objects to this

2    Request to the extent that it seeks information protected by the attorney-client

3    privilege and/or attorney work product doctrine.  Defendant further objects to this

4    Request to the extent that it seeks private, privileged, and confidential commercial,

5    financial, and/or proprietary business information.  Defendant further objects to this

6    Request to the extent that the information sought is a matter of public record and,

7    therefore, equally available to Plaintiff.

8        Subject to and without in any way waiving the foregoing objections, and to

9    the extent it understands this Request, Defendant responds as follows: Defendant is

10   willing to meet and confer and to consider an appropriately narrowed,

11   particularized Request.

12   **DOCUMENT REQUEST NO. 16:**

13       Running instances of the Accused Features, which may include production of

14   passwords and login information for access to the Accused Features that require

15   such information.

16   **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

17       Defendant objects to this Request on the grounds that it is vague and

18   ambiguous as to "Accused Features" and vague and ambiguous or otherwise

19   unintelligible as to "Running instances."  Defendant further objects to this Request

20   in particular due to the absence of specificity in PARC's infringement contentions

21   as to what exactly is accused of infringement, and which would determine the scope

22   of the Accused Features referenced in this Request. Defendant objects to this

23   Request based on the inadequacy of Plaintiff's Infringement Contentions served on

24   May 11, 2021, which do not allow Defendant to ascertain the scope of accused

25   infringement and on that basis renders the Request vague and ambiguous.  PARC's

26   May 11, 2021 Infringement Contentions are conclusory and lack specificity with

27   respect to PARC's infringement claims and are otherwise incomplete.  PARC's

28   infringement contentions are vague and ambiguous, and fail to address with any

specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A). Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 17:**

All Documents Relating to the use, operation, or maintenance of the Accused Features and components thereof, including, without limitation, where such use, operation, or maintenance is performed and whether such use, operation, or maintenance is performed by one or more third parties for the benefit of You or at the direction or request of You.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features and components thereof." Defendant further objects to this Request on the grounds that it is overly broad as to time and scope, and unduly burdensome and oppressive and not proportional to the needs of the case as it requests all documents related to the use, operation, or maintenance of the Accused Features. Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous. PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete. PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product. Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A). Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant

further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff. Defendant further objects to this request to the extent such documents are not in the control of Defendant.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 18:**

All Documents that discuss, refer to, or evidence how actual or potential subscribers, customers, users, partners, or distributors (such as retail establishments) use, operate, access, or are expected to use, operate, or access the Accused Features.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features."  Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and

1   product.  Defendant further objects to this Request for its scope being based upon

2   Infringement Contentions that were served nearly two weeks after these Requests

3   were served, and so prematurely seek a response to discovery requests less than 30

4   days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also

5   objects to this Request as premature because claim construction proceedings have

6   yet to begin which will determine the scope of relevant claim limitations, and

7   accordingly the scope of Accused Features. Defendant further objects to this

8   Request on the grounds that it seeks information that is neither relevant to any

9   party's claim or defense nor proportional to the needs of the case, particularly as to

10  "All documents that . . . refer to, or evidence."  Defendant further objects to this

11  Request to the extent that it seeks information protected by the attorney-client

12  privilege and/or attorney work product doctrine.  Defendant further objects to this

13  Request to the extent that it seeks information pertaining to individuals, the

14  disclosure of which would constitute an unwarranted invasion of the affected

15  individuals' constitutional, statutory and/or common law rights to personal privacy

16  and confidentiality.  Defendant further objects to this Request to the extent that it

17  seeks private, privileged, and confidential commercial, financial, and/or proprietary

18  business information.  Defendant further objects to this Request to the extent that

19  the information sought is a matter of public record and, therefore, equally available

20  to Plaintiff.

21          Subject to and without in any way waiving the foregoing objections, and to

22  the extent it understands this Request, Defendant responds as follows: Defendant is

23  willing to meet and confer and to consider an appropriately narrowed,

24  particularized Request.

25  **DOCUMENT REQUEST NO. 19:**

26          All Documents that discuss, refer to, or mention Snapchat's:

27          a.      Snapchat Ads (mentioned, e.g., at https://forbusiness.snapchat.com/);

28

b. Snapchat Spotlight (mentioned, e.g., at
https://support.snapchat.com/en- US/a/spotlight);

c. Snapchat Knowledge Engine (mentioned, e.g., at
https://www.yext.com/products/network/snapchat/);

d. Snapchat Chat Screen (mentioned, e.g., at
https://support.snapchat.com/en-US/a/about-friends-screen);

e. Snapchat Discover (mentioned, e.g., at
https://support.snapchat.com/en- US/a/discover);

f. Group Chat (mentioned, e.g., at https://support.snapchat.com/en-
US/a/group-chat);

g. Search (mentioned, e.g., at https://support.snapchat.com/en-
US/a/search);

h. My Data (mentioned, e.g., at https://support.snapchat.com/en-
US/a/download-my-data);

i. Snap History (mentioned, e.g., at https://support.snapchat.com/en-
US/a/download-my-data);

j. Ads Manager (mentioned, e.g., at https://forbusiness.snapchat.com/);

k. Conversion API (mentioned, e.g., at
https://developers.snapchat.com/api/docs/#introduction); and

l. Marketing API (mentioned, e.g., at
https://developers.snapchat.com/api/docs/#introduction).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant objects to this Request on the grounds that it is overly broad as to
time and scope, and unduly burdensome and oppressive and not proportional to the
needs of the case to provide all documents that discuss, refer to, or mention the
above-listed topics.  Defendant further objects to this Request on the grounds that it
seeks information that is neither relevant to any party's claim or defense nor
proportional to the needs of the case, e.g., topics not discussed in PARC's

infringement contentions such as Snapchat Spotlight, Snapchat Chat Screen,

Snapchat Discover, Group Chat, and Search. Defendant further objects to this

Request to the extent that it seeks information protected by the attorney-client

privilege and/or attorney work product doctrine.  Defendant further objects to this

Request to the extent that the information sought is a matter of public record and,

therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to

the extent it understands this Request, Defendant responds as follows: Defendant is

willing to meet and confer and to consider an appropriately narrowed,

particularized Request.

**DOCUMENT REQUEST NO. 20:**

All Documents Identifying, describing, Concerning, or referencing the use,

operation, design, configuration, structure, technical specifications, use, function,

and operation of the Accused Features (Including, but not limited to, Documents

providing training, education, instruction, troubleshooting or information to

customers or other Third Parties on the operation of the Accused Features).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant objects to this Request on the grounds that it is vague and

ambiguous as to "Accused Features."  Defendant further objects to this Request on

the grounds that it is overly broad as to time and scope, and unduly burdensome and

oppressive and not proportional to the needs of the case to provide all documents

Concerning, or referencing the use, operation, design, configuration, structure,

technical specifications, use, function, and operation of the Accused Features.

Defendant further objects to this Request in particular due to the absence of

specificity in PARC's infringement contentions as to what exactly is accused of

infringement, and which would determine the scope of the Accused Features

referenced in this Request. Defendant objects to this Request based on the

inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which

1  do not allow Defendant to ascertain the scope of accused infringement and on that

2  basis renders the Request vague and ambiguous.  PARC's May 11, 2021

3  Infringement Contentions are conclusory and lack specificity with respect to

4  PARC's infringement claims and are otherwise incomplete.  PARC's infringement

5  contentions are vague and ambiguous, and fail to address with any specificity where

6  each element of each asserted claim is found in each accused instrumentality and

7  product.  Defendant further objects to this Request for its scope being based upon

8  Infringement Contentions that were served nearly two weeks after these Requests

9  were served, and so prematurely seek a response to discovery requests less than 30

10  days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also

11  objects to this Request as premature because claim construction proceedings have

12  yet to begin which will determine the scope of relevant claim limitations, and

13  accordingly the scope of Accused Features. Defendant further objects to this

14  Request on the grounds that it seeks information that is neither relevant to any

15  party's claim or defense nor proportional to the needs of the case.  Defendant

16  further objects to this Request to the extent that it seeks information protected by

17  the attorney-client privilege and/or attorney work product doctrine.  Defendant

18  further objects to this Request to the extent that it seeks information pertaining to

19  individuals, the disclosure of which would constitute an unwarranted invasion of

20  the affected individuals' constitutional, statutory and/or common law rights to

21  personal privacy and confidentiality.  Defendant further objects to this Request to

22  the extent that the information sought is a matter of public record and, therefore,

23  equally available to Plaintiff.  Defendant further objects to this request to the extent

24  such documents are not in the control of Defendant.

25      Subject to and without in any way waiving the foregoing objections, and to

26  the extent it understands this Request, Defendant responds as follows: Defendant is

27  willing to meet and confer and to consider an appropriately narrowed,

28  particularized Request.

**DOCUMENT REQUEST NO. 21:**

All Documents that discuss, refer to, or evidence the costs and expenses incurred by You in researching, creating, developing, marketing, operating, making, licensing, maintaining, offering and selling the Accused Features or the access to or use thereof.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features." Defendant further objects to this Request on the grounds that it is overly broad as to time and scope, and unduly burdensome and oppressive and not proportional to the needs of the case to produce all documents that refer to the costs and expenses incurred in researching, creating, developing, marketing, operating, making, licensing, maintaining, offering and selling the Accused Features or the access to or use thereof. Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous. PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete. PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product. Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A). Defendant also objects to this Request as premature

1    because claim construction proceedings have yet to begin which will determine the

2    scope of relevant claim limitations, and accordingly the scope of Accused Features.

3    Defendant further objects to this Request on the grounds that it seeks information

4    that is neither relevant to any party's claim or defense nor proportional to the needs

5    of the case.  Defendant further objects to this Request to the extent that it seeks

6    information protected by the attorney-client privilege and/or attorney work product

7    doctrine.  Defendant further objects to this Request to the extent that it seeks

8    information pertaining to individuals, the disclosure of which would constitute an

9    unwarranted invasion of the affected individuals' constitutional, statutory and/or

10   common law rights to personal privacy and confidentiality.  Defendant further

11   objects to this Request to the extent that the information sought is a matter of public

12   record and, therefore, equally available to Plaintiff.

13        Subject to and without in any way waiving the foregoing objections, and to

14   the extent it understands this Request, Defendant responds as follows: Defendant is

15   willing to meet and confer and to consider an appropriately narrowed,

16   particularized Request.

