# EXHIBIT C

Alan P. Block (SBN 143783)
ablock@mckoolsmith.com
MCKOOL SMITH HENNIGAN, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:   (213) 694-1200
Facsimile:    (213) 694-1234

David Sochia (TX SBN 00797470)
*(Pro Hac Vice)*
dsochia@McKoolSmith.com
Ashley N. Moore (TX SBN 24074748)
(*Pro Hac Vice*)
amoore@McKoolSmith.com
Alexandra F. Easley (TX SBN 24099022)
*(Pro Hac Vice)*
aeasley@McKoolSmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone (214) 978-4000
Facsimile: (214) 978-4044

James E. Quigley (TX SBN 24075810)
*(Pro Hac Vice)*
jquigley@McKoolSmith.com
MCKOOL SMITH, P.C.
303 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Attorneys for Plaintiff
PALO ALTO RESEARCH CENTER INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| PALO ALTO RESEARCH CENTER INC., <br><br> Plaintiff. <br><br> v. <br><br> SNAP INC., <br><br> Defendant. | Case No. 2:20-cv-10755 AB(MRWx) <br><br> **PALO ALTO RESEARCH CENTER INC.'S RULE 26(A)(1) INITIAL DISCLOSURES** <br><br> JUDGE: Hon. André Birotte Jr. |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Palo Alto Research Center Inc. ("PARC" or "Plaintiff") provides the following disclosures to Defendant Snap Inc. ("Snap" or "Defendant") based on information currently and reasonably available. PARC reserves the right to supplement, amend, or modify these disclosures as it obtains information through discovery or otherwise becomes aware of additional documents, data compilations, or things. PARC also reserves the right to object to the use of these disclosures, in whole or in part, at any time (including at trial of this or any other action) and for any purpose on the grounds of relevancy, competency, materiality, admissibility, hearsay, privilege, work-product immunity, or for any other reason. Further, PARC provides these disclosures without waiving in any way any claim of privilege or work-product immunity.

By making these disclosures, PARC does not represent that it is identifying every witness, document, data compilation, or thing that it may use to support its claims or defenses. Rather, these disclosures represent a good-faith effort to furnish information falling within the scope of FED. R. CIV. P. 26(a)(1). Accordingly, these disclosures do not include, for example, information that may be used for impeachment.

All of the disclosures set forth below are made subject to the above objections and qualifications.

**A.    The Correct Names of the Parties to the Lawsuit**

Palo Alto Research Center Inc. is the correct name of the Plaintiff in this case. To PARC's knowledge, the correct name of the Defendant in this case is Snap, Inc.

**B.    Additional Potential Parties**

At this time, PARC is unaware of any additional potential parties to this case.

**C.    The Legal Theories and General Factual Bases of PARC's Claims**

PARC is the owner of United States Patent Nos. 8,489,599 (the "'599 Patent") and 9,208,439 (the "'439 Patent") (collectively, the "PARC Patents"). In violation of

35 U.S.C. § 271, Snap has made, used, marketed, distributed, offered for sale, sold, and/or imported its Infringing Products in the state of California, including in this District, and engaged in infringing conduct within and directed at or from this District, products that the PARC Patents' claims cover. As a result of Snap's infringement of the PARC Patents, PARC has sustained damages, and Snap has unjustly profited. For the avoidance of doubt, PARC incorporates by reference its pleadings in this case, including PARC's Complaint for Patent Infringement [Dkt. No. 1].

**D.    Individuals Likely To Have Discoverable Information**

The name and, if known, the address and telephone number of each individual likely to have discoverable information that PARC may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information is:

| **Name** | **Contact Information** | **Subject(s)** |
|---|---|---|
| Bellotti, Victoria | Contact through PARC's counsel of record. | Named Inventor: US Patent 8,489,599 |
| Roberts, Michael | 24655 Loma Prieta Ave. Los Gatos CA 95033 | Named Inventor: US Patent 9,208,439 |
| Ahern, Shane | 1151 Compass Ln, # 207 Foster City CA 94404 | Named Inventor: US Patent 9,208,439 |
| Brdiczka, Oliver | 565 Ortega Ave., Apt. #11 Mountain View CA 94040 | Named Inventor: US Patent 9,208,439 |
| Park, Vaughan Fleming & Dowler LLP | Park, Vaughan, Fleming & Dowler LLP 2820 Fifth Street Davis, CA 95618-7759 | Prosecution counsel: US Patent 8,489,599  Prosecution counsel: US Patent 9,208,439 |
| Mike Waltrip | Contact through PARC's counsel of record. | PARC's commercialization practices, licensing practices, and finances. |

PARC identifies the above individuals who are likely to have discoverable

1  information that PARC may use to support its claims or defenses based upon
2  information reasonably available at this time. PARC is not in a position to identify all
3  individuals—including Snap's and any third party's employees, agents, or attorneys—
4  likely to have discoverable information that PARC may use to support its claims or
5  defenses. PARC reserves the right to identify additional persons that it learns have
6  knowledge or information that PARC may use to support its claims or defenses.
7  PARC also reserves the right to rely on any individuals identified by Snap or any third
8  party witnesses. Moreover, PARC reserves the right to seek discovery from other
9  persons once their identities become known through discovery or otherwise.

10  By identifying the above individuals, however, PARC does not authorize Snap
11  or anyone acting on Snap's behalf to (a) contact or otherwise communicate with
12  PARC's current or former officers or employees—who may have privileged
13  information—or (b) take any action prohibited by any rules of professional conduct.
14  All current PARC employees, agents, and representatives should be contacted through
15  PARC's counsel of record.

