# EXHIBIT D

YAR R. CHAIKOVSKY (SB# 175421)
yarchaikovsky@paulhastings.com
PHILIP OU (SB# 259896)
philipou@paulhastings.com
DAVID OKANO (SB# 278485)
davidokano@paulhastings.com
BRUCE YEN (SB# 277920)
bruceyen@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
Telephone: 1(650) 320-1800
Facsimile: 1(650) 320-1900

STEVEN A. MARENBERG (SB# 101033)
stevenmarenberg@paulhastings.com
PAUL HASTINGS LLP
1999 Avenue of the Stars, Suite 2700
Century City, California 90067
Telephone: 1(310) 620-5710
Facsimile: 1(310) 620-5270

Attorneys for Defendant
SNAP INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PALO ALTO RESEARCH CENTER INC., <br><br>Plaintiff, <br><br>vs. <br><br>SNAP INC., <br><br>Defendant. | CASE NO. 2:20-cv-10755-AB-MRW <br><br>**SNAP INC.'S INITIAL DISCLOSURES PURSUANT TO FRCP 26(A)(1)** |

Defendant Snap Inc. ("Snap") hereby submits these Initial Disclosures based upon current knowledge and information that is reasonably known and available to Snap. Snap reserves all rights, consistent with Rule 26(e), to modify or amend these disclosures, and/or to supplement these disclosures by providing discovery, as additional evidence and information becomes available. Snap provides these disclosures without waiving in any manner the right to object on any basis permitted by law to any discovery request or proceeding involving or related to the subject matter of these disclosures. These disclosures are not intended to, and do not, constitute admissions as to relevance or admissibility of the information disclosed, and are made without any waiver of attorney-client privilege, work-product protection, or any other applicable protection or immunity.

**(i)  the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment**

Snap's investigation is ongoing, and Snap reserves the right to identify additional individuals at a later date. In making these disclosures, Snap does not waive its right to object, pursuant to the applicable Local and Federal Rules, to the deposition testimony of any of the individuals listed below. After conducting such inquiry and investigation as is reasonable under the circumstances, Snap believes that the following individuals are likely to have discoverable information relevant to material, disputed facts. All current and former employees of Snap should be contacted only through Snap's counsel at Paul Hastings LLP.

| Name | Title and Known Contact Information | Subject(s) |
|---|---|---|
| Kristen Sternweis | Senior Manager, Accounting. May be contacted through Snap's counsel at Paul Hastings LLP. | Knowledgeable about the sales and finances of the accused products. Is also knowledgeable about Snap's policies relating to intellectual property, including patent licensing. |
| Michael Roberts | Named Inventor of at least one of the patents-in-suit. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |
| Shane P. Ahern | Named Inventor of at least one of the patents-in-suit. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |
| Oliver Brdiczka | Named Inventor of at least one of the patents-in-suit. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |

| Name | Title and Known Contact Information | Subject(s) |
|---|---|---|
| Victoria Bellotti | Named Inventor of at least one of the patents-in-suit. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |
| Nicolas Ducheneaut | Named as an inventor in an application of at least one of the patents-in-suit. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |
| Glenn Durfee | Named as an inventor in an application of at least one of the patents-in-suit. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |

| Name | Title and Known Contact Information | Subject(s) |
|---|---|---|
| Philippe Golle | Named as an inventor in an application of at least one of the patents-in-suit. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |
| Qingfeng Huang | Named as an inventor in an application of at least one of the patents-in-suit. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |
| Marc Mosko | Named as an inventor in an application of at least one of the patents-in-suit. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |

| Name | Title and Known Contact Information | Subject(s) |
|---|---|---|
| Kurt Partridge | Named as an inventor in an application of at least one of the patents-in-suit. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |
| Nicholas Yee | Named as an inventor in an application of at least one of the patents-in-suit. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |
| Rebecca Brynard Silberstein | Named as an inventor in an application of at least one of the patents-in-suit. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |

| Name | Title and Known Contact Information | Subject(s) |
|---|---|---|
| Shun Yao | Prosecution counsel for U.S. Patent Nos. 8,489,599 and 9,208,439. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |
| A. Richard Park | Prosecution counsel for U.S. Patent Nos. 8,489,599 and 9,208,439. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |
| Jorge Campos | Prosecution patent agent for U.S. Patent Nos. 8,489,599 and 9,208,439. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |

