# EXHIBIT E

# McKool Smith

Eleanor H. Callaway
Direct Dial: (214)978-4915
ecallaway@mckoolsmith.com

300 Crescent Court
Suite 1500
Dallas, TX 75201

Telephone: (214) 978-4000
Facsimile: (214) 978-4044

June 10, 2021

**VIA EMAIL**

Yar Chaikovsky
Paul Hastings LLP
1117 S. California Avenue
Palo Alto, CA 94304
yarchaikovsky@paulhastings.com

      RE:    *Palo Alto Research Center Inc. v. Snap Inc.*, No.2:20-cv-10755-AB-MRWx (C.D. Cal.) – Defendant Snap's Insufficient Discovery Responses

Dear Counsel:

      On April 30, 2021, Plaintiff PARC served requests for production and interrogatories on Snap. We write in response to Snap's (i) June 1, 2021 Objections and Responses to PARC's First Set of Interrogatories, (ii) June 1, 2021 Objections and Responses to PARC's First Set of Requests for Production, and (iii) May 14, 2021 Initial Disclosures.

      As discussed below in more detail, Snap's recently-served discovery responses contain numerous deficiencies. For example, our review of Snap's interrogatory responses indicate that Snap responded substantively to only four interrogatories out of the 19 that were served by PARC. The remainder of your responses and objections (mostly boilerplate, including 4 pages of "General Responses and Objections" incorporated into all of your responses), state that you "will search [your] records and produce any responsive . . . documents," request a meet and confer, or include a refusal to respond at this time.

      Your failure to substantively respond to 15 out of 19 of PARC's interrogatories is egregious. One of the most obvious examples is Snap's Response to Interrogatory No. 3. PARC requested that Snap identify "all of Your instrumentalities (e.g., Your Accused Products, Your Accused Features, website-related code, applications, firmware, software, servers, features, and/or devices) that implement (1) targeted advertising; (2) notifications; (3) personalized search results; and/or (4) one or more Accused Features." Snap failed to provide any substantive information in its response, instead stating its repetitive objections and offering to meet and confer. The information responsive to this request is critical to this case, and Snap's refusal to substantively respond is improper and impedes efficient progression of this case.

1

Such woefully deficient discovery responses establish that Snap has failed to comply with its discovery obligations under the Federal Rules. *See* FED R. CIV. P. 33 and 34. Please confirm that Snap will supplement its Responses to PARC's First Set of Interrogatories and First Set of Requests for Production by Thursday, June 17. Please also let us know Snap's availability on June 14-15, 2021 for a meet and confer, and be prepared to discuss each of the items discussed below.

**Snap's Responses to PARC's First Set of Interrogatories**

Reliance on FED R. CIV. P. 33(d)

Snap provides no substantive response to six interrogatories and instead relies on FED R. CIV. P. 33(d), but Snap fails to specifically identify the documents responsive to PARC's requests. *See* Snap's Responses to Interrogatory Nos. 1, 4, 6, 10-13 (sic).  Instead of specifically identifying documents as required by the Federal Rules, Snap vaguely asserts that it "will search its records and produce responsive. . . documents. . . under FED R. CIV. P. 33(d)." *See* Snap's Responses to Interrogatory Nos. 1, 4, 6, 10, 11, and 13. These responses are insufficient because they (i) fail to specifically identify the responsive documents by Bates number, and (ii) fail to indicate a specific date for Snap's production of the responsive documents. By June 17, please supplement Snap's discovery responses to these requests to include specific identification of responsive documents or, alternatively, to specifically identify a date certain for Snap's production of responsive documents.

