UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-10755-AB-MRW | Date: | July 1, 2021 |
|---|---|---|---|

| Title: | *Palo Alto Research Center, Inc. v. Snap Inc.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE PENDING INTER PARTES REVIEW (DKT. NO. 45)**

### I. Introduction

Before the Court is Defendant Snap Inc.'s ("Snap" or "Defendant") motion to stay this action pending inter partes review of U.S. Patent Nos. 8,489,599 (the "'599 Patent") and 9,208,439 (the "'439 Patent"). ("Motion," Dkt. No. 45). Plaintiff Palo Alto Research Center Inc. ("PARC" or "Plaintiff") filed an opposition ("Opp'n," Dkt. No. 46). Defendant filed a reply. ("Reply," Dkt. No. 48.)

The Court finds this matter appropriate for resolution without oral argument and accordingly **VACATES** the hearing set for July 2, 2021. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, Defendant's motion is **GRANTED.**

///
///

## II. Procedural Background

Plaintiff filed the present suit against Defendant on November 25, 2020 (Dkt. No. 1.), alleging that Defendant infringes at least claims 1, 12, and 19 of the '599 Patent, which issued on July 16, 2013, at least claims 1, 7, and 13 of the '439 Patent, which issued on December 8, 2015, and at least claims 1, 12, and 23 of U.S. Patent No. 8,966,362 (the "'362 Patent"). (*Id.* ¶¶ 44, 69, 95.) On March 16, 2021, the Court dismissed Plaintiff's claim of infringement for the '362 Patent, holding that the claims of the '362 Patent were patent ineligible under 35 U.S.C. § 101. (Dkt. No. 36 at 25-30.) Accordingly, only the '439 Patent and the '599 Patent remain.

On May 19, 2021, the Court issued a scheduling order, setting the following dates relevant here: a claim construction hearing date of September 24, 2021, a discovery cut-off date of December 31, 2021, a Rule 56 and Daubert motions cut-off date of January 7, 2022, a final pretrial conference date of May 13, 2021, and a jury trial date of May 31, 2022. (Dkt. No. 44.) Most recently, on June 17, 2021, the parties filed a joint stipulation for discovery relating to modification of case schedule that affects only disclosures exchanged between the parties. (Dkt. No. 47.) On June 24, 2021, the Court granted this stipulation. (Dkt. No. 49.)

On May 21, 2021, Snap filed a petition for inter partes review ("IPR") challenging all of the claims (claims 1-20) of the '439 Patent. (Dkt. No. 45 at 1.) On May 21, 2021, Snap also filed a petition for IPR challenging all of the claims (claims 1-25) of the '599 Patent. (*Id.*) Both petitions are currently pending before the Patent Trial and Appeal Board ("PTAB"). On June 3, 2021, Defendant filed the present motion.

## III. Legal Standards

"A district court has the inherent power to stay its proceedings. The power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

In deciding whether to grant a stay pending inter partes review proceedings, courts in this District have considered three factors that were originally used to consider requests for stays pending U.S. Patent and Trademark Office reexamination proceedings: "(1) whether discovery is complete and whether a trial date has been

set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013). While these factors are important, ultimately "the totality of the circumstances governs." *Allergan Inc. v. Cayman Chem. Co.*, No. 8:07-cv-01316 JVS (RNBx), 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009).

## IV. Discussion

Based on the merits of the motion, upon balancing the relevant factors and considering the totality of the circumstances in this case, the Court concludes that a stay is warranted.

### a. Stage of the Proceedings

The first factor weighs in favor of a stay. Applying this factor, "[c]ourts are significantly more likely to grant motions to stay while litigation is in its early stages." *See Biomet Biologics, LLC v. Bio Rich Med., Inc.*, No. 2:10-cv-1582-DOC (PJWx), 2011 WL 4448972, at *2 (C.D. Cal. Sept. 26, 2011). With regard to discovery, the relevant question is "whether discovery is nearing completion" as opposed to what has already occurred. *See Sorensen v. Black & Decker Corp.*, No. 06-cv-1572 BTM (CAB), 2007 WL 2696590, at *4 (S.D. Cal. Sept. 10, 2007). Thus, "if a significant amount of discovery remains, a stay is more appropriate." *See Blast Motion, Inc. v. Zepp Labs, Inc.*, No. 15-cv-700-JLS (NLS), 2016 WL 5107678, at *2 (S.D. Cal. Mar. 29, 2016).

Defendant argues that a stay should be granted for three reasons. *First*, the case is in its early stages of litigation because discovery has just begun, and depositions have not been scheduled. (Dkt. No. 45 at 4.) *Second*, the vast majority of the work in this case, such as fact discovery, claim construction, expert discovery, pre-trial, and trial, still lies ahead for the parties and the Court. (*Id.* at 5.) *Third*, a claim construction hearing and order is not expected until October 8, 2021. (*Id.* at 6.)