17   **DOCUMENT REQUEST NO. 22:**

18        All Documents that discuss, refer to, or evidence the method and manner by

19   which You track, record, and monitor the researching, making, using, operating,

20   accessing to, licensing, offering access to, or monetization of the Accused Features.

21   **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

22        Defendant objects to this Request on the grounds that it is vague and

23   ambiguous as to "the method and manner by which You track, record, and monitor

24   the researching, making, using, operating, accessing to, licensing, offering access

25   to, or monetization of the Accused Features."  Defendant further objects to this

26   Request in particular due to the absence of specificity in PARC's infringement

27   contentions as to what exactly is accused of infringement, and which would

28   determine the scope of the Accused Features referenced in this Request. Defendant

objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.   Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Request to the extent that

1  the information sought is a matter of public record and, therefore, equally available

2  to Plaintiff.

3       Subject to and without in any way waiving the foregoing objections, and to

4  the extent it understands this Request, Defendant responds as follows: Defendant is

5  willing to meet and confer and to consider an appropriately narrowed,

6  particularized Request.

7  **DOCUMENT REQUEST NO. 23:**

8       All Documents which disclose the revenues, costs, and profits derived by

9  You from each of Your Accused Products and Your Accused Features.

10  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

11       Defendant objects to this Request on the grounds that it is vague and

12  ambiguous as to "Accused Products" and "Accused Features."  Defendant further

13  objects to this Request in particular due to the absence of specificity in PARC's

14  infringement contentions as to what exactly is accused of infringement, and which

15  would determine the scope of the Accused Products and Accused Features

16  referenced in this Request. Defendant objects to this Request based on the

17  inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which

18  do not allow Defendant to ascertain the scope of accused infringement and on that

19  basis renders the Request vague and ambiguous.  PARC's May 11, 2021

20  Infringement Contentions are conclusory and lack specificity with respect to

21  PARC's infringement claims and are otherwise incomplete.  PARC's infringement

22  contentions are vague and ambiguous, and fail to address with any specificity where

23  each element of each asserted claim is found in each accused instrumentality and

24  product.  Defendant further objects to this Request for its scope being based upon

25  Infringement Contentions that were served nearly two weeks after these Requests

26  were served, and so prematurely seek a response to discovery requests less than 30

27  days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also

28  objects to this Request as premature because claim construction proceedings have

yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to "Accused Products" as vague and ambiguous, overbroad and unduly burdensome. In particular, although Defendant cites to various snapchat.com webpages as documentation in support of its infringement contentions, the website "www.snapchat.com" itself does not appear to be identified as meeting any particular claim limitation in any of PARC's infringement contentions and itself does not appear to be relevant to any specific infringement contention. Further, PARC's Complaint and Infringement Contentions does not identify or make reference to any mobile application aside from the Snapchat app. Accordingly, Defendant objects to "Snapchat's mobile applications" as vague and ambiguous, and overbroad to the extent it encompasses any "mobile application" aside from the Snapchat app. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents." Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is

1  willing to meet and confer and to consider an appropriately narrowed,

2  particularized Request.

3  **DOCUMENT REQUEST NO. 24:**

4      Any and all documents Relating to any royalties for technologies that You

5  contend are analogous or comparable to the invention of each of the Patents-in-Suit,

6  including any and all agreements identifying such royalty.

7  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

8      Defendant objects to this Request on the grounds that it seeks information

9  that is unduly burdensome and not proportional to the needs of the case, particularly

10  as to "any and all documents relating to," and "any and all agreements identifying."

11  Defendant further objects to this Request to the extent that it seeks information

12  protected by the attorney-client privilege and/or attorney work product doctrine.

13  Defendant further objects to this Request to the extent that it seeks private,

14  privileged, and confidential commercial, financial, and/or proprietary business

15  information.  Defendant also objects to this Request as premature because claim

16  construction proceedings have yet to begin which will determine the scope of

17  relevant claim limitations.

18      Subject to and without in any way waiving the foregoing objections, and to

19  the extent it understands this Request, Defendant responds as follows: Defendant is

20  willing to meet and confer and to consider an appropriately narrowed,

21  particularized Request.

22  **DOCUMENT REQUEST NO. 25:**

23      All Documents showing how and to what extent You or Your customers or

24  others use, operate, access, value, or benefit from the Accused Features (Including

25  but not limited to any relevant customer-use studies, surveys, tracking data, or

26  estimates).

27

28

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features."  Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).   Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features.

Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to

individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 26:**

All Documents constituting, Identifying, Describing, Concerning, or referencing customer questions, inquiries, complaints, or concerns regarding the performance, operation, or use of the Accused Features and Your response whether formal, informal, public, non-public, or otherwise.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features."  Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where

each element of each asserted claim is found in each accused instrumentality and product.  Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 27:**

All Documents (Including issued patents, file histories, etc.) that reference the Patents-in-Suit or a Named Inventor.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendant objects to this Request to the extent it is not bounded in scope or time. Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff. Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 28:**

All Documents describing, Concerning, or referencing the validity, invalidity, scope, liability for Infringement by You, enforceability, non-enforceability, or licensing (either implied or express) of any Patents-in-Suit and/or opinions thereof from the time You first became aware of each such Patent-in-Suit through trial in this matter.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Defendant further objects to this Request for Production to the extent it seeks expert discovery that is inconsistent with Rule 26 and the Court's Scheduling Order. Defendant objects to this request as prematurely seeking documents relating to contentions.  Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."  Defendant objects to this Request as burden shifting Plaintiff's burden to prove its case.  Defendant objects to this Request to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 29:**

All Documents that discuss, refer to, or evidence when, if ever, You sought the advice of counsel after learning of the Patents-in-Suit.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

- 46 -

**DOCUMENT REQUEST NO. 30:**

All Documents used or otherwise relied upon, in whole or in part, by in-house or outside counsel in forming opinions Concerning the Patents-in-Suit.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant will not produce documents responsive to this request, which appears to be directed to only privileged materials; Defendant is nonetheless willing to meet and confer regarding whether any documents within the scope of this request would not be privileged.

**DOCUMENT REQUEST NO. 31:**

All Documents that discuss, refer to, or evidence the impact the Patents-in-Suit could have on You, Including, without limitation, damages, liability, injunctive relief, or required product changes.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "the impact the Patents-in-Suit could have on You." Defendant further objects to this Request on the grounds that it is overly broad as to time and scope, and unduly burdensome and oppressive to provide all documents that discuss, refer to, or evidence the impact the Patents-in-Suit could have. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case. Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires

the identification, collection, and production of "all documents."  Defendant objects to this request as prematurely seeking documents relating to contentions. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant objects to this Request as purely speculative as to "the impact the Patents-in-Suit could have on [Defendant]." Defendant further objects to this Request for Production to the extent it seeks expert discovery that is inconsistent with Rule 26 and the Court's Scheduling Order.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 32:**

All prior art, including Documents, that You allege anticipate, render obvious, or otherwise impact the validity of the Patents-in-Suit.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request for Production to the extent it seeks expert discovery that is inconsistent with Rule 26 and the Court's Scheduling Order. Defendant objects to this Request to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant objects to this request as prematurely seeking documents relating to contentions.  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows:  Defendant

1   will search its records and produce, according to the Court's scheduling order,

2   responsive, non-objectionable, non-privileged documents that contain information

3   responsive to this Request, to the extent they exist and can be located after a

4   reasonable search and inquiry.

5   **DOCUMENT REQUEST NO. 33:**

6       All Documents Relating to alleged sales or public use of the Accused

7   Features more than a year before the application date of the Patents-in-Suit.

8   **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

9       Defendant objects to this Request on the grounds that it is overly broad as to

10  time and scope, and unduly burdensome and oppressive and not proportional to the

11  needs of the case to provide all documents Relating to alleged sales or public use of

12  the Accused Features.  Defendant further objects to this Request in particular due to

13  the absence of specificity in PARC's infringement contentions as to what exactly is

14  accused of infringement, and which would determine the scope of the Accused

15  Features referenced in this Request. Defendant objects to this Request based on the

16  inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which

17  do not allow Defendant to ascertain the scope of accused infringement and on that

18  basis renders the Request vague and ambiguous.  PARC's May 11, 2021

19  Infringement Contentions are conclusory and lack specificity with respect to

20  PARC's infringement claims and are otherwise incomplete.  PARC's infringement

21  contentions are vague and ambiguous, and fail to address with any specificity where

22  each element of each asserted claim is found in each accused instrumentality and

23  product.  Defendant further objects to this Request for its scope being based upon

24  Infringement Contentions that were served nearly two weeks after these Requests

25  were served, and so prematurely seek a response to discovery requests less than 30

26  days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also

27  objects to this Request as premature because claim construction proceedings have

28  yet to begin which will determine the scope of relevant claim limitations, and

accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case.  Defendant objects to this request as prematurely seeking documents relating to contentions.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: to the extent Defendant is able to understand the scope of PARC's infringement contentions, Defendant will search its records and produce, according to the Court's scheduling order, responsive, non-objectionable, non-privileged documents that contain information sufficient to show alleged sales or public use of the Accused Features more than a year before the application date of the Patents-in-Suit, to the extent they exist and can be located after a reasonable search and inquiry.

**DOCUMENT REQUEST NO. 34:**

All Documents Identifying, describing, Concerning, or referencing any Communications between You and any Third Party regarding the Patents-in-Suit or this litigation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendant objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this

1  Request to the extent that it seeks private, privileged, and confidential commercial,

2  financial, and/or proprietary business information.

3      Subject to and without in any way waiving the foregoing objections, and to

4  the extent it understands this Request, Defendant responds as follows: Defendant is

5  willing to meet and confer and to consider an appropriately narrowed,

6  particularized Request.

7  **DOCUMENT REQUEST NO. 35:**

8      All Documents furnished or shown to any fact witness contacted,

9  interviewed, or consulted by You or Your agents or attorneys in connection with

10  the Patents-in-Suit or this litigation.