16  The above disclosure does not identify or otherwise include information
17  concerning attorneys whose knowledge or information is based on or derived from
18  their work on this lawsuit. Also, the above disclosure does not identify or otherwise
19  include information concerning experts because Fed. R. Civ. P. 26(a)(1) does not
20  cover the disclosure of expert testimony.

21  **E.  Description by Category and Location of Documents, Electronically**
22  **Stored Information, and Tangible Things**

23  The category and, if known, location of documents, electronically stored
24  information, and tangible things that PARC has in its possession and may use to
25  support its claims or defenses, unless the use would be solely for impeachment, is:

| Category | Location |
|---|---|
| Documents related to preparation, filing, prosecution of the PARC | PARC or its counsel; the named |

3

| Category | Location |
|---|---|
| Patents, including copies of the PARC Patents and their file histories | inventors of the PARC Patents |
| Documents relating to inventorship and/or assignment of the PARC Patents | PARC or its counsel; the named inventors of the PARC Patents |
| Documents relating to conception of the PARC Patents, including inventor files | PARC or its counsel, the named inventors of the PARC Patents |
| Documents relating to reduction to practice and commercialization of the PARC Patents, including prototypes and commercialized systems | PARC or its counsel; the named inventors of the PARC Patents |
| Any disclosure or publication related to the PARC Patents | PARC or its counsel; Defendant or its counsel; the named inventors of the PARC Patents; third parties |
| Documents related to Snap's knowledge of PARC and/or the PARC Patents | PARC or its counsel; Defendant or its counsel; third parties |
| Documents related to PARC's licensing and/or commercialization efforts | PARC or its counsel; the named inventors of the PARC Patents; third parties |
| Documents related to the damages PARC has suffered | PARC or its counsel; Defendant or its counsel; third parties |
| Documents related to the valuation and/or analysis of the PARC Patents. | PARC or its counsel; Defendant or its counsel; third parties |

PARC identifies the above categories of documents, electronically stored information, and tangible things—and their location—based upon information

reasonably available at this time. Since the case is in its early stages, PARC is not in a position to identify all categories of documents, electronically stored information, and tangible things—and their location—that PARC may use to support its claims or defenses. PARC reserves the right to identify additional categories of documents, electronically stored information, and tangible things—and their location—that it learns have knowledge or information that PARC may use to support its claims or defenses. PARC also reserves the right to rely on any documents, electronically stored information, and tangible things identified by Snap or any third party. Moreover, PARC reserves the right to seek discovery of documents, electronically stored information, and tangible things from other persons once their existence becomes known through discovery or otherwise.

### F.   Statement as to Damages

PARC is entitled to damages resulting from Snap's infringement of the PARC Patents in this litigation, and increasing such damages pursuant to 35 U.S.C. § 284 because of the willful and deliberate nature of Snap's conduct; costs, expenses, and pre-judgment and post-judgment interest for Snap's infringement of each of the PARC Patents in this litigation. PARC will provide a detailed accounting after the necessary discovery is made available by Snap and after such information has been evaluated by an expert.

### G.   Statement as to Indemnity or Insurance Agreements

PARC is unaware of any insurance or indemnification agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. However, PARC reserves the right to supplement these disclosures if any pertinent insurance or indemnification agreements are identified.

5

PALO ALTO RESEARCH CENTER INC.'S
RULE 26(A)(1) INITIAL DISCLOSURES                                       CASE NO. 2:20-CV-10755 AB(MRWx)

| | | |
|---|---|---|
| 1 | DATED: May 14, 2021 | Respectfully submitted, |
| 2 | | MCKOOL SMITH, P.C. |
| 3 | | |
| 4 | | BY  /s/ *David Sochia*<br>        David Sochia |
| 5 | | Alan P. Block (SBN 143783) |
| 6 | | ablock@mckoolsmith.com<br>MCKOOL SMITH HENNIGAN, P.C. |
| 7 | | 300 South Grand Avenue, Suite 2900 |
| 8 | | Los Angeles, California 90071<br>Telephone: (213) 694-1200 |
| 9 | | Facsimile: (213) 694-1234 |
| 10 | | |
| 11 | | David Sochia (TX SBN 00797470)<br> *(Pro Hac Vice)* |
| 12 | | dsochia@McKoolSmith.com |
| 13 | | Ashley N. Moore (TX SBN 24074748)<br> *(Pro Hac Vice)* |
| 14 | | amoore@McKoolSmith.com |
| 15 | | Alexandra F. Easley (TX SBN 24099022)<br> *(Pro Hac Vice)* |
| 16 | | aeasley@McKoolSmith.com |
| 17 | | MCKOOL SMITH, P.C.<br>300 Crescent Court, Suite 1500 |
| 18 | | Dallas, Texas 75201 |
| 19 | | Telephone (214) 978-4000<br>Facsimile: (214) 978-4044 |
| 20 | | |
| 21 | | James E. Quigley (TX SBN 24075810)<br> *(Pro Hac Vice)* |
| 22 | | jquigley@McKoolSmith.com<br>MCKOOL SMITH, P.C. |
| 23 | | 303 Colorado Street, Suite 2100 |
| 24 | | Austin, Texas 78701<br>Telephone: (512) 692-8700 |
| 25 | | Facsimile: (512) 692-8744 |
| 26 | | ATTORNEYS FOR PLAINTIFF |
| 27 | | PALO ALTO RESEARCH CENTER INC. |
| 28 | | |

# CERTIFICATE/PROOF OF SERVICE

I certify that a true and correct copy of the above and foregoing PALO ALTO RESEARCH CENTER INC.'S RULE 26(A)(1) INITIAL DISCLOSURES has been served on all counsel of record via electronic mail on May 14, 2021.

BY: /s/ *David Sochia*
David Sochia