| Name | Title and Known Contact Information | Subject(s) |
|---|---|---|
| Edward J. Grundler | Prosecution patent agent for U.S. Patent No. 8,489,599. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |
| Howard H. Louie | Prosecution counsel for U.S. Patent No. 9,208,439. | May have information regarding the alleged invention(s) claimed in the patents-in-suit, including but not limited to invalidity, unenforceability, prior art, licensing, conception and reduction to practice, effective filing date, prosecution of the patent, research, development, manufacture and testing of embodiments of the alleged invention(s). |
| Palo Alto Research Center | Plaintiff | May have information regarding value, assignment, enforcement and licensing-related activities of the patents-in-suit |
| Xerox Corporation | Plaintiff's Parent Corporation | May have information regarding value, assignment, enforcement and licensing-related activities of the patents-in-suit |

In addition, Snap incorporates by reference all Initial Disclosures pursuant to Fed. R. Civ. P. 26(e), including all supplemental or amended disclosures, served by any of the parties in this case, or any related cases where one or more of the patents-in-suit is at issue. Snap also incorporates by reference all persons, including third parties, deposed in this case, or a related case, by Plaintiff or any Defendant, including in *Palo Alto Research Center Inc. v. Facebook, Inc.*, Case

No. 2:20-cv-10753-AB-MRW (C.D. Cal.) and *Palo Alto Research Center Inc. v. Twitter, Inc.*, Case No. 2:20-cv-10754-AB-MRW (C.D. Cal.).

**(ii)  a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

The following are categories of documents and things that Snap has in its possession, custody, or control that it may use to support its claims and defenses, unless such use would be solely for impeachment. Snap may amend or supplement the disclosures below based upon its continuing investigations and discovery.

1. Documents relating to the identity, structure, function, operation, design, and/or development of accused features of the accused products, including documents on the Snap blog (accessible at www.snap.com/en-US/news), documents stored on Snap's Quip-based collaboration software, and the Snapchat source code.

2. Documents relating to the patents-in-suit, which may include:
   (a) applications related to the patents-in-suit (including any continuations, continuations-in-part, divisional applications, or related foreign counterparts) and the prosecution histories for the patents-in-suit;
   (b) documents related to the conception and reduction to practice of the subject matter disclosed and claimed in the patents-in-suit;
   (c) commercial embodiments of the alleged invention(s) claimed in the patents-in-suit; and
   (d) prior use of the inventions covered by the patents-in-suit;

3. Documents relating to prior art to the patents-in-suit, including (but not limited to) the prior art cited during the prosecution of the patents-in-suit;

4. Documents relating to the chain of title and encumbrances or prior licenses to the patents- in-suit; and

5. Documents relating to Snap's finances, such as the filings it has submitted to the Securities and Exchange Commission.

Documents may be located in Snap's offices and the offices of Paul Hastings LLP. Other documents relevant to the action may be found in the possession of third-parties.

**(iii) a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and**

Snap may ultimately be entitled to its attorney's fees and costs, but a computation of fees and costs would be premature at this time.

**(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Snap does not have any responsive information at this time.

| | | |
|---|---|---|
| 1 | DATED: May 14, 2021 | PAUL HASTINGS LLP |

By: */s/ Yar R. Chaikovsky*
Yar R. Chaikovsky (SB# 175421)
yarchaikovsky@paulhastings.com
Philip Ou (SB# 259896)
philipou@paulhastings.com
David Okano (SB#278485)
davidokano@paulhastings.com
Bruce Yen (SB# 277920)
bruceyen@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:  1(650) 320-1800
Facsimile:  1(650) 320-1900

Steven A. Marenberg (SB# 101033)
PAUL HASTINGS LLP
1999 Avenue of the Stars, Twenty-Seventh Floor
Century City, CA 90067
Telephone: 1(310) 620-5710
Facsimile: 1(310) 620-5810

*Attorneys for Defendant*
SNAP INC.

## **CERTIFICATE OF SERVICE**

This is to certify that I served, via email, a true and correct copy of the following document(s):

**SNAP INC.'S INITIAL DISCLOSURES PURSUANT TO FRCP 26(a)(1)**

on counsel of record for Snap, Inc., in accordance with the Federal Rules of Civil Procedure, on May 14, 2021.

                                             */s/    Nikole Faasisila*
                                             Nikole Faasisila