Objection Based on PARC's Infringement Contentions

In response to 16 interrogatories, Snap refuses to respond substantively, instead claiming that PARC prematurely seeks discovery responses less than 30 days from it serving its infringement contentions. Snap provides no substantive response to several interrogatories because it claims PARC's May 11, 2021 Infringement Contentions "do not allow Defendant to ascertain the scope of accused infringement. . ." *See* Snap's Response to Interrogatory No. 6. On May 11, PARC served its infringement contentions, which total nearly 200 pages of charts detailing PARC's infringement allegations. Snap's conclusory statements that PARC's infringement contentions are vague and therefore Snap is unable to respond to the discovery requests are deficient. PARC detailed the unsupported basis for Snap's complaints in its June 7, 2021 letter. Please be prepared to discuss these requests on the parties' meet and confer and provide fulsome responses to each of these requests by June 17.

Objection on the Basis of "Multiple Sub-Parts"

Snap objects to a number of PARC's interrogatories as "compound and having multiple subparts." *See* Snap's Response to Interrogatory No. 5. Snap copies and pastes this same objection for each interrogatory response. However, interrogatory sub-parts are only counted as discrete subparts if "the subparts are subsumed within or necessarily related to the 'primary question'" and should be counted as one interrogatory rather than as multiple interrogatories. *Safeco of America v. Rawstron*, 181 F.R.D. 441, 444 (C.D. Cal. 1998). When an interrogatory containing subparts is eliciting details concerning a common theme, it should be considered a single question. *See Hahn v. Rothman*, 2010 WL 11526734, No. CV 09-249 ODW, at *1 (C.D. Cal. 6/11/2010), citing *Safeco*, 181 F.R.D. at 441. In *Hahn*, the requesting party requested a response to set forth "all facts upon

2

which the plaintiff based his or her response, and identify each person who has knowledge of such facts." *Id.* The Court found that grouping similar requests was appropriate and counted as only one interrogatory when grouped. *Id.*

Snap's repeated objection to PARC's interrogatories on the basis of "multiple subparts" is improper. Each of PARC's requests elicit details concerning a common theme and thus constitute one discovery request. As such, please supplement Snap's discovery responses to these requests by June 17.

Objection on the Basis of the Requested Being "Premature"

Snap objects to 16 interrogatories on the basis that the interrogatories "prematurely seek a response to discovery requests less than 30 days from the request[.]" *See* Snap's Response to Interrogatory No. 1; *see also* Snap's Responses to Interrogatory Nos. 2-13, 16, 17, and 19 (similar). Snap is required to "respond fully and completely to all discovery requests to the best of [its] knowledge, based on the information [it] ha[s] to date." *Sony Corp. v. Vizio, Inc.*, No. SACV 08-1135-RGK (FMOx), 2009 WL 10675358, at *2 (C.D. Cal. Oct. 23, 2009). To the extent you continue to contend that such requests are premature, please be prepared to explain your position on next week's meet and confer. We note that 30 days from May 11, 2021 has now passed. Otherwise, please provide fulsome responses to each of these requests by June 17.

Meet and Confer

In response to several interrogatories, Snap provides no substantive response and instead merely responds by stating that it "is willing to meet and confer…to discuss the relevance and scope of this interrogatory." *See* Snap's Responses to Interrogatory Nos. 3, 5, 7, 14, 15, and 18. Snap's failure to provide any substantive response to these interrogatories is improper, and the full scope of these interrogatories is relevant to the issues in this case. Please let us know Snap's availability to meet and confer on these requests on June 14-15, 2021.

**Snap's Responses to PARC's Request for Production**

Rule 34 specifies that if Snap objects to a request, it must identify "whether any responsive materials are being withheld on the basis of that objection." *See* FED R. CIV. P. 34(b)(2)(C). Snap's list of boilerplate objections with no specific identification of whether any responsive materials are being withheld or on what basis such documents are being withheld fails to comply with Rule 34. Snap has produced nothing responsive to date, yet Snap does not state what, if any, responsive materials are being withheld or specify on an appropriate basis for withholding such materials.