Plaintiff argues that the motion should not be granted for three reasons. *First*, the Court will have to expend significant resources on additional rounds of claim construction, dispositive motions, Daubert motions, pretrial, and trial because the final written decision on IPR would be months after Facebook's and Twitter's trial(s) on the merits of the same patents. (Dkt. No. 46 at 4.) *Second*, the situation at hand is

similar to *Nike, Inc. v. Skechers U.S.A., Inc.*, No. 2:19-cv-9230-MWF-JDEx, 2020 WL 8512299 (C.D. Cal. Dec. 30, 2020) and favors a denial because "by the time PTAB decides whether to institute IPR proceedings, the parties will have completed several exchanges and completed a claim construction hearing." (*Id.* at 4-5.) *Third*, Defendant's justification that discovery has just begun is not warranted because Defendant has refused to comply with its discovery obligations by responding with a laundry list of objections and its failure to identify any employees knowledgeable about the situation at hand. (*Id.* at 5.)

Defendant replies that it filed its IPRs within six months of service of the complaint, which is within the statutory time limit. (Dkt. No. 48 at 7.) Moreover, Defendant argues that this case is in its early stages because it was served just over six months ago. (*Id.*) Further, according to Defendant, the situation here is different than *Nike*, *Inc. v. Skechers U.S.A., Inc.*, because "the parties were currently engaged in claim construction and the defendant waited almost a year after it was served with the Complaint to file its IPR petitions." (*Id.* at 8.) By contrast, the claim construction hearing in this case is more than three months away. (*Id.* at 22.)

The Court finds that this factor favors a stay because the case is still in its early stages. In other words, it is clear that "there is more work ahead of the parties and the Court than behind." *Realtime Data LLC v. Teradata Operations, Inc.*, No. 2:16-cv-02743 AG (FFMx), 2017 WL 3453295, at *2 (C.D. Cal. Feb. 27, 2017). This case had only been pending for six months when Defendant moved for a stay, and one month of that was spent resolving Defendant's motion to dismiss to determine if there were any claims remaining in the case. (*See* Dkt. No. 36.) Defendant moved for a stay less than three months after the Court ruled on its motion to dismiss and two weeks after the Court issued the operative scheduling order in this case. Thus, any discovery exchanged in this case at this stage is minimal, which also favors a stay. Further, claim construction is still months away.

Accordingly, the Court finds that this factor weighs in favor of granting a stay.

### b. **Simplification of the Issues**

The second factor also weighs in favor of a stay. Applying this factor, "waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the [PTAB] and clarifying the scope of the claims." *See Semiconductor Energy Laboratory Co., Ltd. v. Chimei Innolux Corp.*, No. 8:12-cv-00021-JST (JPRx), 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012) (internal

quotation marks omitted) (alterations omitted). "This is particularly true where, as here, a party has requested re-examination of each of the patents-in-suit[.]" *Id*. Accordingly, if Defendant has filed inter partes review petitions with respect to each of the patents at issue in this case, a decision by the PTAB instituting inter partes review and re-examining the validity of both patents will certainly simplify the issues for trial. "On the other hand, if the [PTAB] rejects the inter partes requests, the stay will be relatively short." *Id*. at *3 (alteration added).

Defendant argues that this factor weighs in favor of a stay because the petitions have the potential to fully resolve or otherwise significantly simplify all of Plaintiff's infringement claims. (Dkt. No. 45 at 6.) Specifically, Defendant argues that upon institution, the likelihood of invalidation of one or more claims in the collective IPR proceedings is nearly 97%, and an 89% chance that all challenged claims of at least one of the patents are invalidated. (*Id*.) As Defendant also argues, even if an IPR is not instituted, the stay will be relatively short, and the action can continue with minimal delay. (*Id*.)

Citing this court's decision in *Reversible Connections LLC v. GBT Inc.*, Plaintiff argues that this factor weighs in favor of a denial because defendants Twitter, Inc. and Facebook, Inc. in the related cases could try to re-raise invalidity arguments that Defendant here would be estopped from raising due to the IPR proceedings, which would complicate the issues at hand rather than simplify them. (Dkt. No. 46 at 6 (citing No. 2:17-cv-05383-JVS (JCGx), 2018 WL 5099712, at *3 (C.D. Cal. Mar. 23, 2018).) Additionally, Plaintiff asserts that Defendant's arguments are based on incorrect speculation on its IPR petitions' likely success rate because only 23% of all filed petitions lead to the invalidation of one or more challenged claims. (*Id.* at 7.)

Defendant replies that its IPR petitions challenge all remaining asserted claims against it *in this case*, which will simplify issues in *this case*. (Dkt. No. 48 at 1 (emphasis added).) According to Defendant, several cases across multiple districts favor Defendant's approach. (*Id.* at 2 (collecting cases).) Further, Defendant argues that "PARC's speculation about what Facebook and Twitter might do ignores that the Patent Office's claim construction and 'assessment of the pertinent prior art will likely be instructive in the district court litigation.'" (*Id.* at 3 (quoting *British Telecommc'ns PLC v. IAC/InterActiveCorp*, No. 18-cv-366-WCB, 2019 WL 4740156, at *7 (D. Del. Sept. 27, 2019)).)