11  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

12      Defendant objects to this Request on the grounds that it seeks information

13  that is neither relevant to any party's claim or defense nor proportional to the needs

14  of the case.  Defendant objects to this Request as unduly burdensome and not

15  proportional to the needs of the case to the extent it requires the identification,

16  collection, and production of "all documents."  Defendant further objects to this

17  Request to the extent that it seeks information protected by the attorney-client

18  privilege and/or attorney work product doctrine.  Defendant further objects to this

19  Request to the extent that the information sought is a matter of public record and,

20  therefore, equally available to Plaintiff.  Defendant objects to this Request as vague

21  and ambiguous or otherwise premature as to "any fact witness contacted,

22  interviewed, or consulted by [Defendant] or [Defendant's] agents or attorneys."

23      Subject to and without in any way waiving the foregoing objections, and to

24  the extent it understands this Request, Defendant responds as follows:  Defendant is

25  willing to meet and confer and to consider an appropriately narrowed,

26  particularized Request.

27

28

**DOCUMENT REQUEST NO. 36:**

All Documents constituting, Identifying, describing, Concerning, or referencing any Document that You believe is relevant to the construction or interpretation of any claim in the Patents-in-Suit.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents." Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff. Defendant further objects to this Request for Production to the extent it seeks expert discovery that is inconsistent with Rule 26 and the Court's Scheduling Order, in particular the deadlines for claim construction. Defendant objects to this Request to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request. Notwithstanding, Defendant will search its records and produce, according to the Court's scheduling order, responsive, non-objectionable, non-privileged documents that Defendant believes is relevant to the construction or interpretation of claims in the Patents-in-Suit, to the extent they exist and can be located after a reasonable search and inquiry.

**DOCUMENT REQUEST NO. 37:**

Documents Relating to the technology embodied in the Patents-in-Suit, and the benefit of such technology associated with the Accused Products and/or Accused Features.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "technology embodied in the Patents-in-Suit" and "Accused Products and/or Accused Features." Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Products and Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous. PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete. PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product. Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A). Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to "Accused Products" as vague and ambiguous, overbroad and unduly burdensome. In particular, although Defendant cites to various snapchat.com webpages as documentation in support of its infringement

contentions, the website "www.snapchat.com" itself does not appear to be identified as meeting any particular claim limitation in any of PARC's infringement contentions and itself does not appear to be relevant to any specific infringement contention.  Further, PARC's Complaint and Infringement Contentions does not identify or make reference to any mobile application aside from the Snapchat app. Accordingly, Defendant objects to "Snapchat's mobile applications" as vague and ambiguous, and overbroad to the extent it encompasses any "mobile application" aside from the Snapchat app.  Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff. Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 38:**

All Documents Identifying, describing, Concerning, or referencing any purported non-Infringing alternatives to the inventions, methods, systems, or apparatuses claimed in the Patent-in-Suit, Including but not limited to the Identification, availability, acceptability, and cost of using or implementing any such alternatives; the specific alterations that would be made to the Accused Features to effectuate such alternatives; and the steps, costs, and time required to develop and implement each alternative.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features."  Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).   Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request for Production to the extent it seeks expert discovery that is inconsistent with Rule 26 and the Court's Scheduling Order.  Defendant objects to this Request to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."

Defendant objects to this request as prematurely seeking documents relating to contentions.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: to the extent Defendant is able to understand the scope of PARC's infringement contentions, Defendant will search its records and produce, according to the Court's scheduling order, responsive, non-objectionable, non-privileged documents that contain information sufficient to show non-Infringing alternatives to the inventions, methods, systems, or apparatuses claimed in the Patent-in-Suit, to the extent they exist and can be located after a reasonable search and inquiry.

**DOCUMENT REQUEST NO. 39:**

All Documents Concerning any effort or analysis by You to design or redesign the Accused Features so as to avoid Infringement of the Patent-in-Suit, the costs of all design around options analyzed, the time spent on such analysis, the estimated time to market for such a design-around, whether the design-around had or has any potential compatibility issues and, if so, the options analyzed to address those issues, whether the design-around had any impact (however measured) on the performance of the systems and services, and the estimated costs that such a design would have added to any product or functionality.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "any effort or analysis," "the systems and services," and "any product or functionality."  Defendant further objects to this Request on the grounds that it is overly broad as to time and scope.  Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive.  Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this

Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant objects to this request as prematurely seeking documents relating to contentions.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 40:**

All Documents mentioning, Concerning, or referencing any Person Identified by You in Your Initial Disclosures (and any Amendments thereto).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendant objects to this Request on the grounds that it is overly broad as to time and scope, and unduly burdensome and oppressive and not proportional to the needs of the case to provide all documents mentioning, Concerning, or referencing any Person Identified by You in Your Initial Disclosures (and any Amendments thereto). Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff. Defendant further objects to this request to the extent such documents are not in the control of Defendant.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 41:**

All Documents that You may introduce as trial evidence, or use to support or refute any testimony You plan to use at trial.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff. Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents," and on a prematurely speculative basis. Defendant objects to this Request as premature for seeking documents intended for trial and discovery has only just begun.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant will search its records and produce, according to the Court's scheduling order, responsive, non-objectionable, non-privileged documents that contain information responsive to this Request, to the extent they exist and can be located after a reasonable search and inquiry.

**DOCUMENT REQUEST NO. 42:**

All Documents constituting, Identifying, describing, Concerning, or referencing any insurance policies Relating to this lawsuit (Including but not limited to all insurance or indemnity agreements under which some Person or entity may be liable to reimburse You, in whole or in part, for a judgment, fees, or expenses in this matter).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendant objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs

of the case. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff. Defendant further objects to this request to the extent such documents are not in the control of Defendant. Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

## DOCUMENT REQUEST NO. 43:

All Documents Identifying, describing, Concerning, or referencing Your corporate policies, procedures, and actual practices, including those Relating to patent searches, patent reviews, product clearances, right to use opinions, or other mechanisms, if any, to obtain licenses prior to general commercial availability of products and/or websites so as to avoid Infringement of patents, such as the Patents-in-Suit.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "general commercial availability of products and/or websites." Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents." Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or

1   attorney work product doctrine.  Defendant further objects to this Request to the

2   extent that the information sought is a matter of public record and, therefore,

3   equally available to Plaintiff.

4       Subject to and without in any way waiving the foregoing objections, and to

5   the extent it understands this Request, Defendant responds as follows: Defendant is

6   willing to meet and confer and to consider an appropriately narrowed,

7   particularized Request.

8   **DOCUMENT REQUEST NO. 44:**

9       All Documents Concerning all completed or attempted license agreements,

10  settlement agreements, covenants not to sue, and/or any other agreements

11  conferring rights Concerning or covering the Accused Features or any products,

12  patents, or functionalities related to those described in the Patents-in- Suit.

13  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

14      Defendant objects to this Request on the grounds that it is vague and

15  ambiguous as to "Accused Features" and "any products, patents, or functionalities

16  related to those described in the Patents-in- Suit."  Defendant further objects to this

17  Request on the grounds that it is overly broad as to time and scope, particularly as

18  to "any products, patents, or functionalities related to those described in the Patents-

19  in- Suit."  Defendant further objects to this Request in particular due to the absence

20  of specificity in PARC's infringement contentions as to what exactly is accused of

21  infringement, and which would determine the scope of the Accused Features

22  referenced in this Request. Defendant objects to this Request based on the

23  inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which

24  do not allow Defendant to ascertain the scope of accused infringement and on that

25  basis renders the Request vague and ambiguous.  PARC's May 11, 2021

26  Infringement Contentions are conclusory and lack specificity with respect to

27  PARC's infringement claims and are otherwise incomplete.  PARC's infringement

28  contentions are vague and ambiguous, and fail to address with any specificity where

each element of each asserted claim is found in each accused instrumentality and product.   Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this request to the extent such documents are not in the control of Defendant. Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations. Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 45:**

All Documents and things evidencing Your licensing program, Including without limitation Documents sufficient to Identify all personnel with responsibilities for intellectual property licensing, location of said personnel, and duties of said personnel.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

Defendant objects to this Request on the grounds that it is overly broad as to time and scope, and unduly burdensome and oppressive and not proportional to the needs of the case to provide all documents and things evidencing Your licensing program.  Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case as to Defendant's "licensing program."  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 46:**

All documents Relating to, Concerning, describing, or reflecting the actual or projected financial performance of the Accused Products and Accused Features as they are evaluated and/or analyzed by you in the normal course of business.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "financial performance" and "Accused Products and Accused Features."  Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is

accused of infringement, and which would determine the scope of the Accused Products and Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.   Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A). Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features.  Defendant further objects to "Accused Products" as vague and ambiguous, overbroad and unduly burdensome.  In particular, although Defendant cites to various snapchat.com webpages as documentation in support of its infringement contentions, the website "www.snapchat.com" itself does not appear to be identified as meeting any particular claim limitation in any of PARC's infringement contentions and itself does not appear to be relevant to any specific infringement contention.  Further, PARC's Complaint and Infringement Contentions does not identify or make reference to any mobile application aside from the Snapchat app.  Accordingly, Defendant objects to "Snapchat's mobile applications" as vague and ambiguous, and overbroad to the extent it encompasses any "mobile application" aside from the Snapchat app.  Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor

1  proportional to the needs of the case.  Defendant further objects to this Request to

2  the extent that it seeks information protected by the attorney-client privilege and/or

3  attorney work product doctrine.  Defendant objects to this Request as unduly

4  burdensome and not proportional to the needs of the case to the extent it requires

5  the identification, collection, and production of "all documents."

6      Subject to and without in any way waiving the foregoing objections, and to

7  the extent it understands this Request, Defendant responds as follows: Defendant is

8  willing to meet and confer and to consider an appropriately narrowed,

9  particularized Request.

10  **DOCUMENT REQUEST NO. 47:**

11      All studies, surveys, forecasts, comparisons, reports, metrics, evaluations,

12  analyses, or assessments Concerning or Relating to the Accused Features.

13  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

14      Defendant objects to this Request on the grounds that it is vague and

15  ambiguous as to "Accused Features."  Defendant objects to this Request as unduly

16  burdensome and not proportional to the needs of the case to the extent it requires

17  the identification, collection, and production of "all studies, surveys, forecasts,

18  comparisons, reports, metrics, evaluations, analyses, or assessments." Defendant

19  objects to this Request as to any studies, surveys, forecasts, comparisons, reports,

20  metrics, evaluations, analyses, or assessments that are in nature forecasts as neither

21  relevant to any party's claim or defense nor proportional to the needs of the case.