Objection on the Basis of the Request Being "Premature"

Snap objects to 50 requests as "premature because claim construction proceedings have yet to begin[.]" *See* Snap's Response to First Set of RFP No. 5; *see also* Snap's Responses to RFP Nos. 1-13, 16-18, 20, 22-26, 32, 33, 37-39, 44, 46, 47, 49-58, 60, 62, 68-72, 79, 83, and 84. (similar). It objects to 15 requests as "prematurely seeking documents relating to contentions." *See* Snap's Response to First Set of RFP No. 32; *see also* Snap's Responses to RFP Nos. 28, 31-33, 38, 39, 53, 58-60, 63, 76-78, and 82. (similar). Each of these requests are proper and should be

3

responded to in full at this time. For example, RFP No. 51 asks for documents related to monetizing the Accused Features, and Snap's response to this request is that it is premature. However, PARC is entitled to the production of documents responsive to this request within 30 days of serving its discovery. Snap makes similar objections to other RFPs (and Interrogatories). Snap's reliance on its premature objection in response to nearly every discovery request is improper and unfounded. As such, please produce all documents responsive to these requests that are located after a reasonably diligent search by June 17.

Expert Discovery Objections

Snap objects to 18 requests for "seek[ing] expert discovery." *See* Snap's Response to First Set of RFP No. 32 (seeking documents related to prior art); *see also* Snap's Responses to RFP Nos. 28, 31, 32, 36, 38, 58-60, 64, 66, 67, 75-78, 80, 82, and 83 (similar). Snap's refusal to produce any documents in response to these requests is improper. Snap's efforts—or lack thereof—to produce non-expert-related material responsive to these requests is woefully deficient. For RFP No. 31, PARC requests all documents that discuss the impact the Patents-in-Suit could have upon Snap. Snap responds to this request stating that the request seeks expert discovery, which is unfounded. PARC is entitled to responsive documents to this request within 30 days of serving its discovery. Please produce all documents responsive to these requests by June 17.

Target Date for Production

In response to 13 requests, Snap indicates that it "will search its records and produce. . . responsive. . . documents[.]" *See* Snap's Responses to First Set of RFP Nos. 32, 33, 36, 38, 41, 54, 58-60, and 76-78. Snap has not produced any documents to date and has failed to identify a date certain for the production of documents responsive to these requests. By June 17, please produce the documents responsive to these requests or inform PARC of a date certain for production of the documents responsive to these requests.

Offer to Meet and Confer

In response to 72 RFPs, Snap provides no indication that it will produce responsive documents and instead merely indicates its willingness to "meet and confer and to consider an appropriately narrowed, particularized Request." *See* Snap's Response to First Set of RFP No. 63; *see also* Snap's Responses to RFP Nos. 1-31, 34-37, 39, 40, 42-53, 55-57, 61, 63-75, and 79-84. (similar). The full scope of each of these requests is appropriate and thus no narrowing is necessary. However, PARC agrees to meet and confer with Snap to discuss this issue further. So that a meet and confer can be as productive as possible, by Monday, June 14, please specify in detail what issue or question you have regarding the scope of each of these requests. PARC is willing to meet and confer, so please also suggest a convenient time on June 14-15, 2021.

RFP No. 30.

In response to RFP No. 30, Snap states that it "will not produce documents responsive to this request, which appears to be directed to only privileged materials[.]" *See* Snap's Responses to First Set of RFP No. 30. This request asks for "[a]ll documents used or otherwise relied upon . . . by in-house or outside counsel in forming opinions Concerning the Patents-in-Suit." To the extent

Snap is relying or will rely on an opinion of counsel in this case, this request is not directed at privileged materials. By June 17, please confirm that Snap will not rely on an opinion of counsel or produce the requested documents.

**Initial Disclosures**

Identification of Relevant Employees

Snap failed to identify relevant employees in its initial disclosures. By June 17, please supplement Snap's initial disclosures to identify all employees with relevant knowledge to the issues in this case, including any employees with technical knowledge of the accused functionality and systems.

Regards,

*/s/ Eleanor H. Callaway*

Eleanor H. Callaway