The Court finds that this factor weighs in favor of a stay because Defendant has challenged all the claims in both the '599 Patent and the '439 Patent. Thus, at

least some of the issues in this case will be simplified should the PTAB grant either of Defendant's petitions. Even if the PTAB denies both petitions, those orders may guide the Court for the purposes of claim construction. Further, Plaintiff's arguments about the potential repetition of issues in the parallel proceedings are irrelevant to whether the IPR would simply the issues in this case. Unlike in *Reversible Connections*, Facebook, Inc. and Twitter, Inc. are not parties in this case

Accordingly, the Court finds that this factor weighs in favor of granting a stay.

### c. **Potential Undue Prejudice**

When considering prejudice or a clear tactical disadvantage to Plaintiff, the Court considers factors "such as the timing of the requests for reexamination and a stay, the status of the reexamination proceedings, and the relationship of the parties." *See SCA Hygiene Prods. Aktiebolag ("AB") v. Tarzana Enterprises, LLC*, No. 2:17-cv-04395-AB (JPRx), 2017 WL 5952166, at *5 (C.D. Cal. Sept. 27, 2017). "Courts have repeatedly found no undue prejudice unless the patentee makes a *specific* showing of prejudice beyond the delay necessarily inherent in any stay." *PersonalWeb Techs., LLC v. Apple, Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014) (emphasis added).

Defendant argues that this factor weighs in its favor because it filed its IPR petition six months ahead of its statutory deadline, just over three weeks after Plaintiff served its initial infringement contentions on May 11, 2021, and two weeks after filing its IPRs petitions. (Dkt. No. 45 at 7-8.) Defendant also asserts that the parties are not direct competitors, and Plaintiff's complaint reflects that the parties do not even operate in the same fields of technology. (*Id.* (citing Dkt. No. 1 at §§ 6-7).) Additionally, according to Defendant, the existence and status of unrelated litigation with overlapping issues is irrelevant to whether a stay in this case is appropriate. (*Id.* at 9.)

Plaintiff argues that the motion should not be granted because Defendant's motion gives the defendants across the three related cases two bites at the apple for a variety of case dispositive issues. (*See* Dkt. No. 46 at 8 (citing *Smartflash LLC v. Apple Inc.,* 621 F. App'x 995, 1003 (Fed. Cir. 2015); *Segin Sys. v. Stewart Title Guar. Co.,* 30 F.Supp.3d 476, 484 (E.D. Va. 2014)).) Plaintiff also argues that Defendant receives an unfair tactical advantage through its self-imposed discovery stay because although Defendant served its responses to Plaintiff's discovery requests on June 1 (Exs. A-B), Defendant has not provided substantive, good-faith

6

interrogatory responses or produced anything other than what appear to be publicly available documents. (*Id.* at 8.)

Defendant replies that its stay will not give each defendant another bite at the apple because Defendant will not have access to "many documents, deposition testimony, financial information, and source code underlying key disputes on summary judgment" and Plaintiff's claims of prejudice are "sweeping generalities, not grounded in the actual circumstances of this case[.]" (Dkt. No. 48 at 10.) Defendant also highlights that Plaintiff sought and obtained consolidation of the cases before a single judge so now it should not be allowed to complain that the same tactical benefits it sought will result in an unfair disadvantage. (*Id.* at 10-11.)

The Court finds that the third factor, potential undue prejudice, weighs slightly in favor of Plaintiff at best. *First*, Defendant filed its its IPR petitions six months ahead of its statutory deadline, ten days after Plaintiff filed its infringement contentions, and soon after the Court resolved its motion to dismiss. *Second*, the parties are not direct competitors. *Third*, Defendant launched its platform in 2011 and Plaintiff did not file the present suit until years after the two remaining patents issued. Although Plaintiff's delay in bringing suit is not dispositive of this factor, the Court finds that the delay lends credence to the argument that Plaintiff would not be prejudiced by a further delay. *See SCA Hygiene*, 2017 WL 5952166, at \*5 ("Seeing as how [Plaintiff] delayed in bringing this action in the first place, its arguments of prejudice are unpersuasive").

The Court also finds that Plaintiff's argument that it would be unduly prejudiced by giving the defendants across the three related cases two bites at the apple only slightly weighs in favor of denying a stay. As Defendant emphasizes, it will have limited access to the information obtained and used in the other trial. Further, it was Plaintiff who decided to consolidate the three cases, and the cases involve different sets of patents.

Accordingly, the Court finds that this factor at most weighs slightly in favor of denying a stay.

### d. **Totality of the Circumstances**

Weighing the totality of the circumstances, the Court concludes that a stay is warranted in this case because the case is in its early stages, all of the asserted claims are being challenged at the IPR proceedings, and any potential prejudice to Plaintiff is outweighed by the other two factors.

## V. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion and **VACATES** all currently scheduled dates. The parties are instructed to file a joint report every 30 days or 10 days after the PTAB's decision whether to institute either of Defendant's IPR petitions, whichever is sooner.