22  Defendant further objects to this Request in particular due to the absence of

23  specificity in PARC's infringement contentions as to what exactly is accused of

24  infringement, and which would determine the scope of the Accused Features

25  referenced in this Request. Defendant objects to this Request based on the

26  inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which

27  do not allow Defendant to ascertain the scope of accused infringement and on that

28  basis renders the Request vague and ambiguous.  PARC's May 11, 2021

Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.   Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 48:**

From November 25, 2014 to present, all quarterly and annual income statements, balance sheets, and cash flow statements for You and for the division(s), business unit(s), or other entities within You which include each of Your Accused Products.

DEF. SNAP INC.'S OBJS. AND RESPS. TO PLTF. PARC'S RFP, SET ONE

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Products."  Defendant further objects to this Request on the grounds that it is overly broad and unduly burdensome and oppressive and not proportional to the needs of the case to provide "quarterly and annual income statements, balance sheets, and cash flow statements for the division(s), business unit(s), or other entities within [Defendant] which include each of [Defendant's] Accused Products."  Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Products referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.   Defendant further objects to "Accused Products" as vague and ambiguous, overbroad and unduly burdensome.  In particular, although Defendant cites to various snapchat.com webpages as documentation in support of its infringement contentions, the website "www.snapchat.com" itself does not appear to be identified as meeting any particular claim limitation in any of PARC's infringement contentions and itself does not appear to be relevant to any specific infringement contention.  Further, PARC's Complaint and Infringement Contentions does not identify or make reference to any mobile application aside from the Snapchat app.  Accordingly, Defendant objects to "Snapchat's mobile applications" as vague and ambiguous, and overbroad to the extent it encompasses

any "mobile application" aside from the Snapchat app.  Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all" such documents.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 49:**

All Documents Concerning Your marketing, sales, promotion, and advertisement of the Accused Features, Including all Documents, bids, requests for proposal, marketing studies, promotional material, presentations, videos, television advertisements, magazine and/or trade journal advertisements, internet advertising, and radio advertisements Concerning said advertising and marketing.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features."  Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement

1  and on that basis renders the Request vague and ambiguous.  PARC's May 11,

2  2021 Infringement Contentions are conclusory and lack specificity with respect to

3  PARC's infringement claims and are otherwise incomplete.  PARC's infringement

4  contentions are vague and ambiguous, and fail to address with any specificity where

5  each element of each asserted claim is found in each accused instrumentality and

6  product.  Defendant further objects to this Request for its scope being based upon

7  Infringement Contentions that were served nearly two weeks after these Requests

8  were served, and so prematurely seek a response to discovery requests less than 30

9  days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also

10  objects to this Request as premature because claim construction proceedings have

11  yet to begin which will determine the scope of relevant claim limitations, and

12  accordingly the scope of Accused Features. Defendant further objects to this

13  Request on the grounds that it seeks information that is not proportional to the

14  needs of the case.  Defendant objects to this Request as unduly burdensome and not

15  proportional to the needs of the case to the extent it requires the identification,

16  collection, and production of "all documents."  Defendant further objects to this

17  Request to the extent that it seeks information protected by the attorney-client

18  privilege and/or attorney work product doctrine.  Defendant further objects to this

19  Request to the extent that the information sought is a matter of public record and,

20  therefore, equally available to Plaintiff.

21        Subject to and without in any way waiving the foregoing objections, and to

22  the extent it understands this Request, Defendant responds as follows: Defendant is

23  willing to meet and confer and to consider an appropriately narrowed,

24  particularized Request.

25

26

27

28

**DOCUMENT REQUEST NO. 50:**

All Documents Identifying, describing, Concerning, or referencing the market reception of each of the Accused Features, Including internal, Third Party, and end user reviews.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "market reception" and "Accused Features." Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous. PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete. PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product. Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A). Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification,

collection, and production of "all documents." Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 51:**

All Documents Identifying, describing, Concerning, or referencing how You monetize the Accused Features or derive revenue from the Accused Features.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features." Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous. PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to

PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.   Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is not proportional to the needs of the case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 52:**

All documents that describe, explain, or reference the Accused Features' relationship or effect on as user engagement with the Accused Products.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features' relationship or effect on as user engagement

with the Accused Products."  Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features and Accused Products referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.  Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to "Accused Products" as vague and ambiguous, overbroad and unduly burdensome.  In particular, although Defendant cites to various snapchat.com webpages as documentation in support of its infringement contentions, the website "www.snapchat.com" itself does not appear to be identified as meeting any particular claim limitation in any of PARC's infringement contentions and itself does not appear to be relevant to any specific infringement contention.  Further, PARC's Complaint and Infringement Contentions does not identify or make reference to any mobile application aside from the Snapchat app. Accordingly, Defendant objects to "Snapchat's mobile applications" as vague and ambiguous, and overbroad to the extent it encompasses any "mobile application"

aside from the Snapchat app.  Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents." Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

## DOCUMENT REQUEST NO. 53:

All Documents Identifying, describing, Concerning, or referencing the total amount, applicable royalty base, and applicable royalty rate paid by You to any Third Parties in connection with the Accused Features or any features that You contend are comparable to the Accused Features.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 53:

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features" and "any features comparable to the Accused Features."  Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused

1   Features referenced in this Request. Defendant objects to this Request based on the

2   inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which

3   do not allow Defendant to ascertain the scope of accused infringement and on that

4   basis renders the Request vague and ambiguous.  PARC's May 11, 2021

5   Infringement Contentions are conclusory and lack specificity with respect to

6   PARC's infringement claims and are otherwise incomplete.  PARC's infringement

7   contentions are vague and ambiguous, and fail to address with any specificity where

8   each element of each asserted claim is found in each accused instrumentality and

9   product.  Defendant further objects to this Request for its scope being based upon

10   Infringement Contentions that were served nearly two weeks after these Requests

11   were served, and so prematurely seek a response to discovery requests less than 30

12   days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also

13   objects to this Request as premature because claim construction proceedings have

14   yet to begin which will determine the scope of relevant claim limitations, and

15   accordingly the scope of Accused Features. Defendant further objects to this

16   Request on the grounds that it seeks information that is not proportional to the

17   needs of the case.  Defendant objects to this Request as unduly burdensome and not

18   proportional to the needs of the case to the extent it requires the identification,

19   collection, and production of "all documents."  Defendant further objects to this

20   Request to the extent that it seeks information protected by the attorney-client

21   privilege and/or attorney work product doctrine.  Defendant further objects to this

22   Request to the extent that it seeks private, privileged, and confidential commercial,

23   financial, and/or proprietary business information.  Defendant further objects to this

24   request to the extent such documents are not in the control of Defendant.

25   Defendant objects to this request as prematurely seeking documents relating to

26   contentions.

27        Subject to and without in any way waiving the foregoing objections, and to

28   the extent it understands this Request, Defendant responds as follows: Defendant is

1   willing to meet and confer and to consider an appropriately narrowed,

2   particularized Request.

3   **DOCUMENT REQUEST NO. 54:**

4       Documents sufficient to demonstrate the accounting practices used by You to

5   account for sales, profit margin, cost, income for and/or from, or other financial

6   benefit realized by You, Relating to the Accused Features.

7   **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 54:**

8       Defendant objects to this Request on the grounds that it is vague and

9   ambiguous as to "Accused Features." Defendant further objects to this Request in

10  particular due to the absence of specificity in PARC's infringement contentions as

11  to what exactly is accused of infringement, and which would determine the scope of

12  the Accused Features referenced in this Request. Defendant objects to this Request

13  based on the inadequacy of Plaintiff's Infringement Contentions served on May 11,

14  2021, which do not allow Defendant to ascertain the scope of accused infringement

15  and on that basis renders the Request vague and ambiguous. PARC's May 11,

16  2021 Infringement Contentions are conclusory and lack specificity with respect to

17  PARC's infringement claims and are otherwise incomplete. PARC's infringement

18  contentions are vague and ambiguous, and fail to address with any specificity where

19  each element of each asserted claim is found in each accused instrumentality and

20  product. Defendant further objects to this Request for its scope being based upon

21  Infringement Contentions that were served nearly two weeks after these Requests

22  were served, and so prematurely seek a response to discovery requests less than 30

23  days from the request in violation of Fed. R. Civ. P. 34(b)(A). Defendant also

24  objects to this Request as premature because claim construction proceedings have

25  yet to begin which will determine the scope of relevant claim limitations, and

26  accordingly the scope of Accused Features. Defendant further objects to this

27  Request on the grounds that it seeks information that is not proportional to the

28  needs of the case. Defendant objects to this Request as unduly burdensome and not

1  proportional to the needs of the case to the extent it requires the identification,

2  collection, and production of "all documents."  Defendant further objects to this

3  Request to the extent that it seeks information protected by the attorney-client

4  privilege and/or attorney work product doctrine.

5       Subject to and without in any way waiving the foregoing objections, and to

6  the extent it understands this Request, Defendant responds as follows: to the extent

7  Defendant is able to understand the scope of PARC's infringement contentions,

8  Defendant will search its records and produce responsive, non-objectionable, non-

9  privileged documents that contain information responsive to this Request, to the

10  extent they exist and can be located after a reasonable search and inquiry.

11  **DOCUMENT REQUEST NO. 55:**

12       All Documents Identifying, describing, Concerning, or referencing direct

13  and/or indirect benefits that accrue to You, financial or otherwise, through the use

14  of the Accused Features by Your subscribers, customers, partners, distributors

15  (such as retail establishments), target audience(s) and/or other users.

16  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 55:**

17       Defendant objects to this Request on the grounds that it is vague and

18  ambiguous as to "direct and/or indirect benefits" and "Accused Features."

19  Defendant further objects to this Request in particular due to the absence of

20  specificity in PARC's infringement contentions as to what exactly is accused of

21  infringement, and which would determine the scope of the Accused Features

22  referenced in this Request. Defendant objects to this Request based on the

23  inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which

24  do not allow Defendant to ascertain the scope of accused infringement and on that

25  basis renders the Request vague and ambiguous.  PARC's May 11, 2021

26  Infringement Contentions are conclusory and lack specificity with respect to

27  PARC's infringement claims and are otherwise incomplete.  PARC's infringement

28  contentions are vague and ambiguous, and fail to address with any specificity where

each element of each asserted claim is found in each accused instrumentality and product.   Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 56:**

All Documents evidencing, Identifying, describing, Concerning or referencing the benefits and/or detriments of each of the Accused Features, Including but not limited to:

      a.      Presentations;

      b.      Brochures;

      c.      Surveys;

      d.      Usage statistics;

      e.      Promotional materials;

      f.      Advertisements; or

      g.      Web sites.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 56:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features." Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous. PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete. PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product. Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A). Defendant also

objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents evidencing, Identifying, describing, Concerning or referencing." Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 57:**

Documents Identifying the extent of U.S. use of each of the Accused Features, Including but not limited to:

a.      Number of web visitors, per month, who access web pages, Including but not limited to the Accused Features;

b.      Number of web visitors, per month, who interact with or otherwise use each of the Accused Features;

- 80 -

1       c.      Number of consummated transactions, per month, that used each of the

2 Accused Features;

3       d.      Number of web pages served, by month, that contain each of the

4 Accused Features; or

5       e.      Percentage of total web visitors each month that access or otherwise

6 use each of the Accused Features.

7 **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 57:**

8       Defendant objects to this Request on the grounds that it is vague and

9 ambiguous as to "Accused Features."  Defendant further objects to this Request on

10 the grounds that it is overly broad as to time and scope, and unduly burdensome and

11 oppressive to provide the number of web visitors, per month, who access web

12 pages, Including but not limited to the Accused Features.  Defendant further objects

13 to this Request in particular due to the absence of specificity in PARC's

14 infringement contentions as to what exactly is accused of infringement, and which

15 would determine the scope of the Accused Features referenced in this Request.

16 Defendant objects to this Request based on the inadequacy of Plaintiff's

17 Infringement Contentions served on May 11, 2021, which do not allow Defendant

18 to ascertain the scope of accused infringement and on that basis renders the Request

19 vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are

20 conclusory and lack specificity with respect to PARC's infringement claims and are

21 otherwise incomplete.  PARC's infringement contentions are vague and ambiguous,

22 and fail to address with any specificity where each element of each asserted claim is

23 found in each accused instrumentality and product.  Defendant further objects to

24 this Request for its scope being based upon Infringement Contentions that were

25 served nearly two weeks after these Requests were served, and so prematurely seek

26 a response to discovery requests less than 30 days from the request in violation of

27 Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature

28 because claim construction proceedings have yet to begin which will determine the

scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 58:**

All Documents supporting and refuting Your assertion that the Patents-in-Suit are not Infringed, directly or indirectly, by You.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 58:**

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.  Defendant further objects to this Request for Production to the extent it seeks expert discovery that is inconsistent with Rule 26 and the Court's Scheduling Order.  Defendant objects to this Request to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant also objects to this Request as premature because claim construction

proceedings have yet to begin which will determine the scope of relevant claim limitations.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."  Defendant objects to this Request as burden shifting Plaintiff's burden to prove its case.  Defendant objects to this request as prematurely seeking documents relating to contentions.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant will search its records and produce, according to the Court's scheduling order, responsive, non-objectionable, non-privileged documents sufficient to show that the Patents-in-Suit are not Infringed, directly or indirectly, by Defendant, to the extent they exist and can be located after a reasonable search and inquiry.

**DOCUMENT REQUEST NO. 59:**

All Documents that You contend are relevant to a determination of a reasonable royalty in this case.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 59:**

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff. Defendant further objects to this Request for Production to the extent it seeks expert discovery that is inconsistent with Rule 26 and the Court's Scheduling Order.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."  Defendant objects to this request as prematurely seeking documents relating to contentions.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant

1    will search its records and produce, according to the Court's scheduling order,

2    responsive, non-objectionable, non-privileged documents that contain information

3    responsive to this Request, to the extent they exist and can be located after a

4    reasonable search and inquiry.

5    **DOCUMENT REQUEST NO. 60:**

6        All Documents supporting and refuting any assertion by You as to the

7    amount of reasonable royalty PARC would be entitled to for each Accused Feature

8    if the Patents-in-Suit are found to be valid and Infringed by You.

9    **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 60:**

10       Defendant objects to this Request on the grounds that it is vague and

11   ambiguous as to "Accused Feature."  Defendant further objects to this Request in

12   particular due to the absence of specificity in PARC's infringement contentions as

13   to what exactly is accused of infringement, and which would determine the scope of

14   the Accused Features referenced in this Request. Defendant objects to this Request

15   based on the inadequacy of Plaintiff's Infringement Contentions served on May 11,

16   2021, which do not allow Defendant to ascertain the scope of accused infringement

17   and on that basis renders the Request vague and ambiguous.  PARC's May 11,

18   2021 Infringement Contentions are conclusory and lack specificity with respect to

19   PARC's infringement claims and are otherwise incomplete.  PARC's infringement

20   contentions are vague and ambiguous, and fail to address with any specificity where

21   each element of each asserted claim is found in each accused instrumentality and

22   product.   Defendant further objects to this Request for its scope being based upon

23   Infringement Contentions that were served nearly two weeks after these Requests

24   were served, and so prematurely seek a response to discovery requests less than 30

25   days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also

26   objects to this Request as premature because claim construction proceedings have

27   yet to begin which will determine the scope of relevant claim limitations, and

28   accordingly the scope of Accused Features. Defendant further objects to this

1  Request on the grounds that it seeks information that is not proportional to the

2  needs of the case.  Defendant objects to this Request as unduly burdensome and not

3  proportional to the needs of the case to the extent it requires the identification,

4  collection, and production of "all documents."  Defendant further objects to this

5  Request to the extent that it seeks information protected by the attorney-client

6  privilege and/or attorney work product doctrine.  Defendant further objects to this

7  Request to the extent that the information sought is a matter of public record and,

8  therefore, equally available to Plaintiff.  Defendant further objects to this Request

9  for Production to the extent it seeks expert discovery that is inconsistent with Rule

10  26 and the Court's Scheduling Order.  Defendant also objects to this Request as

11  premature because claim construction proceedings have yet to begin which will

12  determine the scope of relevant claim limitations.  Defendant objects to this

13  Request as burden shifting Plaintiff's burden to prove its case.  Defendant objects to

14  this request as prematurely seeking documents relating to contentions.

15      Subject to and without in any way waiving the foregoing objections, and to

16  the extent it understands this Request, Defendant responds as follows: to the extent

17  Defendant is able to understand the scope of PARC's infringement contentions,

18  Defendant will search its records and produce, according to the Court's scheduling

19  order, responsive, non-objectionable, non-privileged documents sufficient to show

20  the amount of reasonable royalty PARC would be entitled to for each Accused

21  Feature if the Patents-in-Suit are found to be valid and Infringed by Defendant, to

22  the extent they exist and can be located after a reasonable search and inquiry.

23  **DOCUMENT REQUEST NO. 61:**

24      All Documents Identifying, describing, Concerning, or referencing any

25  alleged authors or inventors of alleged prior art in this case.

26  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 61:**

27      Defendant objects to this Request on the grounds that it is overly broad as to

28  time and scope, and unduly burdensome and oppressive to provide All Documents

Identifying, describing, Concerning, or referencing any alleged authors or inventors of alleged prior art.  Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.  Defendant further objects to this request to the extent such documents are not in the control of Defendant.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 62:**

Documents sufficient to show the names and product numbers of all products that were offered for sale by You in the U.S. that You consider to be substitutes for the Accused Features, as well as the dates on which You initially offered these products for sale in the U.S. and the dates on which these products were no longer offered for sale in the U.S.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 62:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features."  Defendant further objects to this Request in

1   particular due to the absence of specificity in PARC's infringement contentions as

2   to what exactly is accused of infringement, and which would determine the scope of

3   the Accused Features referenced in this Request. Defendant objects to this Request

4   based on the inadequacy of Plaintiff's Infringement Contentions served on May 11,

5   2021, which do not allow Defendant to ascertain the scope of accused infringement

6   and on that basis renders the Request vague and ambiguous.  PARC's May 11,

7   2021 Infringement Contentions are conclusory and lack specificity with respect to

8   PARC's infringement claims and are otherwise incomplete.  PARC's infringement

9   contentions are vague and ambiguous, and fail to address with any specificity where

10  each element of each asserted claim is found in each accused instrumentality and

11  product.   Defendant further objects to this Request for its scope being based upon

12  Infringement Contentions that were served nearly two weeks after these Requests

13  were served, and so prematurely seek a response to discovery requests less than 30

14  days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also

15  objects to this Request as premature because claim construction proceedings have

16  yet to begin which will determine the scope of relevant claim limitations, and

17  accordingly the scope of Accused Features. Defendant further objects to this

18  Request on the grounds that it seeks information that is neither relevant to any

19  party's claim or defense nor proportional to the needs of the case.  Defendant

20  objects to this Request on the grounds that it seeks information that is neither

21  relevant to any party's claim or defense nor proportional to the needs of the case as

22  to its request for "all products" and information for each such product.  Defendant

23  further objects to this Request to the extent that it seeks information protected by

24  the attorney-client privilege and/or attorney work product doctrine.   Defendant

25  further objects to this Request to the extent that the information sought is a matter

26  of public record and, therefore, equally available to Plaintiff.

27          Subject to and without in any way waiving the foregoing objections, and to

28  the extent it understands this Request, Defendant responds as follows: to the extent

1   Defendant is able to understand the scope of PARC's infringement contentions,

2   Defendant will search its records and produce responsive, non-objectionable, non-

3   privileged documents sufficient to show the names and product numbers of

4   products that were offered for sale by Defendant in the U.S. that Defendant

5   considers to be substitutes for the Accused Features, to the extent they exist and can

6   be located after a reasonable search and inquiry.

7   **DOCUMENT REQUEST NO. 63:**

8        All Documents cited in, referred to in, used in the preparation of, supporting,

9   or refuting any of Your pleadings, filings, or discovery responses.

10  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 63:**

11       Defendant objects to this Request on the grounds that it is overly broad as to

12  time and scope, and unduly burdensome and oppressive as the request is requiring

13  all documents cited, referred to, or used, and the request is not limited to a time

14  period or limited to this litigation.  Defendant further objects to this Request on the

15  grounds that it seeks information that is neither relevant to any party's claim or

16  defense nor proportional to the needs of the case.  Defendant further objects to this

17  Request to the extent that it seeks information protected by the attorney-client

18  privilege and/or attorney work product doctrine.  Defendant further objects to this

19  Request to the extent that the information sought is a matter of public record and,

20  therefore, equally available to Plaintiff.  Defendant objects to this Request as

21  unduly burdensome and not proportional to the needs of the case to the extent it

22  requires the identification, collection, and production of "all documents."

23  Defendant objects to this Request as burden shifting Plaintiff's burden to prove its

24  case.   Defendant objects to this request as prematurely seeking documents relating

25  to contentions.

26       Subject to and without in any way waiving the foregoing objections, and to

27  the extent it understands this Request, Defendant responds as follows: Defendant is

28

1  willing to meet and confer and to consider an appropriately narrowed,

2  particularized Request.

3  **DOCUMENT REQUEST NO. 64:**

4       All Documents Concerning each expert Defendant expects to call as a

5  witness, including any opinions rendered, any Documents upon which each such

6  opinion is based, all Documents authored or contributed to and all presentations

7  given or participated in by such expert, all Documents that Defendant has shown or

8  otherwise made available to such expert, and each Document that such expert has

9  shown or transmitted to Defendant.

10  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 64:**

11       Defendant objects to this Request on the grounds that it is overly broad as to

12  time and scope, and unduly burdensome and oppressive to produce when the

13  requested documents are not limited to this litigation or related technology.

14  Defendant further objects to this Request on the grounds that it seeks information

15  that is neither relevant to any party's claim or defense nor proportional to the needs

16  of the case.  Defendant objects to this Request as unduly burdensome and not

17  proportional to the needs of the case to the extent it requires the identification,

18  collection, and production of "all documents."  Defendant further objects to this

19  Request to the extent that it seeks information protected by the attorney-client

20  privilege and/or attorney work product doctrine.  Defendant further objects to this

21  Request to the extent that it seeks information pertaining to individuals, the

22  disclosure of which would constitute an unwarranted invasion of the affected

23  individuals' constitutional, statutory and/or common law rights to personal privacy

24  and confidentiality.  Defendant further objects to this Request to the extent that the

25  information sought is a matter of public record and, therefore, equally available to

26  Plaintiff.  Defendant further objects to this Request for Production to the extent it

27  seeks expert discovery that is inconsistent with Rule 26 and the Court's Scheduling

28  Order.

1   Subject to and without in any way waiving the foregoing objections, and to

2   the extent it understands this Request, Defendant responds as follows: Defendant is

3   willing to meet and confer and to consider an appropriately narrowed,

4   particularized Request.

5   **DOCUMENT REQUEST NO. 65:**

6   All Documents produced or made available to You by any Person pursuant to

7   any subpoena issued in the Action or otherwise produced or made available to You

8   in connection with this Action.

9   **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 65:**

10   Defendant objects to this Request to the extent that it seeks information

11   protected by the attorney-client privilege and/or attorney work product doctrine.

12   Defendant further objects to this Request to the extent that it seeks information

13   pertaining to individuals, the disclosure of which would constitute an unwarranted

14   invasion of the affected individuals' constitutional, statutory and/or common law

15   rights to personal privacy and confidentiality.  Defendant further objects to this

16   Request to the extent that the information sought is a matter of public record and,

17   therefore, equally available to Plaintiff.  Defendant objects to this Request as vague

18   and ambiguous as to "in connection with this Action."  Defendant objects to this

19   Request as overly broad and unduly burdensome and not proportional to the needs

20   of this case to the extent it requires production of documents not made pursuant to

21   any subpoena issued in the Action.  Defendant further objects to this Request to the

22   extent that it seeks information protected by the attorney-client privilege and/or

23   attorney work product doctrine.  Defendant objects to this Request as burden

24   shifting Plaintiff's burden to prove its case.

25   Subject to and without in any way waiving the foregoing objections, and to

26   the extent it understands this Request, Defendant responds as follows: Defendant is

27   willing to meet and confer and to consider an appropriately narrowed,

28   particularized Request.

**DOCUMENT REQUEST NO. 66:**

All printed or taped affidavits, declarations, statements, testimonies, or transcripts of any Person listed in Your Initial Disclosures or any Person You expect to testify at trial in this case.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 66:**

Defendant objects to this Request on the grounds that it is overly broad as to time and scope, and unduly burdensome and oppressive as there is no limits on time or subject matter.  Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all printed or taped affidavits, declarations, statements, testimonies, or transcripts."  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.  Defendant further objects to this Request for Production to the extent it seeks expert discovery that is inconsistent with Rule 26 and the Court's Scheduling Order.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is

1  willing to meet and confer and to consider an appropriately narrowed,

2  particularized Request.

3  **DOCUMENT REQUEST NO. 67:**

4         All Documents and things that, in connection with this Action, have been

5  disclosed to, provided to, reviewed by, or prepared by any individual or entity from

6  whom You have offered or may offer any declaration, affidavit, or testimony in any

7  trial, hearing, motion, submission to the court, submission to a special master, or

8  deposition in this Action.

9  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 67:**

10        Defendant objects to this Request to the extent that it seeks information

11  protected by the attorney-client privilege and/or attorney work product doctrine.

12  Defendant further objects to this Request to the extent that it seeks information

13  pertaining to individuals, the disclosure of which would constitute an unwarranted

14  invasion of the affected individuals' constitutional, statutory and/or common law

15  rights to personal privacy and confidentiality.  Defendant further objects to this

16  Request to the extent that it seeks private, privileged, and confidential commercial,

17  financial, and/or proprietary business information.  Defendant further objects to this

18  Request to the extent that the information sought is a matter of public record and,

19  therefore, equally available to Plaintiff.  Defendant further objects to this Request

20  for Production to the extent it seeks expert discovery that is inconsistent with Rule

21  26 and the Court's Scheduling Order.  Defendant objects to this Request as unduly

22  burdensome and not proportional to the needs of the case to the extent it requires

23  the identification, collection, and production of "all documents," and on a

24  prematurely speculative basis, and beyond what may be required by the Federal

25  Rules of Civil Procedure or any applicable local rules or standing order.

26        Subject to and without in any way waiving the foregoing objections, and to

27  the extent it understands this Request, Defendant responds as follows: Defendant is

28

1  willing to meet and confer and to consider an appropriately narrowed,

2  particularized Request.

3  **DOCUMENT REQUEST NO. 68:**

4       All data and Documents related to the number of Snapchat users and user

5  engagement (e.g., average time spent per day on the Accused Products and using

6  the Accused Features, average number of posts, average number of comments in

7  response to a post) on a monthly basis for a period of two years prior to the earliest

8  release date of the Accused Features through present.

9  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 68:**

10      Defendant objects to this Request on the grounds that it is vague and

11  ambiguous as to "Accused Products" and "Accused Features." Defendant further

12  objects to this Request in particular due to the absence of specificity in PARC's

13  infringement contentions as to what exactly is accused of infringement, and which

14  would determine the scope of the Accused Products and Accused Features

15  referenced in this Request. Defendant objects to this Request based on the

16  inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which

17  do not allow Defendant to ascertain the scope of accused infringement and on that

18  basis renders the Request vague and ambiguous. PARC's May 11, 2021

19  Infringement Contentions are conclusory and lack specificity with respect to

20  PARC's infringement claims and are otherwise incomplete. PARC's infringement

21  contentions are vague and ambiguous, and fail to address with any specificity where

22  each element of each asserted claim is found in each accused instrumentality and

23  product.   Defendant further objects to this Request for its scope being based upon

24  Infringement Contentions that were served nearly two weeks after these Requests

25  were served, and so prematurely seek a response to discovery requests less than 30

26  days from the request in violation of Fed. R. Civ. P. 34(b)(A). Defendant also

27  objects to this Request as premature because claim construction proceedings have

28  yet to begin which will determine the scope of relevant claim limitations, and

accordingly the scope of Accused Features.   Defendant further objects to "Accused Products" as vague and ambiguous, overbroad and unduly burdensome.  In particular, although Defendant cites to various snapchat.com webpages as documentation in support of its infringement contentions, the website "www.snapchat.com" itself does not appear to be identified as meeting any particular claim limitation in any of PARC's infringement contentions and itself does not appear to be relevant to any specific infringement contention.  Further, PARC's Complaint and Infringement Contentions does not identify or make reference to any mobile application aside from the Snapchat app.  Accordingly, Defendant objects to "Snapchat's mobile applications" as vague and ambiguous, and overbroad to the extent it encompasses any "mobile application" aside from the Snapchat app.  Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all data and documents."

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 69:**

Data indicating the total number of Snapchat Groups and Snapchat Users on a monthly basis for a period of two years prior to the earliest release date of the Accused Features through present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 69:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Snapchat Groups and Snapchat Users" and "Accused Features." Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11, 2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.   Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by

1    the attorney-client privilege and/or attorney work product doctrine.  Defendant

2    further objects to this Request to the extent that it seeks information pertaining to

3    individuals, the disclosure of which would constitute an unwarranted invasion of

4    the affected individuals' constitutional, statutory and/or common law rights to

5    personal privacy and confidentiality.  Defendant further objects to this Request to

6    the extent that the information sought is a matter of public record and, therefore,

7    equally available to Plaintiff.

8         Subject to and without in any way waiving the foregoing objections, and to

9    the extent it understands this Request, Defendant responds as follows: Defendant is

10   willing to meet and confer and to consider an appropriately narrowed,

11   particularized Request.

12   **DOCUMENT REQUEST NO. 70:**

13        Data indicating the number of monthly active users ("MAUs") and daily

14   active users ("DAUs"), on a monthly basis for a period of two years prior to the

15   earliest release date of the Accused Features through present.

16   **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 70:**

17        Defendant objects to this Request on the grounds that it is vague and

18   ambiguous as to "Accused Features."  Defendant further objects to this Request in

19   particular due to the absence of specificity in PARC's infringement contentions as

20   to what exactly is accused of infringement, and which would determine the scope of

21   the Accused Features referenced in this Request. Defendant objects to this Request

22   based on the inadequacy of Plaintiff's Infringement Contentions served on May 11,

23   2021, which do not allow Defendant to ascertain the scope of accused infringement

24   and on that basis renders the Request vague and ambiguous.  PARC's May 11,

25   2021 Infringement Contentions are conclusory and lack specificity with respect to

26   PARC's infringement claims and are otherwise incomplete.  PARC's infringement

27   contentions are vague and ambiguous, and fail to address with any specificity where

28   each element of each asserted claim is found in each accused instrumentality and

product.   Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 71:**

Data indicating the frequency and duration of MAUs and DAUs engagement, on a monthly basis for a period of two years prior to the earliest release date of the Accused Features through present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 71:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Accused Features."  Defendant further objects to this Request in

1  particular due to the absence of specificity in PARC's infringement contentions as

2  to what exactly is accused of infringement, and which would determine the scope of

3  the Accused Features referenced in this Request. Defendant objects to this Request

4  based on the inadequacy of Plaintiff's Infringement Contentions served on May 11,

5  2021, which do not allow Defendant to ascertain the scope of accused infringement

6  and on that basis renders the Request vague and ambiguous.  PARC's May 11,

7  2021 Infringement Contentions are conclusory and lack specificity with respect to

8  PARC's infringement claims and are otherwise incomplete.  PARC's infringement

9  contentions are vague and ambiguous, and fail to address with any specificity where

10  each element of each asserted claim is found in each accused instrumentality and

11  product.    Defendant further objects to this Request for its scope being based upon

12  Infringement Contentions that were served nearly two weeks after these Requests

13  were served, and so prematurely seek a response to discovery requests less than 30

14  days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also

15  objects to this Request as premature because claim construction proceedings have

16  yet to begin which will determine the scope of relevant claim limitations, and

17  accordingly the scope of Accused Features. Defendant further objects to this

18  Request on the grounds that it seeks information that is neither relevant to any

19  party's claim or defense nor proportional to the needs of the case.  Defendant

20  further objects to this Request to the extent that it seeks information protected by

21  the attorney-client privilege and/or attorney work product doctrine.  Defendant

22  further objects to this Request to the extent that it seeks information pertaining to

23  individuals, the disclosure of which would constitute an unwarranted invasion of

24  the affected individuals' constitutional, statutory and/or common law rights to

25  personal privacy and confidentiality.  Defendant further objects to this Request to

26  the extent that the information sought is a matter of public record and, therefore,

27  equally available to Plaintiff.

28

1   Subject to and without in any way waiving the foregoing objections, and to

2   the extent it understands this Request, Defendant responds as follows: Defendant is

3   willing to meet and confer and to consider an appropriately narrowed,

4   particularized Request.

5   **DOCUMENT REQUEST NO. 72:**

6   A representative sample of the statistics and representations that Snap has

7   provided to companies that have advertised on Snap's website, on an annual basis

8   for a period of two years prior to the earliest release date of the Accused Features

9   through present.

10  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 72:**

11  Defendant objects to this Request on the grounds that it is vague and

12  ambiguous as to "statistics and representations" and "Accused Features."

13  Defendant further objects to this Request in particular due to the absence of

14  specificity in PARC's infringement contentions as to what exactly is accused of

15  infringement, and which would determine the scope of the Accused Features

16  referenced in this Request. Defendant objects to this Request based on the

17  inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which

18  do not allow Defendant to ascertain the scope of accused infringement and on that

19  basis renders the Request vague and ambiguous.  PARC's May 11, 2021

20  Infringement Contentions are conclusory and lack specificity with respect to

21  PARC's infringement claims and are otherwise incomplete.  PARC's infringement

22  contentions are vague and ambiguous, and fail to address with any specificity where

23  each element of each asserted claim is found in each accused instrumentality and

24  product.   Defendant further objects to this Request for its scope being based upon

25  Infringement Contentions that were served nearly two weeks after these Requests

26  were served, and so prematurely seek a response to discovery requests less than 30

27  days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also

28  objects to this Request as premature because claim construction proceedings have

yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 73:**

All of the features and content that Snap considers to have driven the frequency and duration of MAUs and DAUs of its website and applications, and the dates on which such features and content were implemented.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 73:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "features and content" and "its website and applications." Defendant objects to this Request as unintelligible as to "all of the features." Defendant further objects to this Request on the grounds that it is overly broad as to time and scope, and unduly burdensome and oppressive to provide the features and content that Snap considers to have driven the frequency and duration of MAUs and DAUs.  Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that the

information sought is a matter of public record and, therefore, equally available to Plaintiff. Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all of the features and content."

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 74:**

Data indicating the amount of time users spent using each of the following, on a monthly basis for a period of two years prior to the earliest release date of the Accused Features through present.

    a.    Chats

    b.    Spotlight

    c.    Stories

    d.    Notifications

    e.    Snap Map

    f.    Group Chats

    g.    Notifications

    h.    Accounts

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 74:**

Defendant objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an

1   unwarranted invasion of the affected individuals' constitutional, statutory and/or
2   common law rights to personal privacy and confidentiality.

3       Subject to and without in any way waiving the foregoing objections, and to
4   the extent it understands this Request, Defendant responds as follows: Defendant is
5   willing to meet and confer and to consider an appropriately narrowed,
6   particularized Request.

7   **DOCUMENT REQUEST NO. 75:**

8       All Documents explaining, identifying or relating to the circumstances and
9   reasoning that make the claims of Your patents and/or patent applications eligible
10  under 35 U.S.C. § 101.

11  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 75:**

12      Defendant objects to this Request on the grounds that it is overly broad and
13  unduly burdensome and oppressive to provide documents explaining, identifying or
14  relating to the circumstances and reasoning that make the claims of Snap's patents
15  and/or patent applications eligible under 35 U.S.C. § 101.  Defendant further
16  objects to this Request on the grounds that it seeks information that is not
17  proportional to the needs of the case.  Defendant further objects to this Request to
18  the extent that it seeks information protected by the attorney-client privilege and/or
19  attorney work product doctrine.  Defendant further objects to this Request for
20  Production to the extent it seeks expert discovery that is inconsistent with Rule 26
21  and the Court's Scheduling Order.  Defendant objects to this Request to the extent
22  it calls for a legal conclusion or information protected by the attorney-client
23  privilege and/or attorney work product doctrine.  Defendant objects to this Request
24  as unduly burdensome and not proportional to the needs of the case to the extent it
25  requires the identification, collection, and production of "all documents."

26      Subject to and without in any way waiving the foregoing objections, and to
27  the extent it understands this Request, Defendant responds as follows: Defendant is

28

1    willing to meet and confer and to consider an appropriately narrowed,

2    particularized Request.

3    **DOCUMENT REQUEST NO. 76:**

4        All Documents relating to Your contention, if any, that the Patents-in-Suit

5    are not eligible under 35 U.S.C. § 101.

6    **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 76:**

7        Defendant objects to this Request to the extent that it seeks information

8    protected by the attorney-client privilege and/or attorney work product doctrine.

9    Defendant further objects to this Request for Production to the extent it seeks expert

10   discovery that is inconsistent with Rule 26 and the Court's Scheduling Order.

11   Defendant objects to this Request to the extent it calls for a legal conclusion or

12   information protected by the attorney-client privilege and/or attorney work product

13   doctrine.  Defendant further objects to this Request to the extent that the

14   information sought is a matter of public record and, therefore, equally available to

15   Plaintiff.  Defendant objects to this Request as unduly burdensome and not

16   proportional to the needs of the case to the extent it requires the identification,

17   collection, and production of "all documents."  Defendant objects to this request as

18   prematurely seeking documents relating to contentions.

19       Subject to and without in any way waiving the foregoing objections, and to

20   the extent it understands this Request, Defendant responds as follows: Defendant

21   will search its records and produce, according to the Court's scheduling order,

22   responsive, non-objectionable, non-privileged documents that contain information

23   sufficient to show that the Patents-in-Suit are not eligible under 35 U.S.C. § 101, to

24   the extent they exist and can be located after a reasonable search and inquiry.

25   **DOCUMENT REQUEST NO. 77:**

26       All Documents relating to Your contention, if any, that the Patents-in-Suit

27   are directed to abstract ideas.

28

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 77:**

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request for Production to the extent it seeks expert discovery that is inconsistent with Rule 26 and the Court's Scheduling Order. Defendant objects to this Request to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff. Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents." Defendant objects to this request as prematurely seeking documents relating to contentions.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant will search its records and produce, according to the Court's scheduling order, responsive, non-objectionable, non-privileged documents that contain information sufficient to show that the Patents-in-Suit are directed to abstract ideas, to the extent they exist and can be located after a reasonable search and inquiry.

**DOCUMENT REQUEST NO. 78:**

All Documents relating to Your contention, if any, that the Patents-in-Suit do not claim or contain an inventive concept.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 78:**

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request for Production to the extent it seeks expert discovery that is inconsistent with Rule 26 and the Court's Scheduling Order. Defendant objects to this Request to the extent it calls for a legal conclusion or

1   information protected by the attorney-client privilege and/or attorney work product

2   doctrine.  Defendant further objects to this Request to the extent that the

3   information sought is a matter of public record and, therefore, equally available to

4   Plaintiff.  Defendant objects to this Request as unduly burdensome and not

5   proportional to the needs of the case to the extent it requires the identification,

6   collection, and production of "all documents."  Defendant objects to this request as

7   prematurely seeking documents relating to contentions.

8        Subject to and without in any way waiving the foregoing objections, and to

9   the extent it understands this Request, Defendant responds as follows: Defendant

10  will search its records and produce, according to the Court's scheduling order,

11  responsive, non-objectionable, non-privileged documents that contain information

12  sufficient to show that the Patents-in-Suit do not claim or contain an inventive

13  concept, to the extent they exist and can be located after a reasonable search and

14  inquiry.

15  **DOCUMENT REQUEST NO. 79:**

16       The internal wikis, share drives, or other collaborative workspaces that

17  explain the Accused Products and/or Accused Features, with internal linking and

18  file structures intact.

19  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 79:**

20       Defendant objects to this Request on the grounds that it is vague and

21  ambiguous as to "other collaborative workspaces" and "Accused Products and/or

22  Accused Features."  Defendant further objects to this Request on the grounds that it

23  is overly broad and unduly burdensome and oppressive for such a large production

24  as the Accused Products and Accused Features are not clear.  Defendant further

25  objects to this Request in particular due to the absence of specificity in PARC's

26  infringement contentions as to what exactly is accused of infringement, and which

27  would determine the scope of the Accused Products and Accused Features

28  referenced in this Request. Defendant objects to this Request based on the

1   inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which

2   do not allow Defendant to ascertain the scope of accused infringement and on that

3   basis renders the Request vague and ambiguous.  PARC's May 11, 2021

4   Infringement Contentions are conclusory and lack specificity with respect to

5   PARC's infringement claims and are otherwise incomplete.  PARC's infringement

6   contentions are vague and ambiguous, and fail to address with any specificity where

7   each element of each asserted claim is found in each accused instrumentality and

8   product.   Defendant further objects to this Request for its scope being based upon

9   Infringement Contentions that were served nearly two weeks after these Requests

10  were served, and so prematurely seek a response to discovery requests less than 30

11  days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also

12  objects to this Request as premature because claim construction proceedings have

13  yet to begin which will determine the scope of relevant claim limitations, and

14  accordingly the scope of Accused Features.  Defendant further objects to "Accused

15  Products" as vague and ambiguous, overbroad and unduly burdensome.  In

16  particular, although Defendant cites to various snapchat.com webpages as

17  documentation in support of its infringement contentions, the website

18  "www.snapchat.com" itself does not appear to be identified as meeting any

19  particular claim limitation in any of PARC's infringement contentions and itself

20  does not appear to be relevant to any specific infringement contention.  Further,

21  PARC's Complaint and Infringement Contentions does not identify or make

22  reference to any mobile application aside from the Snapchat app.  Accordingly,

23  Defendant objects to "Snapchat's mobile applications" as vague and ambiguous,

24  and overbroad to the extent it encompasses any "mobile application" aside from the

25  Snapchat app.  Defendant further objects to this Request on the grounds that it

26  seeks information that is neither relevant to any party's claim or defense nor

27  proportional to the needs of the case.  Defendant further objects to this Request to

28  the extent that it seeks information protected by the attorney-client privilege and/or

attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 80:**

All Documents tending to either support or refute any allegation of willful infringement for any of the Patents-in-Suit.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 80:**

Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request for Production to the extent it seeks expert discovery that is inconsistent with Rule 26 and the Court's Scheduling Order. Defendant objects to this Request to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant objects to this Request as burden shifting Plaintiff's burden to prove its case.   Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is

1  willing to meet and confer and to consider an appropriately narrowed,

2  particularized Request.

3  **DOCUMENT REQUEST NO. 81:**

4      All Documents tending to either support or refute the granting of injunctive

5  relief in this lawsuit.

6  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 81:**

7      Defendant objects to this Request to the extent that it seeks information

8  protected by the attorney-client privilege and/or attorney work product doctrine.

9  Defendant objects to this Request to the extent it calls for a legal conclusion or

10  information protected by the attorney-client privilege and/or attorney work product

11  doctrine.  Defendant objects to this Request as burden shifting Plaintiff's burden to

12  prove its case.  Defendant objects to this Request as unduly burdensome and not

13  proportional to the needs of the case to the extent it requires the identification,

14  collection, and production of "all documents."

15      Subject to and without in any way waiving the foregoing objections, and to

16  the extent it understands this Request, Defendant responds as follows: Defendant is

17  willing to meet and confer and to consider an appropriately narrowed,

18  particularized Request.

19  **DOCUMENT REQUEST NO. 82:**

20      All Documents tending to either support or refute Your allegation that any of

21  the Patents-in-Suit are not patent eligible.

22  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 82:**

23      Defendant objects to this request to the extent it is duplicative of previous

24  requests regarding patent eligibility.  Defendant further objects to this Request to

25  the extent that it seeks information protected by the attorney-client privilege and/or

26  attorney work product doctrine.  Defendant further objects to this Request to the

27  extent that the information sought is a matter of public record and, therefore,

28  equally available to Plaintiff.  Defendant further objects to this Request for

    **- 108 -**     DEF. SNAP INC.'S OBJS. AND RESPS. TO PLTF. PARC'S RFP, SET ONE

Production to the extent it seeks expert discovery that is inconsistent with Rule 26 and the Court's Scheduling Order.  Defendant objects to this Request to the extent it calls for a legal conclusion or information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant objects to this Request as burden shifting Plaintiff's burden to prove its case.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents." Defendant objects to this request as prematurely seeking documents relating to contentions.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is willing to meet and confer and to consider an appropriately narrowed, particularized Request.

**DOCUMENT REQUEST NO. 83:**

All Documents regarding the importance and/or the innovation, inventiveness, or technological breakthrough of the Accused Features and/or Accused Products.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 83:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "the importance and/or the innovation, inventiveness, or technological breakthrough of the Accused Features and/or Accused Products." Defendant further objects to this Request in particular due to the absence of specificity in PARC's infringement contentions as to what exactly is accused of infringement, and which would determine the scope of the Accused Products and Accused Features referenced in this Request. Defendant objects to this Request based on the inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which do not allow Defendant to ascertain the scope of accused infringement and on that basis renders the Request vague and ambiguous.  PARC's May 11,

2021 Infringement Contentions are conclusory and lack specificity with respect to PARC's infringement claims and are otherwise incomplete.  PARC's infringement contentions are vague and ambiguous, and fail to address with any specificity where each element of each asserted claim is found in each accused instrumentality and product.   Defendant further objects to this Request for its scope being based upon Infringement Contentions that were served nearly two weeks after these Requests were served, and so prematurely seek a response to discovery requests less than 30 days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff. Defendant further objects to this Request for Production to the extent it seeks expert discovery that is inconsistent with Rule 26 and the Court's Scheduling Order.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is

1  willing to meet and confer and to consider an appropriately narrowed,

2  particularized Request.

3  **DOCUMENT REQUEST NO. 84:**

4      All Documents regarding if and/or how the Accused Features and/or Accused

5  Products improve the performance of Your website, mobile application, data

6  centers, or products, whether in terms of speed, latency, customer satisfaction,

7  increased MAUs or DAUs, increased revenue or profits, or other metric You use to

8  measure the performance and/or success of the Accused Features and/or Accused

9  Products.

10  **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 84:**

11      Defendant objects to this Request on the grounds that it is vague and

12  ambiguous as to "Accused Features and/or Accused Products" and "performance of

13  Your website, mobile application, data centers, or products."  Defendant further

14  objects to this Request in particular due to the absence of specificity in PARC's

15  infringement contentions as to what exactly is accused of infringement, and which

16  would determine the scope of the Accused Products and Accused Features

17  referenced in this Request. Defendant objects to this Request based on the

18  inadequacy of Plaintiff's Infringement Contentions served on May 11, 2021, which

19  do not allow Defendant to ascertain the scope of accused infringement and on that

20  basis renders the Request vague and ambiguous.  PARC's May 11, 2021

21  Infringement Contentions are conclusory and lack specificity with respect to

22  PARC's infringement claims and are otherwise incomplete.  PARC's infringement

23  contentions are vague and ambiguous, and fail to address with any specificity where

24  each element of each asserted claim is found in each accused instrumentality and

25  product.  Defendant further objects to this Request for its scope being based upon

26  Infringement Contentions that were served nearly two weeks after these Requests

27  were served, and so prematurely seek a response to discovery requests less than 30

28  days from the request in violation of Fed. R. Civ. P. 34(b)(A).  Defendant also

objects to this Request as premature because claim construction proceedings have yet to begin which will determine the scope of relevant claim limitations, and accordingly the scope of Accused Features.  Defendant further objects to "Accused Products" as vague and ambiguous, overbroad and unduly burdensome.  In particular, although Defendant cites to various snapchat.com webpages as documentation in support of its infringement contentions, the website "www.snapchat.com" itself does not appear to be identified as meeting any particular claim limitation in any of PARC's infringement contentions and itself does not appear to be relevant to any specific infringement contention.  Further, PARC's Complaint and Infringement Contentions does not identify or make reference to any mobile application aside from the Snapchat app.  Accordingly, Defendant objects to "Snapchat's mobile applications" as vague and ambiguous, and overbroad to the extent it encompasses any "mobile application" aside from the Snapchat app.  Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendant further objects to this Request to the extent that the information sought is a matter of public record and, therefore, equally available to Plaintiff.  Defendant objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it requires the identification, collection, and production of "all documents."

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is

- 112 -

1 │ willing to meet and confer and to consider an appropriately narrowed,

2 │ particularized Request.

3 │ DATED:  June 1, 2021                    PAUL HASTINGS LLP

4 │

5 │                                         By:  /s/ Yar R. Chaikovsky

6 │                                         Yar R. Chaikovsky (SB# 175421)
   │                                         yarchaikovsky@paulhastings.com
7 │                                         Philip Ou (SB# 259896)
   │                                         philipou@paulhastings.com
8 │                                         David Okano (SB#278485)
   │                                         davidokano@paulhastings.com
9 │                                         Bruce Yen (SB# 277920)
   │                                         bruceyen@paulhastings.com
10│                                         PAUL HASTINGS LLP
11│                                         1117 S. California Avenue
12│                                         Palo Alto, California  94304-1106
   │                                         Telephone:  1(650) 320-1800
13│                                         Facsimile:  1(650) 320-1900
14│

15│                                         Steven A. Marenberg (SB# 101033)
16│                                         PAUL HASTINGS LLP
   │                                         1999 Avenue of the Stars, Twenty-
17│                                         Seventh Floor
18│                                         Los Angeles, CA 90067
   │                                         Telephone: 1(310) 620-5710
19│                                         Facsimile: 1(310) 620-5810

20│                                         *Attorneys for Defendant*
21│                                         SNAP INC.

22│

23│

24│

25│

26│

27│

28│

1

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I served, via email, a true and correct copy of the following document(s):

**SNAP INC.'S RESPONSES AND OBJECTIONS TO PALO ALTO RESEARCH CENTER'S FIRST SET OF REQUESTS FOR PRODUCTIONS (NOS. 1-84)**

on counsel of record, in accordance with the Federal Rules of Civil Procedure, on June 1, 2021 using the email distribution list provided by counsel for Palo Alto Research Center (PARC_Snap@McKoolSmith.com).

*/s/   Nikole Faasisila*

Nikole Faasisila